**GREENBERG TRAURIG, LLP**
MARK E. FERRARIO
Nevada Bar No. 1625
JASON K. HICKS
Nevada Bar No. 13149
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone: 702-792-3773
Facsimile: 702-792-9002
Email: ferrariom@gtlaw.com
        hicksja@gtlaw.com

VINCENT H. CHIEFFO
*Admitted Pro Hac Vice*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310-586-7700
Facsimile: 310-586-7800
Email: chieffov@gtlaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL J. FLYNN, and PHILIP STILLMAN,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL E. LOVE, an individual; JACQUELYNE LOVE, an individual; MICHAEL E. LOVE as TRUSTEE OF THE MICHAEL LOVE FAMILY TRUST; MELECO, INC., a Nevada corporation; and DOES 1-10<br><br>Defendants. | Case No.: 3:19-cv-239-MMD-CLB<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Plaintiffs Michael J. Flynn and Philip Stillman ("Plaintiffs"), appearing *pro se*, and Defendants Michael Love, individually and as trustee of the Michael Love Family Trust, Jacquelyne Love, and Meleco, Inc. (collectively, "Defendants") by and through their attorneys of record, the law firm Greenberg Traurig, LLP, collectively referred to as the "Parties" and each

Page 1 of 15

ACTIVE 52012068v1

individually as a "Party," agree that good cause exists to protect potentially confidential information that may be contained in documents, responses to written discovery, responses to subpoenas, and deposition testimony in this matter.

Because this action arises out of, and relates to, the alleged refusal to pay a share of money received by Defendants pursuant to Michael Love's alleged fee agreement and alleged amendments thereto with Plaintiffs, the Parties may request and/or exchange information that is confidential and proprietary regarding the Defendants' businesses and operations. To facilitate the production of financial records and other documents that may contain confidential information as described below, the Parties have agreed and stipulated to the entry of this Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") for the potential protection of business records, plans and strategies, financial records, trade secrets and other potentially proprietary information, confidential records, commercial information, and related information and communications regarding the same produced or otherwise disclosed by the Parties or third-parties in this action.

Whereas, the Parties desire to produce certain documents or other material that contain proprietary and/or confidential information and to subpoena from third-parties the same;

The Court, finding good cause for entry of a protective order, hereby finds and ORDERS that:

1. **Applicability of this Protective Order:** Subject to Section 2 below, this Protective Order does not, and will not, govern any trial proceedings in this action, but will otherwise be applicable to, and govern, the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production, responses to subpoenas (including the Parties' ability to designate materials sought from third-parties as Confidential), and all other discovery obtained pursuant to the applicable Federal Rules of Civil Procedure, the Local Rules of this Court, or other legal process by, from, or produced on behalf of a Party or witness in connection with this action (this information hereinafter shall be referred to as "Discovery Material")[1]. As used herein, "Producing Party" or "Disclosing Party" shall refer to the Parties and nonparties that give testimony or produce documents or other information in connection with this action. "Receiving Party" shall refer to the parties in this action that receive such

---

[1] This term shall include documents previously produced by the Parties, both formally and informally, if any.

Page **2** of **15**

ACTIVE 52012068v1

information. "Authorized Recipient" shall refer to any person or entity authorized by Section 11 of this Protective Order to obtain access to Confidential Information or the contents of such Discovery Material.

2. **No Waiver.** This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the Parties without unnecessarily involving the Court in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony, or other evidence at trial. Additionally, this Protective Order will not prejudice the right of any Party or nonparty to oppose production of any information on the ground of attorney-client privilege, work product doctrine, trade secret information, relevance, or any other privilege or protection provided under the law, specifically including the right of a Party to object to a third-party subpoena, move to quash, or move for a protective order.

3. **Designation of Information:** Any Producing Party may designate Discovery Material that is in its possession, custody, or control produced to a Receiving Party as "Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains nonpublic, confidential information as defined herein. Any Party may require that information produced by a third-party falling within this Protective Order be marked as Confidential.

4. **Exercise of Restraint and Care in Designating Material for Protection:** Each Producing Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

5. **Confidential Information:** For purposes of this Protective Order, "Confidential Information" means nonpublic information that constitutes, reflects, or discloses trade secrets, know-how, or other sensitive financial, proprietary, confidential business, marketing, regulatory, or strategic information (regarding business plans or strategies, technical data, and nonpublic designs), the disclosure of which the Producing Party believes in good faith might

Page **3** of **15**

1  reasonably result in economic, competitive, or business injury to the Producing Party (or its affiliates,
2  personnel, or clients) if known by the public and which is not publicly known and cannot be readily
3  ascertained from an inspection of publicly available sources, documents, material, or devices.
4  "Confidential Information" may also include sensitive personal information that is not otherwise
5  publicly available, including, but not limited to, home addresses; social security numbers;;
6  employment personnel files; medical information; home telephone records/numbers; employee
7  disciplinary records; wage statements or earnings statements of any kind; employee benefits data; tax
8  records; and other similar personal financial information.

9  **6.   Designating Confidential Information:** If any Party in this action determines in
10 good faith that any information, document, responses, or other thing produced in the course of
11 discovery in this action should be designated as Confidential Information (the "Designating Party"),
12 it shall advise any Party or third-party receiving such material of this fact, and all copies of such
13 document, things, or responses, or portions thereof deemed to be confidential shall be marked
14 Confidential (whether produced in hard copy or electronic form) at the expense of the Designating
15 Party and treated as such by all Parties. If Confidential Information is produced via an electronic form
16 on a computer readable medium (e.g., CD-ROM), other digital storage medium, or via electronic
17 transmission, the Producing Party or Designating Party shall affix in a prominent place on the storage
18 medium or container file on which the information is stored, and on any container(s) for such medium,
19 the legend "INCLUDES CONFIDENTIAL INFORMATION." Nothing in this section shall extend
20 confidentiality or the protections associated therewith to any information that does not otherwise
21 constitute "Confidential Information" as defined in Section 5 herein.

22 **7.   Redaction Allowed:** Any Producing Party may redact from the documents or things
23 it produces matter that the Producing Party claims is subject to the attorney-client privilege, the work
24 product doctrine, a legal prohibition against disclosure, or any other privilege from disclosure. Any
25 Producing Party also may redact information that is personal and private, such as social security
26 numbers, bank account numbers, tax identification numbers, and dates of birth, *inter alia* to the extent
27 permitted by Local Rule IC 6-1. A Producing Party may not withhold nonprivileged, responsive
28 information solely on the grounds that such information is contained in a document that includes

ACTIVE 52012068v1

privileged information. The Producing Party shall mark each redaction with a legend stating "REDACTED". Any redaction made pursuant to this Section 7 shall be identified on an appropriate log indicating the justification for the redaction. Where a document consists of more than one page, the page on which information has been redacted shall so be marked. The Producing Party shall preserve an unredacted version of such document.

**8. Use of Confidential Information.** Except as provided herein, Confidential Information designated or marked shall be maintained in confidence, used solely for the purposes of and related to this action, to the extent not otherwise prohibited by an order of the Court, shall be disclosed to no one except those persons identified herein in Section 11, and shall be handled in such manner until such designation is removed by the Designating Party or by order of the Court. Confidential Information produced by another Party shall not be used by any Receiving Party for any commercial, competitive, or personal purpose other than as arises out of or is related to this action, including post-judgment collection actions.

**9. Designation of Previously Disclosed Documents.** Once the Court enters this Protective Order, a Party shall have thirty (30) days to designate as Confidential any documents previously produced in this action, which it can do by stamping "CONFIDENTIAL" on the document, or informing the other Parties of the Bates-numbers of the documents so designated.

**10. Use of Confidential Information in Depositions.** Counsel for any Party shall have the right to disclose Confidential Information at depositions, provided that such disclosure is consistent with this Protective Order. Any counsel of record may request that all persons not entitled under Section 11 of this Protective Order to have access to Confidential Information leave the deposition room during the confidential portion of the deposition.

Additionally, at any deposition session, (1) upon inquiry with regard to the content of any discovery material(s) designated or marked as "CONFIDENTIAL"; (2) whenever counsel for a Party deems that the answer to a question may result in the disclosure or revelation of Confidential Information; and/or (3) whenever counsel for a Party deems that the answer to any question has resulted in the disclosure or revelation of Confidential Information, counsel to any Party may designate portions of a deposition transcript and/or video of any deposition (or any other testimony)

as containing Confidential Information in accordance with this Order by a statement on the record during the deposition or by notifying all other Parties in writing of receiving the transcript or video that it contains Confidential Information and designating the specific pages, lines, and/or counter numbers as containing Confidential Information. If a designation is made via a statement on the record during a deposition, counsel must follow up in writing and identify the specific pages, lines, and/or counter numbers containing the Confidential Information. If no confidentiality designations are made, the entire transcript shall be considered non-confidential.

All originals and copies of deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Any DVD or other digital storage medium containing Confidential deposition testimony shall be labeled in accordance with the provisions of Section 6.

**11. Persons Authorized to Receive Confidential Information.** Confidential Information produced pursuant to this Protective Order may be disclosed or made available only to the Court, its employees, other court personnel, any discovery referee, mediator or other official who may be appointed by the Court or agreed to between the Parties, and to the persons below:

(a) A Party, or officers, directors, employees, members, managers, and agents of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) Counsel for a Party (including in-house attorneys, outside attorneys associated with a law firm(s) of record, and paralegal, clerical, and secretarial staff employed by such counsel);

(c) Persons retained by a Party to provide litigation support services (photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.);

(d) Consultants or expert witnesses (together with their support staff) retained for the prosecution or defense of this litigation;

(e) Court reporter(s) and videographers(s) employed in this action;

ACTIVE 52012068v1

(f)   Any authors and/or recipients of the Confidential Information;

(g)   A witness at any deposition or other proceeding in this action, who shall be required to agree on the record to maintain the information as Confidential pursuant to this Order;

(h)   Any other person as to whom the Parties in writing agree or that the Court in these proceedings so designates; and.

(i)   Notwithstanding the foregoing, a Producing Party may show its own Confidential Information to any person, provided however, that any Confidential Information shown to any person not listed herein in paragraphs (a)-(i), shall lose its "Confidential" designation.

Plaintiffs have indicated that they may desire to disclose certain Confidential Information to beneficiaries and/or the trustee of the Laima Flynn Trust in the event the parties settle this matter. The parties agree to work with one another if and when that occurs to provide Confidential Information reasonably necessary to resolve this dispute to the necessary individual(s), but agree that no Confidential Information will be shared unless and until: (a) the parties reach an agreement as to who will receive said Confidential Information; (b) the parties reach agreement as to what Confidential Information will be shared; and (c) those individual(s) receiving Confidential Information execute Exhibit A, the Acknowledgement and Agreement to be Bound to this Protective Order. If the parties are unable to agree, they will submit the dispute to the Court for resolution.

Any person to whom Confidential Information is disclosed pursuant to this section shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential Information is disclosed pursuant to sub-parts (c), (d), and (h) of this Section shall also be required to execute a copy of the form Exhibit A. The persons shall agree in writing to be bound by the terms of this Protective Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the Party seeking to reveal the Confidential Information) in advance of being

Page 7 of 15

ACTIVE 52012068v1

shown the Confidential Information. No Party (or its counsel) shall discourage any persons from signing a copy of Exhibit A. If a person refuses to execute a copy of Exhibit A, the Party seeking to reveal the Confidential Information shall seek an order from the Court directing that the person be bound by this Protective Order. In the event of the filing of such a motion, Confidential Information may not be disclosed to such person until the Court resolves the issue. Proof of each written agreement provided for under this Section shall be maintained by each of the Parties while this action is pending and disclosed to the other Parties upon good cause shown and upon order of the Court.

**12.  Filing of Confidential Information with the Court.** Any Party seeking to file or disclose materials designated as Confidential Information with the Court in this Action must seek to file such Confidential Information under seal pursuant to the applicable federal rules and case law governing the same. The Designating Party will have the burden of providing the Court with any information necessary to support the designation as Confidential Information.

**13.  Notice to Nonparties.** Any Party issuing a subpoena to a nonparty shall enclose a copy of this Protective Order and advise the nonparty that it may designate any Discovery Material it produces pursuant to the terms of this Protective Order, should the nonparty producing party wish to do so. This Order shall be binding in favor of nonparty designating parties to the maximum extent permitted by law. Any nonparty invoking the Protective Order shall comply with, and be subject to, all applicable sections of the Protective Order.

**14.  Knowledge of Unauthorized Use or Possession.** If a Party receiving Confidential Information learns of any possession, knowledge, use or disclosure of any Confidential Information in violation of the terms of this Protective Order, the Receiving Party shall immediately notify in writing the Party that produced the Confidential Information at issue. The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use, or disclosure, the Receiving Party shall assist the Producing Party in remedying the disclosure (e.g., by retrieving the Confidential Information from an unauthorized recipient) and/or preventing its recurrence.

**15.  Copies, Summaries or Abstracts.** Any copies, summaries, abstracts or exact duplications of Confidential Information shall be marked "CONFIDENTIAL" and shall be

Page **8** of **15**

ACTIVE 52012068v1

considered Confidential Information subject to the terms and conditions of this Protective Order. Attorney-client communications and attorney work product regarding Confidential Information shall not be subject to this section (*i.e*, it need not be marked "CONFIDENTIAL"), regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information.

**16.    Information Not Confidential.** The restrictions set forth in this Protective Order shall not be construed to apply to any information or materials that:

(a)    Were lawfully in the Receiving Party's possession prior to such information being designated as Confidential Information in this action, and that the Receiving Party is not otherwise obligated to treat as confidential;

(b)    Were obtained without any benefit or use of Confidential Information from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

(c)    Were independently developed after the time of disclosure by persons who did not have access to the Producing Party's Confidential Information;

(d)    Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

(e)    Under law, have been declared to be in the public domain.

**17.    Challenges to Designations.** Any Party may object to the designation of Confidential Information ("Objecting Party") on the ground that such information does not constitute Confidential Information by serving written notice upon counsel for the Producing Party specifying the item(s) in question and the grounds for the objection. If a Party objects to the designation of any materials as Confidential Information, the Objecting Party shall arrange for a meet and confer to be held within ten (10) calendar days of service of a written objection to the designation to attempt to informally resolve the dispute. This time limit may be extended by mutual agreement of the Parties. If the Parties cannot resolve the matter, either Party may file a motion with the Court to resolve the dispute. Such motions must be filed within ten (10) calendar days of the meet and confer. This Protective Order will not affect the burden of proof on any such motion, or impose any burdens upon any Party that would not exist had the Protective Order not been entered. In the event of a dispute

ACTIVE 52012068v1

regarding whether information should be designated as "Confidential Information," the Producing Party shall have the burden of making a particularized showing of good cause for any information that it contends should be treated as "Confidential Information." Any contested information shall continue to be treated as confidential and subject to this Protective Order until such time as such motion has been ruled upon. If the Producing Party does not file a motion within ten (10) calendar days of the meet and confer, and the parties have not otherwise agreed, the designation(s) of the contested Discovery Material shall not apply.

18. **Use in Court.** If any Confidential Information is used in any pretrial Court proceeding in this action, it shall not necessarily lose its confidential status through such use, and the Party using such information shall comply with Local Rule IA 10-5 and with *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny.

19. **Reservation of Rights.** The Parties each reserve the right to seek or oppose additional or different protection for particular information, documents, materials, items or things. This Protective Order shall neither enlarge nor affect the proper scope of discovery in this Action. In addition, this Protective Order shall not limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have under common law or pursuant to any state, federal, local, or foreign statute or regulation, and/or ethical rule.

20. **Inadvertent Failure to Designate.** The inadvertent failure to designate information produced in discovery as Confidential Information shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential Information. Upon learning of any such inadvertent failure, the Producing Party shall promptly notify all Receiving Parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. Disclosure of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this section shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, all Parties shall treat such information as though properly designated and shall take any actions necessary to prevent any future unauthorized disclosure, use, or possession.

21. **No Waiver of Privilege:** Disclosure (including production) of information after the

Parties' entry of this Protective Order that a Party or nonparty later claims was inadvertent and should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in this action.

22. **Effect of Disclosure of Privileged Information:** The Receiving Party hereby agrees to promptly return, sequester, or destroy any Privileged Information disclosed or produced by Disclosing or Producing Party upon request by Disclosing or Producing Party within ten (10) calendar days, regardless of whether the Receiving Party disputes the designation of Privileged Information. The Receiving Party may sequester (rather than return or destroy) such Privileged Information only if it contends that the information itself is not privileged or otherwise protected and it challenges the privilege designation, in which case it may only sequester the information until the claim of privilege or other protection is resolved. If any Party disputes the privilege claim, that Objecting Party shall object in writing by notifying the Producing Party of the dispute and the basis therefore. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within ten (10) calendar days after service of the written objection. In the event that the Parties do not resolve their dispute, the Producing Party shall have the burden of establishing that a privilege applies and may bring a motion for a determination of whether a privilege applies within ten (10) calendar days of the meet and confer session. The Parties agree that any review of material by the judge shall be *in camera*.

Nothing herein shall relieve counsel from abiding by applicable ethical rules regarding inadvertent disclosure and discovery of inadvertently disclosed privileged or otherwise protected material. The failure of any Party to provide notice or instructions under this Section shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in this action.

23. **Return of Information.** Within thirty (30) calendar days after the final disposition of this Action (including any post-judgment collection of judgment), by settlement or otherwise, all Confidential Information produced by an opposing party or nonparty (including, without limitation,

ACTIVE 52012068v1

any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the Parties to whom the Confidential Information was produced, and each counsel shall, upon request, affirm by declaration delivered to all counsel for the Producing Party that all such Confidential Information (including, without limitation, any copies, extracts or summaries thereof) has been destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential Information, but only to the extent necessary to preserve a litigation file with respect to this Action.

24. **Attorney's Fees.** Nothing in this Protective Order is intended to either expand or limit a prevailing party's right under the Federal Rules of Civil Procedure or other applicable state or federal law or rule to pursue costs and attorney's fees incurred.

25. **Injunctive Relief and Sanctions Available for Unauthorized Disclosure or Use of Confidential Information.** The Parties and/or nonparties shall not utilize any Confidential Information for their own personal and/or business advantage or gain, aside from purpose(s) solely related to the instant litigation. The Parties and nonparties acknowledge and agree that unauthorized use and/or disclosure of Confidential Information unrelated to this litigation may subject the offending Party or nonparty to sanctions in appropriate circumstances. Further, the Parties and/or nonparties receiving or being given access to Confidential Information acknowledge that monetary remedies would be inadequate to protect each Party in the case of unauthorized disclosure or use of Confidential Information that the Receiving Party only received through discovery in this action and that injunctive relief would be necessary and appropriate to protect each Party's rights in the event there is any such unauthorized disclosure or use of Confidential Information. The availability of injunctive relief to protect against the unauthorized disclosure or use of Confidential Information shall not be exclusive.

26. **Other Actions and Proceedings.** If a Receiving Party (a) is subpoenaed in another action, investigation, or proceeding, (b) is served with a demand in another action, investigation, or proceeding, or (c) is served with any legal process by one not a party to this Protective Order, seeking

ACTIVE 52012068v1

1  materials which were produced or designated as Confidential Information pursuant to this Protective
2  Order, the Receiving Party shall give prompt, actual, written notice by electronic transmission to
3  counsel of record for such Producing Party of receipt of such subpoena, demand or legal process to
4  provide other Parties with the opportunity to object to the immediate production of the requested
5  discovery materials to the extent permitted by law. The burden of opposing enforcement of the
6  subpoena, demand or legal process shall fall upon the Party or nonparty who produced or designated
7  the Discovery Material as Confidential Information. Unless the Party or nonparty who produced or
8  designated the Confidential Information obtains an order directing that the subpoena not be complied
9  with, and serves such order upon the Receiving Party prior to production pursuant to the subpoena,
10 the Receiving Party shall be permitted to produce documents responsive to the subpoena on the
11 subpoena response date unless such date is extended by agreement of the Parties or Order of the Court.
12 Compliance by the Receiving Party with any order directing production pursuant to a subpoena of
13 any Confidential Information shall not constitute a violation of this Protective Order. Nothing in this
14 Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in
15 another action.

16  **27.    Execution in Counterparts.** This Protective Order may be signed in counterparts,
17 and a fax or other electronic signature shall have the same force and effect as an original ink signature,

18  **28.    Order Termination.** The Court's jurisdiction over this protective order terminates
19 upon dismissal of this case.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Page **13** of **15**

ACTIVE 52012068v1

29. **Modification of this Protective Order.** This Protective Order may be modified by the Court at any time for good cause shown, or pursuant to a stipulated Order by the Parties. The entry of this Protective Order shall be without prejudice to the rights of any Party to apply for modification of this Protective Order or for additional or different protections.

DATED this 26th day of August 2020.         DATED this 26th day of August 2020.

                                                            **GREENBERG TRAURIG, LLP**

*/s/ Philip Stillman*                                                    */s/ Jason Hicks*
MICHAEL J. FLYNN, ESQ.                              MARK E. FERRARIO
*Appearing Pro Se*                                            Nevada Bar No. 1625
PHILIP STILLMAN, ESQ.                                JASON K. HICKS, ESQ.
*Appearing Pro Se*                                            Nevada Bar No. 13149
                                                                             VINCENT H. CHIEFFO
*Plaintiffs*                                                           *Admitted Pro Hac Vice*

                                                            *Attorneys for Defendants*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of August 2020.

# FORM ATTACHMENT "A"

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Agreement and Protective Order that was issued by the United States District Court for the District of Nevada on _____ [date] in the action entitled: *Flynn, et. al., v. Love, et. al.*, case no. Case No.: 3:19-cv-239-MMD-CLB. I agree to comply with and to be bound by all the terms of this Stipulated Confidentiality Agreement and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Confidentiality Agreement and Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Confidentiality Agreement and Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Confidentiality Agreement and Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State signed: _____

Printed name: _____

Signature: _____

ACTIVE 52012068v1