**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL J. FLYNN, *et al.*, | 3:19-cv-00239-MMD-CLB |
| Plaintiff, | |
| v. | **ORDER** |
| MICHAEL LOVE, *et al.*, | |
| Defendants. | |

This case involves multiple claims stemming from an alleged breach of a contract between Plaintiffs Michael Flynn and Phillip Stillman (collectively referred to as "Plaintiffs") and Defendants Michael Love ("M. Love"), Jacqueline Love, the Michael Love Family Trust, and MELECO, INC. (collectively referred to as "Defendants").

Currently pending before the court is Defendants' motion to strike portions of Plaintiffs' third amended complaint ("TAC"). (ECF No. 62). Defendants argue portions of Plaintiffs TAC (ECF No. 50) "should be stricken as redundant, immaterial, impertinent, and scandalous." (ECF No. 62 at 4). In opposition, Plaintiffs argue, under Fed. R. Civ. P. 9(b), allegations of fraud must be plead with particularity and the facts plead are either relevant or provide pertinent context relevant to their many causes of action. (ECF No. at 10-13). In reply, Defendants argue particularly salacious portions of the complaint, including information about the Love's marriage and faith/beliefs should be stricken despite Plaintiffs' argument the facts are pertinent. (ECF No. 73 at 3-4).[1]  Having thoroughly reviewed the record and papers, the court denies Defendants' motion to strike portions of the TAC (ECF No. 62).

///

///

---

[1] Defendants further filed a motion to dismiss portions of the TAC (ECF No. 67). However, that motion will be addressed by the district court. Therefore, this Order addresses only Defendants' motions to strike portions of Plaintiffs' TAC (ECF Nos. 62).

## I. LEGAL STANDARD

Under Fed. R. Civ. P. 12(f), a court may strike "any redundant, immaterial, impertinent, or scandalous matter." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting Fed. R. Civ. P. 12(f)). An "[i]mmaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.* (internal citation omitted); *see Kennedy v. Las Vegas Sands Corp.*, No. 2:17-cv-00880-JCM-VCF, 2017 WL 4227941, *2 (D. Nev, Sep. 22, 2017). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fogerty*, 984 F.2d at 1527 (internal citation omitted). "An allegation is 'scandalous' if it improperly casts a 'cruelly derogatory light' on someone, most typically a party to the action." *Kennedy*, 2017 WL 4227941, at *2 (internal citations omitted). A Rule 12(f) motion to strike intends to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Superfluous historical allegations are a proper subject of a motion to strike." *Fogerty*, 984 F.2d at 1527 (internal citation omitted).

A motion to strike is a "drastic remedy" that is "generally disfavored." *U-Haul Co. of Nevada, Inc., v. Gregory J. Kamer, Ltd.*, No. 2:12-cv-00231-KJD-CWH, 2013 WL 800695, *1 (citing *Nevada Fair Housing Center, Inc. v. Clark Cnty.*, 565 F.Supp.2d 1178 (D. Nev. 2008) and *Germaine Music v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1300 (D. Nev. 2003)). *See Novva Ausrustung Grp., Inc. v. Kajioka*, No. 2:17-cv-01293-RFB-VCF, 2017 WL 2990850, *2-4, n.2 (D. Nev. 2017) (motions to strike are "heavily disfavored" because "they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice", and because they propose "a drastic remedy.") (internal citations and quotations omitted).

///
///
///
///

## III. DISCUSSION

Defendants move to strike ninety-three (93) paragraphs from Plaintiff's two-hundred and nineteen (219) paragraph TAC because they allegedly recite redundant, immaterial, impertinent, and/or scandalous facts. (ECF No. 62 at 4-7). Defendants argue the categories of particular concern are: (1) allegations concerning the Love's relationship; (2) allegations concerning the Love's faith and beliefs, and a "secret therapist"; (3) allegations concerning Defense counsel; and (4) allegations concerning private conversations between M. Love and Plaintiffs. (ECF No. 73 at 3-6). Thus, the court will examine the contested paragraphs related to Defendants' categories of particular concern to determine if the paragraphs should be stricken because they are "redundant, immaterial, impertinent, or scandalous." *See Fogerty*, 984 F.2d at 1527.

Defendants allege: (1) paragraphs 8, 13, 18, 20, 24, 30, 36, 79, 84, 97, 98, 99, 101, 104, 112, 117, 123, 130, 131, 132, 133, 139, 141, 143, 147, 151, 153, 183, and 184 improperly discuss the Love's relationship (*See* ECF No. 62 at 5); (2) paragraphs 79 (*see* ECF No. 73 at 4), 119, 123, 129, and 143 improperly discuss the Love's faith and beliefs and M. Love secretly consulting a therapist (*See* ECF No. 62 at 5); (3) paragraphs 38, 39, 51, 55, 66, 73, 74, 85, 91, 135, 139, 141, 143, 149, 151, 152, 158(e), and 162 improperly discuss defense counsel (*Id.*); and (4) paragraphs 8, 13, 18, 20, 24, 30, 36, 79, 84, 97, 98, 99, 101, 104, 112, 117, 123, 130, 131, 132, 133, 139, 141, 143, 147, 151, 153, 183, and 184 improperly discuss Plaintiffs' private communications with M. Love. (*Id.*) Having examined the above paragraphs carefully and in detail, the court finds the paragraphs should not be stricken.

First, the court finds that the material in the selected paragraphs is not the type of "redundant, immaterial, impertinent, or scandalous matter" that would be properly stricken. *See Kajioka*, 2017 WL 2990850 at *4. The subject matter in the paragraphs relate to the veracity of Plaintiffs' underlying claims because Plaintiffs are required to prove intent as an element of their fraud claims. The allegations are thus neither "impertinent" nor "immaterial" because they "involve disputed and substantial issues." *Id.* Moreover, the

allegations are not properly stricken as "scandalous." To be "scandalous" under Rule 12(f) an allegation must "'reflect cruelly' upon the defendant's moral character, use 'repulsive language' or 'detract from the dignity of the court'" or be relevant, degrading charges that have "gone into unnecessary detail . . . ." *Skadegaard v. Farrell*, 578 F. Supp. 1209, 1221 (D. N.J. 1984) (quoting 2A *Moore's Federal Practice* ¶ 12.21 at pp. 2427-29 (1983) (footnotes omitted); *cf. Armed Forces Bank, NA v. FSG-4, LLC*, 2011 WL 5513186, *4 (D. Nev. Nov. 10, 2011).

While Plaintiffs concede their TAC may have gone into "unnecessary detail" (*see* ECF No. 69 at 19), much of that detail has nothing to do with "scandalous" allegations against Defendants. (*See* ECF No. 50). Although the allegations certainly cast Defendants in a negative light, striking the allegations in the TAC would not be appropriate, where, as here, the "scandalous" nature of the contested material is questionable. Moreover, Defendants have recited many of the allegedly scandalous allegations in their own pleadings. (*See* ECF No. 62 at 5). Thus, the allegations are not so scandalous that they should be stricken. *See Skadegaard*, 578 F. Supp. At 1221 (declining to strike a variety of allegations related to sexual misconduct).

Further, the court may not strike portions of the complaint materially related to Plaintiffs' causes of action. *See Kennedy*, 2017 WL 4227941 at *1 (if the court is in doubt whether disputed allegations raise a question of fact or law, the motion to strike should be denied) (internal citations omitted); *see also Whittlestone*, 618 F.3d at 973. Striking such allegations is improper where the allegations have "some essential or important relationship to the claim for relief." *Armed Forces Bank*, 2011 WL 5513186 at *4 (quoting *Fogerty*, 984 F.2d at 1527). Thus, courts in both the Ninth Circuit and this District have cautioned against striking allegations from complaints if they could support legitimate legal theories.

That approach is wise, because striking allegations from Plaintiffs' TAC is tantamount to resolving the allegations in the TAC on the merits. *See Whittlestone*, 618 F.3d at 973; *see also PAE Gov't Svcs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858 (9th Cir.

4

2007). This is because in "ruling on a motion to strike, the court accepts as true the factual allegations of the underlying claim." *Kennedy*, 2017 WL 4227941 at *2 (citing *Kelly v. Kosuga*, 358 U.S. 516, 516 (1959)). However, as the Ninth Circuit held in *Whittlestone*, "courts may not resolve disputed substantial factual or legal issues in deciding a motion to strike." 681 F.3d at 973. Thus, striking allegations from a complaint is inappropriate where those allegations are, or *arguably* are, disputed issues of law or fact. *Id.* Indeed, resolving such issues would be particularly inappropriate where the defense has a motion to dismiss that complaint (the proper procedural vehicle for disposing of meritless claims at this stage of the litigation – *see Whittlestone*, 618 F.3d at 974) simultaneously pending before the court.

While the court acknowledges Plaintiffs' TAC contains a great deal of detail (ECF No. 69 at 19) and "prolix" (ECF No. 62 at *passim*), the facts of the dispute allegedly span over five decades and Plaintiffs bring ten (10) causes of action in their TAC. (*See* ECF No. 50). Thus, to the extent the factual recitations are "redundant" or contain "[s]uperfluous historical allegations", *Fogerty*, 984 F.2d at 1527, those allegations should not be stricken because those facts are, at minimum, *arguably* relevant to the substantive issues of the dispute. *See Whittlestone*, 618 F.3d at 973-75. Accordingly, the court declines to adopt the "heavily disfavored" and "drastic remedy" of striking portions of Plaintiffs' TAC. *See Kajioka*, 2017 WL 2990850 at n.2.; *see also Whittlestone*, 618 F.3d at 973-75.

Finally, Rule 12(f) may not be read in a manner that "allow[s] litigants to use it as a means to dismiss some or all of a pleading." *Whittlestone, Inc., v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (citing *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977)). Further, a plainly stated purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Ninth Circuit Court of Appeals has further explained the Rules should "facilitate decisions on the merits, rather than on the pleadings and technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). These important policy

5

considerations militate against striking portions of the TAC, a "heavily disfavored", "drastic remedy" that would prevent resolution on the merits. *Id.*; *see Kajioka*, 2017 WL 2990850 at n.2.

In this case, Defendants filed a motion to dismiss that is currently pending before the court. (*See* ECF No. 67). Because the 12(b)(6) motion is the proper procedural vehicle to attack the sufficiency of the TAC, the court declines to strike any portions of the TAC. *See Whittlestone*, 618 F.3d at 974. Such a "heavily disfavored" and "drastic" remedy is inappropriate here. *See Kajioka*, 2017 WL 2990850 at n.2. Therefore, Defendants' motion to strike portions of Plaintiffs' TAC (ECF No. 62) is denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' motion to strike portions of the TAC (ECF No. 62) is **DENIED**.

**DATED**: September 18, 2020

_____
**UNITED STATES MAGISTRATE JUDGE**