**EXHIBIT 1**

**DECLARATION OF PHILIP H. STILLMAN**

Michael J. Flynn, Esq., *pro se*
PO Box 690
Rancho Santa Fe CA, 92067
Tel: (858) 775-7624
Email: mike@mjfesq.com

Philip H. Stillman, Esq., *pro se*
3015 North Bay Road, Suite B
Miami Beach, FL  33140
Tel: (888) 235-4279
Email: pstillman@stillmanassociates.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL J. FLYNN, WILLIAM SHERIDAN, MICHAEL TABB and PHILIP STILLMAN<br><br>                    Plaintiffs,<br><br>          vs.<br><br>MICHAEL E. LOVE, an individual; and JACQUELINE LOVE, an individual; MICHAEL E. LOVE as TRUSTEE OF THE MICHAEL LOVE FAMILY TRUST; MELECO, INC., a Nevada corporation; and DOES 1-10, | Case No.: 3:19-cv-00239- MMD-CBC<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to F.R.C.P. 34 Plaintiffs hereby submit the following First Set of Request for Production of Documents.

**PROPOUNDING PARTIES:**          **Plaintiffs**

**RESPONDING PARTY:**          **Defendants**

## DEFINITIONS

- 1 -

1.    **"Defendants**", "**you**", and "**your**" means the defendants, and each of them, identified in the caption above.

2.    **"Document"** means all manner of written, typewritten, printed or recorded material whatsoever, including, without limitation, any electronic data, cloud storage, computer server, hard drive, jump drive, graphics, mechanical or oral records or recordings of any kind, correspondence, letters, telegrams, memoranda, notes, transcription of notes, calendars, diaries, minutes or records of meetings or conferences, contracts, agreements, reports, checks, statements, receipts, returns, summaries, drafts, inter-office and intra-office communications, offers, notations and conversations, records of telephone calls or meetings, computer printouts, tele-faxes, electronic mails (emails), invoices, profit and loss accounts,  worksheets, drawings, plans, specifications, publications, pictures, blueprints, schematics, tape recordings, transcripts of records, video records, logbooks, lab notebooks, monthly reports, business records, patent applications, trademark applications, copyrights and all drafts, alterations, modifications, changes and amendments of any of the foregoing of which you have knowledge or which are now, or were formally, in your actual or constructive possession, custody or control.

3.    **"Identify"** when used to refer to a **<u>document</u>** shall mean to state:

a.    the type of each such document (e.g., letter memoranda, telephone message, notebook, etc.);

b.    the title(s), caption(s) or subject matter of each such document;

c.    the date of each such document or, if the date is unknown, the best approximation of when each document was prepared, originated, or created; and

d.    the author of each such document.

4.    **"Identify"** when used to refer to a **<u>natural person</u>** shall mean to state:

a.    each such person's full name and current home

Plaintiffs' First Set of Requests for Production of Documents

address and telephone number (or the last known home address and telephone number);

b.     each such person's current business address and telephone number (or the last known business address and telephone number); and

c.     each such person's current employer and job title or position (or the last known employer and job title or position).

5.     **"Identify"** when used to refer to an __entity__ such as a corporation or partnership shall mean to state:

a.     each such entity's legal name and all names under which the entity does business; and

b.     each such entity's business address or last known address.

6.     **"Identify"** means, with respect to a __communication__, to state all of the following information:

a.     whether it is written or oral;

b.     if oral, (1) state the substance of the oral utterances; (2) state the date and place thereof; (3) identify the persons making the oral communication; and (4) identify each person who was present at the time the oral communications were made, and;

c.     if written, identify all documents (in the manner set forth above) which reflect the communications and all documents which pertain, refer or relate to any matter whatsoever to the communication.

7.     The phrase **"relating to,"** in addition to its customary and usual meaning, means discussing, documenting, supporting, backing-up, mentioning, pertaining to, assessing, recording, constituting, concerning, describing, touching upon and/or summarizing.

8.     **"And"** and **"or"** shall be interpreted to mean and/or.

Plaintiffs' First Set of Requests for Production of Documents

9.      Plural words shall be interpreted to include the singular and <u>vice versa</u>.

<u>INSTRUCTIONS</u>

1.      Any term that is not defined herein has its usual and customary meaning.

2.      The singular includes the plural and vice versa.  The masculine includes the feminine and vice versa.  The disjunctive includes the conjunctive and vice versa as necessary to make the request inclusive rather than exclusive.  The use of a verb in any tense encompasses the use of the verb in all tenses.

3.      Definitions of terms shall apply to such terms regardless of whether such terms are capitalized or not capitalized.

4.      All requests for production shall be interpreted to bring within their scope the broadest range of discovery permissible.

5.      Any ambiguity in a request for production shall be construed to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

6.      Notwithstanding anything to the contrary herein, each word, term or phrase shall have the broadest meaning permissible.

7.      Each request for production is continuing in nature and shall be modified or supplemented to include any new or different information which You may become aware of, acquire, obtain, locate or identify, up to and including the time of trial of this action.

8.      All Documents produced pursuant to these requests for production are to be produced in the form, order and manner in which they are maintained in the usual course of business, or shall be organized and labeled to correspond with the categories in these requests.

9.      Each request for production shall be deemed to include any attachment, transmittal sheet, cover letter, enclosure or annex to the requested Document.

10.      Each request for production extends to all Documents in the possession, custody or control of You or anyone acting on Your behalf, including, without limitation, all Documents

Plaintiffs' First Set of Requests for Production of Documents

in the possession, custody or control of Your attorney, including, without limitation, emails sent or received by Your attorney on Your behalf.  A Document is deemed to be in Your possession, custody or control it if is in Your physical custody, or if it is in the physical custody of any other Person and You: (a) own such Document in whole or in part; (b) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such Document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine or copy such Document on any terms; or (d) as a practical matter, have been able to use, inspect, examine or copy such Document when You sought to do so.

11.    If any requested Document was, but no longer is, in Your possession, custody or control, state the disposition of such Document.

12.    If any requested Document is withheld under any claim of privilege, including, without limitation, attorney-client privilege and attorney work product, You shall:

(a)    provide the request for production to which the Document relates;

(b)    provide the date of the Document;

(c)    provide the title of the Document;

(d)    Identify its author(s) or preparer(s);

(e)    describe the Document sufficiently to Identify it without revealing the information for which privilege is claimed;

(f)    provide the privilege under which it is withheld;

(g)    describe the subject matter of the Document sufficiently to support Your contention that the Document is privileged; and

(h)    Identify each Person who was sent, shown or furnished with or received, viewed or has possession, custody or control of the Document or a copy thereof.

13.    If a portion of any Document is withheld under a claim of privilege, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

Plaintiffs' First Set of Requests for Production of Documents

14. If any requested Document is known to have existed and cannot now be located, or has been destroyed or discarded, You shall:

      (a)    provide the request for production to which the Document relates;

      (b)    provide the date of the Document;

      (c)    provide the title of the Document;

      (d)    Identify its author(s) or preparer(s);

      (e)    describe the Document;

      (f)    Identify each Person who was sent, shown or furnished with or received or viewed the Document or a copy thereof;

      (g)    Identify the last known custodian;

      (h)    provide whether the Document is lost, destroyed or discarded;

      (i)    provide the date the Document was lost, destroyed or discarded;

      (j)    if the Document was destroyed or discarded, provide the manner of destruction or discard;

      (k)    if the Document was destroyed or discarded, provide the reason(s) for the destruction or discard;

      (l)    if the Document was destroyed or discarded, Identify the Person(s) authorizing or carrying out the destruction or discard; and

      (m)    describe the efforts made to locate lost Documents.

15. If, after exercising due diligence to secure them, You cannot provide some or any of the requested Documents, so state and provide all requested Documents to the extent possible, specifying the reason for Your inability to produce the remainder of the requested Documents, and stating whatever information or knowledge You have concerning each requested Document not produced.

16. If any requested Document or other Document potentially relevant to this action is subject to destruction under any Document retention or destruction program, the Document shall be exempted from destruction and shall not be destroyed until the conclusion of this action or

Plaintiffs' First Set of Requests for Production of Documents

unless otherwise permitted by the Court.

17.     If any objection is made to any request for production, state Your objection and the ground(s) for objection with particularity.  If an objection is made only to part of the request for production, identify that part and state Your objection and the ground(s) for objection with particularly.

18.     An objection or claim of privilege directed to part of a request for production does not constitute an excuse for failure to respond to the parts of a request for production for which no objection or claim of privilege is made.

19.     Unless otherwise indicated in a particular request, the time period covered by these requests for production is from January 1992 to the present and shall encompass all Documents concerning in whole or in part such period, or events or circumstances during such period, even though dated, prepared, generated or received prior to that date.

### REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS

### REQUEST FOR PRODUCTION NO. 1:

Produce and identify for inspection and copying the originals, or original copies of all, memos, correspondence, letters, reports, notes, and documents of every nature and description, relating to the subject matter of the Abraham Somer conflict of interest in connection with the sale of the Sea of Tunes catalog of songs in 1969, sent to or received by you, your agents, employees, attorneys and others from John Branca, and / or his law office between January, 1982 and December 31, 1995.

### REQUEST FOR PRODUCTION NO. 2:

Produce and identify for inspection and copying the originals, or original copies, of all, memos, correspondence, letters, reports, notes, and documents of every nature and description, relating to the subject matter of the Abraham Somer conflict of interest in connection with the

Plaintiffs' First Set of Requests for Production of Documents

1  sale of the Sea of Tunes catalog of songs in 1969, sent to or received by you from Robert Kory,
2  and / or his law office, between January 1982 and December 31, 1995.

3  **REQUEST FOR PRODUCTION NO. 3:**

4  Produce and identify for inspection and copying the originals, or original copies, of all,
5  memos, correspondence, letters, reports, notes, and documents of every nature and description,
6  relating to the subject matter of the Abraham Somer conflict of interest in connection with the
7  sale of the Sea of Tunes catalog of songs in 1969, sent to or received by you from Harry
8  Hathaway, and / or his law office, between January, 1982 and the present.

9  **REQUEST FOR PRODUCTION NO. 4:**

10  Produce and identify for inspection and copying the originals or original copies of the
11  February 19, 1985 letter, relating to the subject matter of the Abraham Somer conflict of interest
12  in connection with the sale of the Sea of Tunes catalog of songs, sent to you or received by you
13  from John Branca, and / or his law office; and / or sent to you by Robert Kory; and / or Harry
14  Hathaway.

15  **REQUEST FOR PRODUCTION NO. 5:**

16  Produce and identify for inspection and copying the originals, or original copies of all
17  correspondence, notes, memos, and documents of every nature and description, relating to the
18  subject matter of the Abraham Somer conflict of interest in connection with the sale of the Sea of
19  Tunes catalog of songs in 1969, sent to you or received by you from Elliott Lott and / or the
20  agents, employees, Directors, shareholders of Brother Records, Inc..

21  **REQUEST FOR PRODUCTION NO. 6:**

22  Produce and identify for inspection and copying the originals, or original copies of  the
23  Report and / or documents prepared by the attorney(s) retained by John Branca and / or Brother
24  Records, Inc., referenced in Branca's February 19, 1985  letter,  relating to an investigation into
25  the subject matter of the Abraham Somer conflict of interest in connection with the sale of the
26  Sea of Tunes catalog of songs in 1969, sent to you or received by you from John Branca, and / or
27  his law office, and / or from Robert Kory and / or his law office, and / or from Harry Hathaway

28

Plaintiffs' First Set of Requests for Production of Documents

1  and his law office; and / or from any agent, employee, Director or shareholder of Brother

2  Records, Inc..

3  **REQUEST FOR PRODUCTION NO. 7:**

4      Produce and identify for inspection and copying the originals, or original copies of all

5  documents in the possession of Jacquelyne Piesen Love or Michael E. Love relating to the

6  subject matter of the Abraham Somer conflict of interest in connection with the sale of the Sea of

7  Tunes catalog of songs in 1969.

8  **REQUEST FOR PRODUCTION NO. 8:**

9      Produce and identify for inspection and copying the originals, or original copies, of all

10  documents in the possession of Jacquelyne Piesen Love or Michael E. Love, relating to the

11  subject matter of the Abraham Somer conflict of interest in connection with the sale of the Sea of

12  Tunes catalog in 1969, which either of you have provided to the law firm of Greenberg Traurig,

13  and/or any other individual.

14  **REQUEST FOR PRODUCTION NO. 9:**

15      Produce and identify for inspection and copying the originals, or original copies of all

16  documents, electronic recordings, files, and materials in your possession from the files and

17  documents of Michael J. Flynn, Philip Stillman, Carla DiMare and/or the law firm of Flynn,

18  Sheridan, Tabb and Stillman.

19  **REQUEST FOR PRODUCTION NO. 10:**

20      Produce and identify for inspection and copying all originals, or copies of originals, of all

21  documents, memos, electronic data, electronic files, or documents of every nature and

22  description from the files, records and documents of Robert Kory provided to you or to Harry

23  Hathaway, and / or received by you from Kory or Hathaway, relating to any and all matters

24  involving the representation by the Plaintiffs in the cases of Michael E. Love v Irving Music, and

25  Brian Wilson; and Brian Wilson v Irving Music. .

26  **REQUEST FOR PRODUCTION NO. 11:**

27      Produce and identify for inspection and copying the originals, or original copies of  all

28

Plaintiffs' First Set of Requests for Production of Documents

documents, electronic recordings, files, and materials in your possession from the cases of Love v Irving Music, Brian Wilson, Abraham Somer; and from the case of Wilson v Irving Music, Abraham Somer.

**REQUEST FOR PRODUCTION NO. 12:**

Produce and identify for inspection and copying all accounting records in your possession relating to any and all accounting and / or financial matters relating to Michael Flynn and/or the law firm of Flynn, Sheridan, Tabb & Stillman.

**REQUEST FOR PRODUCTION NO. 13:**

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 374:

> **"Frankly, I had no idea how much money I was being ripped off each year. Before the trial, I was receiving about $75,000 a year in songwriter royalties. After the trial, the amount jumped to over a $1 million a year.**" (BOLD SUPPLIED)

**REQUEST FOR PRODUCTION NO. 14:**

Produce and identify for inspection and copying all state and federal tax returns, and/or portions thereof, or schedules and work papers, for the years 1992 through 2000, relating to the statement above in Request No. 13, and relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 373:

> "The case wasn't over yet. The trial established Brian's liability, but a second trial would determine damages. The enduring popularity of the songs, which included seven Top 10 hits, left Brian badly exposed. To determine lost royalties or compensatory damages, Mike Flynn analyzed the past financial records of Capitol Records and Irving Music and estimated I had lost between $ 18 million and $ 22 million. To determine the value of the actual copyright, Mike was going to have experts testify that it was worth between $ 40 million and $ 100 million. And because Brian was guilty on multiple counts of fraud, Mike was going to ask for punitive damages, which— if awarded— would have been ten times the compensatory damages."

Plaintiffs' First Set of Requests for Production of Documents

**REQUEST FOR PRODUCTION NO. 15:**

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 341-342:

> "Tom Hulett, our manager, would have drinks with Landy as a way to keep the door open with my cousin, and in 1986, Landy told Tom that Brian was going to sue Irving Music, the parent of A&M Records, whose Almo/Irving publishing arm bought the Sea of Tunes catalog in 1969 for $700,000. According to Landy, Brian was going to win back his publishing rights, and he, Landy, was driving the case.

> "One of Brian's representatives called me to discuss the suit, and on December 5, 1986, my lawyer, Robert Kory, and I met with Brian's attorneys, John Mason and Jim Tierney. They said they believed they could reverse the sale. Even though it had occurred seventeen years earlier, they said mental incompetency could overturn the statute of limitations, and they were going to argue that Brian was mentally incompetent at the time."

> "On December 22, 1986, just a few weeks after we had met with Brian's lawyers, they sent me a letter confirming what we had discussed, including that I would receive a third of any proceeds from their suit."

**REQUEST FOR PRODUCTION NO. 16:**

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 373-374:

> "Brian was facing potential damages of between $58 million and $342 million – almost certainly the largest case of fraud in music history.

> "By accepting a fraction of what I could have collected, I cost Mike Flynn millions of dollars in contingency fees, every penny of which he earned. But he never pushed me to get more money, nor did he ever waver in a case that became a three year crusade. With all due respect to Bobby Hatfield and Bill Medley, Mike Flynn is the ultimate Righteous Brother."

Plaintiffs' First Set of Requests for Production of Documents

1

**REQUEST FOR PRODUCTION NO. 17:**

2       Produce and identify for inspection and copying all documents of every nature and

3 description, including but not limited to all electronic and digital files, relating to the following

4 statement of Michael E. Love in his autobiography, "Good Vibrations"  My Life As A Beach

5 Boy" at p. 227:

> "It was, of course, one of the dumbest decisions in music history.
> The Beach Boys didn't die, and the catalog was a cash machine for
> decades to come, generating more than a hundred million dollars in
> publishing royalties, none of which Murry or the Beach Boys ever
> saw."

**REQUEST FOR PRODUCTION NO. 18:**

       Produce and identify for inspection and copying all documents of every nature and

description, including but not limited to all electronic and digital files, relating to the following

statement of Michael E. Love in his autobiography, "Good Vibrations"  My Life As A Beach

Boy" at p. 351:

> "In October of 1991, my lawyer [Robert Kory] told me that Brian
> had decided to settle with Irving Music, and the proposed
> settlement was $ 10 million for all claims— a fraction of what
> Brian's lawyers thought they could win. In a phone call, my
> attorney told me that I would not receive any of those proceeds,
> nor would I receive credit on any of the songs that I wrote. The
> case would soon be over, and there wasn't anything I could do
> about it.

> "After hanging up, I paced back and forth across the house, not so
> much in rage but in disbelief, asking myself over and over again.
> What the fuck just happened? I had been deposed for two full days
> for this lawsuit, and I had helped them get $ 10 million, and now,
> no money, no song credits, nothing. This was the third time I had
> been screwed. First when Murry didn't give me credit. Then when
> Murry sold the catalog. And now this time.

**REQUEST FOR PRODUCTION NO. 19:**

       Produce and identify for inspection and copying all documents of every nature and

description, including but not limited to all electronic and digital files, relating to the following

statement of Michael E. Love in his autobiography, "Good Vibrations"  My Life As A Beach

Boy" at p.351-352:

> "Just as Jacquelyne spoke to him in her time of need, I sat down with Deepak and told him what happened with the lawsuit. Deepak told me I had to meet a lawyer who had represented him and was at the center right now. His name was Mike Flynn, and he might be able to help.

> "Mike joined Jacquelyne and me for dinner. He was lean, with straight dark hair and sharp angular features. Even at a health spa, he didn't seem like the relaxing type, and the more I told him about what happened, the more interested he became. He preferred cases that involved "huge injustices"— right versus wrong, underdog versus top dog, good versus evil. "When I'm looking into the eyes of the jury," he later said, "I want to be wearing the white hat."

## REQUEST FOR PRODUCTION NO. 20:

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p.

> "Our spiritual faith created a common bond— Mike Flynn had practiced TM since 1974— but it was his legal faith that separated him from all others. Dating back to the 1960s, every lawyer I had spoken to about my music-related legal problems had told me the same thing: yes, I'd been cheated, but there was nothing I could do.

> "Lost causes, combined with huge injustices, were the very causes that Mike Flynn embraced. His willingness to help me was a revelation, but we still needed to do our astrological vetting. Jacquelyne asked Mike over dinner what his birth date was and what time he was born. He excused himself to call his mother and returned with the information. Then Jacquelyne left the table and returned with our astrologer's planetary assessment of Mike: "In the twelfth House of Justice, he has an exalted Jupiter."

> "That was good enough for Jacquelyne. "Hire him," she said. Mike Flynn, who had offices in San Diego County, began his work, and it included filing a suit against HarperCollins for defamation in Brian's memoir. The book itself cast Gene Landy as Brian's savior (Landy also collected a third of the $ 250,000 advance), while depicting me and the other members of the band as shameless malefactors who exploited Brian. Over the years, I've told many people, including reporters, that Wouldn't It Be Nice is "my

- 13 -

favorite book that I've never read," because HarperCollins settled the suit for a good deal of money. But that flippant remark deflected my true feelings. I read as much of Brian's book as I could stomach and was stung by the false attacks against me, some of which were recycled from the 1970s. Describing me as "smarmy," "creepy," and "flashing an evil grin," the memoir falsely claimed that I "hated everything" about Pet Sounds, alleged that I had cost Brother Records "millions of dollars in lost royalties" in bad business decisions, and blamed me for Brian's descent into "booze, drugs, and food." Writing songs with cousin Mike, Brian wrote, "had nearly killed me several times over."

## **REQUEST FOR PRODUCTION NO. 21:**

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 354 – 355.

"I knew that over the past three decades, plenty of things had happened to the Beach Boys that I either didn't understand or had neglected, but when Mike sat down with us in our living room, he came with piles of documentary evidence that he and his law firm had collected and analyzed, documents that I had never seen before, some dating all the way back to the inception of the group. He had copyright applications for songs, minutes from Brother Records board meetings, incorporation papers from Beach Boy–related companies, and letters. I then received a history lesson in deception, greed, and misplaced loyalty.

"For one thing, Brian's lawyers misled me from the beginning about the grounds on which they were going to overturn the sale of the catalog. It wasn't only that Brian was mentally incompetent. It was also that our lawyer at the time of the sale, Abe Somer, was representing both sides of the transaction. He was the Beach Boys' attorney, but he was also the lawyer for Irving Music and its subsidiary, A& M Records. In addition, Somer was on the board of directors for both Irving Music and A& M Records, and he assisted Irving in the transaction. He never disclosed his dual representation to me or, as far as I knew, to anyone in the Beach Boys. It was a clear conflict of interest, and it was used in Brian's case against Irving Music to try to overturn the catalog's sale."

"That was a shot to the gut. The guy we had entrusted to protect our songs was a snake, and as Mike Flynn explained it, the lies continued to this day. Brian's current lawyers had to know that if I

Plaintiffs' First Set of Requests for Production of Documents

was aware of the Somer conflict, I would have wanted to join the case against Irving Music. But if I joined Brian's case, we would have to split the proceeds and take money out of their pockets and Landy's. These lawyers concealed the Somer conflict from me, even though some of them knew it as early as 1986. Mike explained that because Brian and I had been music and business partners since the inception of the band, Brian and his lawyers had a fiduciary obligation to share that information with me. Instead, they concealed it, and I testified in their case, in exchange for promises of money and credit— promises, of course, that were never kept."

**REQUEST FOR PRODUCTION NO. 22:**

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 355 – 358:

"That was sleazy, but I wasn't surprised. I knew about Landy, and I'd been dealing with corrupt lawyers for decades. But Mike Flynn said I hadn't heard the worst of it. He grabbed another folder and said that the actual sale of the catalog in 1969 was the product of an elaborate scam to defraud me and was the culmination of years of deception.

"I was listening.

"It started with the Sea of Tunes. When it was formed in 1961, it was a sole proprietorship, and Uncle Murry and Brian each had a 50 percent stake, though Brian gave his half away the following year. Throughout the 1960s, Brian told me that he controlled the Sea of Tunes, which reassured me that I needn't worry about my song credits. But according to a 1965 letter from Brian, Uncle Murry controlled the catalog."

"The actual scam began in 1967, when Abe Somer began representing the Beach Boys. Mike told me that Somer had engaged in these kinds of deals in the past, so he knew what he was doing, and once he and my uncle formed an alliance, he could move the pieces into place.

"Their goal was to sell the catalog and pocket the cash, but when Somer investigated the actual songs, he encountered a major problem. When you write a song, you're supposed to assign the copyright to a publisher, through a copyright registration and a

Plaintiffs' First Set of Requests for Production of Documents

songwriter's agreement, and the publisher distributes songwriter royalties from record sales and other publishing fees. For the Beach Boys, Uncle Murry and Brian tried to assign the copyrights to the Sea of Tunes, but when Somer searched for those assignments, he discovered a mess. The wrong songwriter forms had been used, while other forms were incomplete, dated incorrectly, or appeared to have been forged (which was later confirmed). Others were simply missing. Under the laws at the time, if a copyright was not assigned, then it remained with the songwriter, and any alleged copyright holder— in this case, Murry— lost it.

"No one would buy the publishing rights to our songs unless they could also buy the copyrights, but in terms of copyrights, the Sea of Tunes was an empty vessel.

"Fixing the problem required even more chicanery. It involved the incorporation of Brother Records and the Sea of Tunes catalog, which masked the defects in the assignments and limited the liability for the buyer. Even those secret moves weren't enough to ensure the acquisition. I still owned the copyright to all my songs, and I could assert those rights regardless of who owned the catalog. To get the copyrights assigned to the catalog, Somer could have come to me with a stack of songwriter agreements and asked me to sign them, but I might have asked questions or smelled something rotten. So Somer had to trick me.

"After Murry found a buyer for the catalog, Somer drafted the letter that all the Beach Boys were told to sign. Dated August 20, 1969, and addressed to Irving Music, it said that the songs "authored by [the Beach Boys] have been assigned to Sea of Tunes in accordance with normal practice in the publishing business . . . [and] we acknowledge that we have executed songwriters' agreements whereby all of our rights in and to the foregoing musical compositions have been assigned to Sea of Tunes."

"I had no idea what the hell that meant. So I asked my lawyer— Abe Somer! He told me there was nothing I could do. He didn't tell me that he had secretly planned this transaction for two years and that he represented Irving Music. It was premeditated, cunning, and diabolical. And in signing the letter, I gave away my songs.

"What Mike Flynn told me deepened my contempt for Uncle Murry.  I knew he wanted to keep the Beach Boys a family band, but I didn't realize that in his eyes, I was never part of the family. When I later told my dad what happened, he said he wasn't surprised. "I knew he was a crook," he said. "He was always a

crook. But he didn't have it out for you. He had it out for me." I'm sure he was right.  Jealous of my dad, Murry wasn't going to let the entitled son of his rich brother-in-law receive the credit, the due, that he deserved.  My uncle wanted the glory for his sons, and through his duplicity he got it.

"Mike told me there was another part of the story. Recall, he said, that Brian had signed the letter of August 20, 1969, that paved the way for the catalog's sale. But I needed to read another document, which said that on December 28, 1967, Somer incorporated the catalog into the Sea of Tunes Publishing Company. Mike then pulled out another file and showed me the minutes of a board meeting, apparently the only one ever held by the Sea of Tunes Publishing Company, and the meeting resolved that "the liquidation and the distribution of [the company's] assets be commenced as soon as practicable."

"It was a resolution to sell the catalog.

"Mike told me to look at the signatures.

"It was signed by the company's sole shareholder and director, Murry Wilson, and by the directors, Audree Wilson and Brian Wilson.

"Mike told me to look at the date.

"It was July 21, 1969, a full month before we signed the letter to Irving Music. Brian had told me that his father had fucked us when the catalog was sold, but Brian had signed the document to commence the sale a full month before it actually happened. He knew his father was trying to sell the catalog, and he approved it.

"Mike also said that in Brian's own suit against Irving Music, his lawyers argued that Brian and Murry each had a 50 percent stake in Sea of Tunes even before its incorporation in 1967, and Brian was now bound by that. In other words, if Brian were a full partner with his father, then all the fraud and deceit surrounding the catalog must also be attributable to Brian. He could not escape responsibility.

"Brian is just as culpable as Murry," Mike said.

"I put my head down in my hands."

**REQUEST FOR PRODUCTION NO. 23:**

Produce and identify for inspection and copying all documents of every nature and

description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 362:

> "I needed some legal obstacles removed. Inside one of the temples, I stood next to a small fire, and with hundreds of priests chanting, I threw into the blaze almonds, chili peppers, and food grains. The goal is not to harm any of your adversaries but to evolve them to a more enlightened state, and it seemed fitting that the temple was equipped with its own choral effects. I loved the sound of the crackling flames, the chants, the invocations, the chorus of drums, bells, and gongs. These were harmonies of the spirit.
>
> "On another occasion, back in the states, Mike Flynn and I visited the temple in Calabasas when he was taking depositions and had hit some roadblock. We asked Narasimha to chant the thousand names of Ganesha, the linking of the names expressing the belief in the glory of the deity. Narasimha did all the work. Mike and I just sat back and listened until the sounds washed over us. When we got back to our car and drove down the highway, it felt like we were floating."

**REQUEST FOR PRODUCTION NO. 24:**

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 362:

> "The pretrial skirmishing dragged on for many months, in part because Brian's lawyers delayed or blocked access to documents. In February of 1994, Judge William J. Rea reopened discovery when Mike Flynn convinced him that documents had been suppressed. The judge also removed Brian's two lawyers, J. J. Little and Jim Tierney, for conflicts of interest, as their misconduct, acting on Brian's behalf, was part of the case. I didn't have the money to cover Mike's expenses, which included hiring a forensics expert to comb through Brian's computer, and Mike would ultimately spend about $ 200,000 of his own cash just to keep the case going."

**REQUEST FOR PRODUCTION NO. 25:**

Produce and identify for inspection and copying all documents of every nature and

Plaintiffs' First Set of Requests for Production of Documents

description, including but not limited to all electronic and digital files, relating to the following

statement of Michael E. Love in his autobiography, "Good Vibrations"  My Life As A Beach

Boy" at p. 364:

> "Mike Flynn was my best man. He had recently deposed Brian for
> seventeen days, two hours a day, during which time Brian had
> admitted— to the dismay of his lawyers— that I had contributed
> lyrics to thirty-five contested songs. (We initially identified
> seventy-nine, but that number was too unwieldy.) Professional
> ethics prevented Mike Flynn from speaking to Brian at the
> wedding, but in his lengthy and very funny toast, he integrated
> lyrics from all thirty-five songs. Brian sat and listened to it in good
> humor and later told Carl how much he liked it. "

**REQUEST FOR PRODUCTION NO. 26:**

Produce and identify for inspection and copying all documents of every nature and

description, including but not limited to all electronic and digital files, relating to the following

statement of Michael E. Love in his autobiography, "Good Vibrations"  My Life As A Beach

Boy" at p. 364 -365:

> "The trial finally began on October 4, 1994, in United States
> District Court in Los Angeles, and what occurred over the next two
> months was the most comprehensive history of the Beach Boys
> ever assembled, in several thousand pages of testimony (including
> pretrial depositions) and documents (hearings, rulings, motions,
> contracts, exhibits, letters, interview transcripts, medical reports,
> boardroom minutes, and more). The jurors heard from Brian and
> me as well as Al, Bruce, David Marks, Marilyn, and various
> promoters, record company executives, lawyers, managers, and
> medical experts. Carl refused to appear in court, but he was
> deposed at length, and his testimony was read to the jurors."

**REQUEST FOR PRODUCTION NO. 27:**

Produce and identify for inspection and copying all documents of every nature and

description, including but not limited to all electronic and digital files, relating to the following

statement of Michael E. Love in his autobiography, "Good Vibrations"  My Life As A Beach

Boy" at p. 366-367:

> "When Al Jardine took the stand, Mike Flynn asked him what
> happened when he gave Brian "Sloop John B." "I arranged it in a
> fashion that I thought Brian would appreciate [and] that we could

Plaintiffs' First Set of Requests for Production of Documents

possibly have as a Beach Boy song," Al said. "I wrote it out for
him and played it for him."

"Al testified that to his surprise, Brian completed the song on his
own, and it became a hit in America and around the world.

"Did you get credit?" Mike Flynn asked.

"No, I didn't," Al said. "No."

"Brian, in his testimony, denied that Al helped him, but Al had no
reason to perjure himself: he wasn't a plaintiff in the case, he had
nothing to gain financially, and the song itself wasn't even being
contested. But a pattern of behavior was established."

## <u>REQUEST FOR PRODUCTION NO. 28:</u>

Produce and identify for inspection and copying all documents of every nature and

description, including but not limited to all electronic and digital files, relating to the following

statement of Michael E. Love in his autobiography, "Good Vibrations"  My Life As A Beach

Boy" at p. 369:

"It was an unusually bitter trial, a war within a family and a band,
with lawyers thundering at one another at every turn.

"At one point, Judge Rea, who'd been on the bench for twenty-six
years, said he had never had a trial in which the attorneys voiced—
or yelled— so many objections. And now, out of nowhere, the
voice of a child pierced the ramblings of his medicated namesake. I
suddenly got emotional and started to well up. I headed for the
exit, and Jacquelyne, lifting Brian, followed me to the door.

"Brian Wilson, continuing with his testimony, said, "It does sort of
sound like a Mike Love– type of riff."

## <u>REQUEST FOR PRODUCTION NO. 29:</u>

Produce and identify for inspection and copying all documents of every nature and

description, including but not limited to all electronic and digital files, relating to the following

statement of Michael E. Love in his autobiography, "Good Vibrations"  My Life As A Beach

Boy" at p.  369-370:

"In addition to all the testimony, the paper trail told a clear story of
deception and complicity. Thanks to the forensic analysis of
Brian's computer, Mike Flynn had supplemented the documents

Plaintiffs' First Set of Requests for Production of Documents

from the 1960s with Brian's diary entries from the late 1980s, and they contradicted the depiction of a mental incompetent. Rather, they showed that Brian was intimately involved in his case against Irving Music, following the direction of his counsel and seeking to maximize his financial gain. Noting the guidance that he had received from his lawyers, Brian wrote:

"'These kinds of questions were leading to the fact that if I was caught     saying that I remember when I was told about Sea of Tunes, the statute of limitation would have started instantly. Anyway J.J. assured me that we couldn't get shafted if I answered the questions that J.J. and Jim had been teaching me . . . *We are not talking about two million dollars. We are talking about forty million dollars*.'" (Italics, bold, supplied)

## REQUEST FOR PRODUCTION NO. 30:

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations"  My Life As A Beach Boy" at p.370:

"In other examples, Brian's own words undermined his credibility. When he was on the stand, Mike Flynn read for him an interview he did with Todd Gold, his collaborator on his memoir, regarding "California Girls." Brian said that he and I wrote the song but I never received credit.

GOLD: Why? Whose fault was that?

BRIAN: That was my fault.

GOLD: Why didn't you give him credit?

BRIAN: Because I forgot that he wrote it with me.

GOLD: Did you ever regret forgetting to give him credit?

BRIAN: Very much so, yes.

Gold asked why he hadn't given me credit since then.

BRIAN: I don't know. I keep fucking up. I keep forgetting to do it.' "

"He kept forgetting? If "California Girls" had been an obscure song, that might have been believable. But Brian himself described

it as the Beach Boys' "anthem." Every time he heard it, played it, sang it, or saw the record itself, he was reminded that this was fraud on vinyl."

## REQUEST FOR PRODUCTION NO. 31:

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 370 – 371:

> "There were songwriter agreements in which my name had been forged, and there were hidden letters and financial arrangements among the lawyers. There was a lot of talk about suppression of evidence and promissory fraud and breaches of contract, but ultimately, after twenty-four days of testimony, the jurors had to decide if Brian Wilson victimized me or was himself a victim of his own frailties."

## REQUEST FOR PRODUCTION NO. 32:

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 371:

> "Mike Flynn, in his closing argument, was equally unsparing toward Brian: "The guy who wrote the songs"— me—" helps his cousin for thirty years, supports him during that whole period of time while at least a good percentage of that money that Mr. Love is earning both from touring revenues and songwriter royalties . . . a good portion of that money is being used for drugs by Brian Wilson while Mr. Love is out working. And then they get his cooperation in Wilson vs. A& M, and then they turn around after they get the cooperation and use it against him . . . I submit to you, ladies and gentlemen, when you think of what has happened here, it is simply outrageous."

## REQUEST FOR PRODUCTION NO. 33:

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach

Boy" at p. 372:

> "After a lengthy summary of the misrepresentations and betrayals, Mike Flynn concluded: "It has been a long two months . . . The guy who did all the work and wrote the songs hasn't got anything . . . So after you deliberate and consider all these items, all this evidence, all this testimony, I am going to ask you to return a verdict for this man because he deserves it. He wrote the songs."

**REQUEST FOR PRODUCTION NO. 34:**

Produce and identify  for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations"  My Life As A Beach Boy" at p. 372:

> "To reach a verdict, Brian's lawyers requested that jurors fill out a twenty-five-page questionnaire— a typical request from a defendant. The more that jurors have to consider, or the more deeply they plunge into every piece of evidence, the greater the possibility that doubt will creep in. (Plaintiffs prefer three-line verdicts.) To Mike Flynn's dismay, I told him to accept those instructions. I wanted jurors to consider all aspects of this case. I wanted a long verdict as a document on the history of the Beach Boys."

**REQUEST FOR PRODUCTION NO. 35:**

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations"  My Life As A Beach Boy" at p. 372:

> "The jurors began their deliberations on December 2. Though we all knew what was at stake, I didn't feel nervous. I very much believe in karma, which is a doctrine of universal truth. It basically states that notwithstanding the machinations of man— and regardless of the good or evil in the world— if you follow your conscience, the universe will support the truth. Mike Flynn and I talked about this at length. He knows a lot more about the legal system than I do, so he was worried about how the jurors were reacting to various arguments and rulings. At the same time, I was taking hits in the press for my attempted "money grab." **But I remained confident that if you follow what is true, the universe will support it. I was at peace**." (BOLD SUPPLIED).

**REQUEST FOR PRODUCTION NO. 36:**

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 372 -373:

> "After ten days of deliberation, the jury returned with its "special verdict," and Judge Rea, who at seventy-four was himself showing the stress of a long trial, looked right at Mike and me with a worn smile. Page by page, he read the verdict. The jurors ruled that I deserved credit on all thirty-five songs; that Brian and I were partners; that Brian or his agents concealed material facts with the intent to defraud me; that they engaged in promissory fraud regarding songwriting credits and royalties; and on and on it went.
>
> "It was a clean-sweep victory. I hugged Jacquelyne and Mike, but there was no celebration, no cheering. I was vindicated but subdued. I was thinking about what came next. When I left the courthouse and faced the television cameras, I said that I hoped this case would allow Brian and me to put the past behind us so that we could write music again."

**REQUEST FOR PRODUCTION NO. 37:**

Produce complete copies of the Defendants' signed tax returns (including all schedules, worksheets, form, addenda, etc. thereto) for years tax years1990 through 2020.

**REQUEST FOR PRODUCTION NO. 38:**

Produce and identify all documents, memos, emails, notes, correspondence with the Defendants' bookkeepers, CPAs, accountants and the like concerning payment of expenses and/or fees related to the Plaintiffs and/or their claims from 1992 through 2020.

**REQUEST FOR PRODUCTION NO. 39:**

Produce and identify all documents related to all payments made by BRI to you since 1994.

**REQUEST FOR PRODUCTION NO. 40:**

Produce and identify all documents related to all songwriter agreements, publishing agreements, sub publishing agreements, publishing administrators, record contracts, licensing deals, public performances and agreements with Performing Rights Organizations domestically and abroad, by you individually or The Beach Boys between 1994 and the present.

Plaintiffs' First Set of Requests for Production of Documents

**REQUEST FOR PRODUCTION NO. 41:**

Produce all photographs taken of Mike Love with any of the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 42:**

Produce all credit card records for the period between July 1, 1992 and August 31, 1992.

**REQUEST FOR PRODUCTION NO. 43:**

Produce and identify all documents related to the Beach Boys and / or Mike Love touring schedule between July 1, 1992 and August 30, 1992.

**REQUEST FOR PRODUCTION NO. 44:**

Produce and identify all documents between the Defendants and the Ashley firm related to the Plaintiffs and /or their claims between January, 1992 and the present, including but not limited to all internal memos, emails, notes, correspondence, and digital recordings.

**REQUEST FOR PRODUCTION NO. 45:**

Produce and identify for inspection and copying any one or more specific documents in order to identify all employees, agents and attorneys for each of the Defendants between 1992 and the present.

**REQUEST FOR PRODUCTION NO. 46:**

Produce and identify all documents relating to all agreements between the Plaintiffs and the Defendants.

**REQUEST FOR PRODUCTION NO. 47:**

Produce and identify all documents relating to the *Wixen v. Spotify* lawsuit.

**REQUEST FOR PRODUCTION NO. 48:**

Produce and identify all documents relating to all negotiations, agreements, dealings, and involvement with BMG, its agents, attorneys and employees by you and your agents, attorneys and employees, which in any way relate to the 35 songs recovered by the Plaintiffs in the Special Verdict.

**REQUEST FOR PRODUCTION NO. 49:**

Produce and identify all Bank Statements for any account of any of the Defendants, their

Plaintiffs' First Set of Requests for Production of Documents

1  agents, employees or others into which moneys were deposited  relating to any songwriter

2  royalties received by any of the Defendants, between 1990 and the present, including any and all

3  payments or  transfers between any accounts of the Defendants.

4  **REQUEST FOR PRODUCTION NO. 50:**

5  Produce and identify all documents relating to the 35 songs in the Special Verdict.

6  **REQUEST FOR PRODUCTION NO. 51:**

7  Produce and identify all documents executed, negotiated or agreed upon between the

8  Defendants to transfer, distribute, hold in trust, convey or make payment in connection with any

9  of the 35 songs, reversion rights, and / or any all rights relating to said songs or moneys or assets

10  related to said songs.

11  **REQUEST FOR PRODUCTION NO. 52:**

12  Produce and identify all documents filed in any court or provided to any third party in

13  which the third party is not covered by any privileged communications relating to marital

14  conflicts between Michael Love and Jacquelyne Piesen Love.

15  **REQUEST FOR PRODUCTION NO. 53:**

16  Please identify all attorneys in connection with which Michael Love or Jacquelyne Piesen

17  Love have sought advice concerning their marriage.

18  **REQUEST FOR PRODUCTION NO. 54:**

19  Please produce and identify all documents relating to the 35 songs which identify all

20  accountants, attorneys, individuals and entities that have been or are presently involved in any

21  capacity with the collection, and/or administration, and / or distribution of any and all songwriter

22  royalties between 1990 and the present.

23

24

25

26

27

28

Plaintiffs' First Set of Requests for Production of Documents

Dated February 10, 2020.

Respectfully submitted

/s/ Michael J. Flynn
Michael J. Flynn, Pro Se


/s/Philip H. Stillman
 Philip H. Stillman, Pro Se

Plaintiffs' First Set of Requests for Production of Documents

**GREENBERG TRAURIG, LLP**
MARK E. FERRARIO
Nevada Bar No. 1625
JASON K. HICKS
Nevada Bar No. 13149
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone:  702-792-3773
Facsimile:   702-792-9002
Email:  ferrariom@gtlaw.com
          hicksja@gtlaw.com

VINCENT H. CHIEFFO
*Admitted Pro Hac Vice*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700
Facsimile:  310-586-7800
Email:  chieffov@gtlaw.com

*Attorneys for Defendants*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL J. FLYNN, and PHILIP STILLMAN, | Case No.:  3:19-cv-239-MMD-CLB |
| Plaintiffs, | **DEFENDANTS' AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| MICHAEL E. LOVE, an individual; and JACQUELYNE LOVE, an individual; MICHAEL E. LOVE as TRUSTEE OF THE MICHAEL LOVE FAMILY TRUST; MELECO, INC., a Nevada corporation; and DOES 1-10, | |
| Defendants. | |

PROPOUNDING PARTIES:         Plaintiffs

RESPONDING PARTY:             Defendants

ACTIVE52159508

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Michael Love, individually and as the Trustee of the Michael E. Love Family Trust, Jacquelyne Love, and Meleco, Inc., ("Defendants") hereby amend their responses to Plaintiffs' First Set of Requests for Production of Documents as follows:

## PRELIMINARY STATEMENT

Discovery and investigation are continuing. Defendants reserve the right to amend or supplement these responses as additional information and documents become available. Any agreement by Defendants to produce responsive documents does not mean that such documents exist. Rather, such agreement means only that Defendants will make a diligent search and reasonable inquiry to locate any such documents in Defendants' possession, custody or control, and produce them if they are obtained. Defendants reserve the right to produce any document it agrees to produce pursuant to the Protective Order in this case.

Defendants will produce documents responsive to these Requests on a rolling basis. If a document to be produced is responsive to more than one Request, it will be produced only once.

This preliminary statement is incorporated by reference into each of the responses below as though set forth in full therein.

## AMENDED GENERAL OBJECTIONS

Defendants assert the following general objections ("General Objections") to each and every one of the document requests contained in the Requests, where applicable. The General Objections may or may not be reasserted after each specific document request. The assertion of the same, similar or additional objections to each specific document request, or the failure to assert any additional objection to each specific document request does not waive or alter the General Objections immediately set forth below:

1.      Defendants object to the Requests to the extent that they seek the production of documents and information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest privilege, and/or information prepared in anticipation of litigation.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

2.      Defendants object to the Requests to the extent that they seek the production of documents and information that are proprietary and/or confidential. Such documents will only be produced subject to the Protective Order.

3.      Defendants object to the Requests to the extent that they are vague and/or ambiguous.

4.      Defendants object to the Requests to the extent that they are overly broad and/or unduly burdensome.

5.      Defendants object to the Requests to the extent that they seek documents and information already within plaintiff's and/or his representative's or agent's possession, custody or control and/or not in Defendants' possession, custody or control. Defendants further objects to the Requests to the extent they seek information or documents that are not in Defendants' possession, custody, or control, not known or reasonably available to Defendants, not ascertainable by means of a reasonably diligent search, not maintained by Defendants in the normal course of business, or no longer maintained by Defendants.

6.      Defendants object to the Requests to the extent that they seek documents and information that are publicly available.

7.      Defendants object to the Requests to the extent that they seek documents and information that are neither relevant to any of the claims or defenses in this action nor are reasonably calculated to lead to the discovery of admissible or relevant evidence.

8.      Defendants object to the Requests to the extent that they do not allow for a reasonable time for the document search.

9.      Defendants object to the Requests to the extent that they purport to impose obligations on Defendants beyond those set forth in the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Nevada.

10.     As used herein, the term "Claims" shall mean Plaintiffs' claims asserted in Plaintiffs' Third Amended Complaint (ECF No. 50). Defendants maintain that Plaintiffs' Claims are improper under the law and should be dismissed. Defendants responses herein are expressly subject to and without waiver of any and all affirmative defenses.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE52159508

1    11.    As used herein, the term "35 Songs" refers to the 35 Beach Boys songs that were

2  the subject of the litigation and settlement agreement in *Love v. Wilson*.

3    Subject to and without waiver of the foregoing General Objections, Defendants respond as

4  follows:

5  **RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

6  **REQUEST FOR PRODUCTION NO. 1:**

7    Produce and identify for inspection and copying the originals, or original copies of all,

8  memos, correspondence, letters, reports, notes, and documents of every nature and description,

9  relating to the subject matter of the Abraham Somer conflict of interest in connection with the

10  sale of the Sea of Tunes catalog of songs in 1969, sent to or received by you, your agents,

11  employees, attorneys and others from John Branca, and / or his law office between January, 1982

12  and December 31, 1995.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

14    Defendants object to the definition of "identify" as used in this request, which purports to

15  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

16  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

17  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

18  the case. Defendants further object to the request to the extent it seeks information not reasonably

19  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

20  extent it purports to seek documents or information protected from disclosure by the attorney-

21  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

22  any other applicable privilege or protections, and to the extent it purports to seek documents or

23  information protected from disclosure by the right to privacy under the United States, California,

24  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

25  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

26  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

27  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

28  relation to the reasonable needs of the case.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Page **4**

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants stand on their objections and will not be producing the requested documents.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims, and that are otherwise unobjectionable responsive documents located through a reasonable search and that are in Defendants' possession, custody, or control, if the same exist.

**REQUEST FOR PRODUCTION NO. 2:**

Produce and identify for inspection and copying the originals, or original copies, of all, memos, correspondence, letters, reports, notes, and documents of every nature and description, relating to the subject matter of the Abraham Somer conflict of interest in connection with the

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Page **5**

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  sale of the Sea of Tunes catalog of songs in 1969, sent to or received by you from Robert Kory,

2  and / or his law office, between January 1982 and December 31, 1995.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

4        Defendants object to the definition of "identify" as used in this request, which purports to

5  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

6  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

7  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

8  the case. Defendants further object to the request to the extent it seeks information not reasonably

9  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

10  extent it purports to seek documents or information protected from disclosure by the attorney-

11  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

12  any other applicable privilege or protections, and to the extent it purports to seek documents or

13  information protected from disclosure by the right to privacy under the United States, California,

14  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

15  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

16  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

17  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

18  relation to the reasonable needs of the case.

19        Subject to, and without waiving, the foregoing general and specific objections, and based

20  upon a reasonable construction of the scope of this request, Defendants respond as follows:

21  Defendants stand on their objections and will not be producing the requested documents.

22  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

23        Defendants object to the definition of "identify" as used in this request, which purports to

24  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

25  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

26  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

27  the case. Defendants further object to the request to the extent it seeks information not reasonably

28  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims, and that are otherwise unobjectionable responsive documents located through a reasonable search and that are in Defendants' possession, custody, or control, if the same exist.

**REQUEST FOR PRODUCTION NO. 3:**

Produce and identify for inspection and copying the originals, or original copies, of all, memos, correspondence, letters, reports, notes, and documents of every nature and description, relating to the subject matter of the Abraham Somer conflict of interest in connection with the sale of the Sea of Tunes catalog of songs in 1969, sent to or received by you from Harry Hathaway, and / or his law office, between January, 1982 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants stand on their objections and will not be producing the requested documents.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE52159508

1    Subject to, and without waiving, the foregoing general and specific objections, and based

2    upon a reasonable construction of the scope of this request, Defendants respond as follows:

3    Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims,

4    and that are otherwise unobjectionable responsive documents located through a reasonable search

5    and that are in Defendants' possession, custody, or control, if the same exist.

6    **REQUEST FOR PRODUCTION NO. 4:**

7    Produce and identify for inspection and copying the originals or original copies of the

8    February 19, 1985 letter, relating to the subject matter of the Abraham Somer conflict of interest

9    in connection with the sale of the Sea of Tunes catalog of songs, sent to you or received by you

10   from John Branca, and / or his law office; and / or sent to you by Robert Kory; and / or Harry

11   Hathaway.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

13   Defendants object to the definition of "identify" as used in this request, which purports to

14   require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

15   message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

16   [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

17   the case. Defendants further object to the request to the extent it seeks information not reasonably

18   calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

19   extent it purports to seek documents or information protected from disclosure by the attorney-

20   client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

21   any other applicable privilege or protections, and to the extent it purports to seek documents or

22   information protected from disclosure by the right to privacy under the United States, California,

23   and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

24   the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

25   documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

26   scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

27   relation to the reasonable needs of the case.

28

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants stand on their objections and will not be producing the requested documents.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims, and that are otherwise unobjectionable responsive documents located through a reasonable search and that are in Defendants' possession, custody, or control, if the same exist.

**REQUEST FOR PRODUCTION NO. 5:**

Produce and identify for inspection and copying the originals, or original copies of all correspondence, notes, memos, and documents of every nature and description, relating to the subject matter of the Abraham Somer conflict of interest in connection with the sale of the Sea of

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1    Tunes catalog of songs in 1969, sent to you or received by you from Elliott Lott and / or the

2    agents, employees, Directors, shareholders of Brother Records, Inc.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

4    Defendants object to the definition of "identify" as used in this request, which purports to

5    require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

6    message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

7    [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

8    the case. Defendants further object to the request to the extent it seeks information not reasonably

9    calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

10    extent it purports to seek documents or information protected from disclosure by the attorney-

11    client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

12    any other applicable privilege or protections, and to the extent it purports to seek documents or

13    information protected from disclosure by the right to privacy under the United States, California,

14    and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

15    the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

16    documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

17    scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

18    relation to the reasonable needs of the case.

19    Subject to, and without waiving, the foregoing general and specific objections, and based

20    upon a reasonable construction of the scope of this request, Defendants respond as follows:

21    Defendants stand on their objections and will not be producing the requested documents.

22    **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

23    Defendants object to the definition of "identify" as used in this request, which purports to

24    require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

25    message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

26    [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

27    the case. Defendants further object to the request to the extent it seeks information not reasonably

28    calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  extent it purports to seek documents or information protected from disclosure by the attorney-

2  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

3  any other applicable privilege or protections, and to the extent it purports to seek documents or

4  information protected from disclosure by the right to privacy under the United States, California,

5  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

6  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

7  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

8  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

9  relation to the reasonable needs of the case.

10    Subject to, and without waiving, the foregoing general and specific objections, and based

11  upon a reasonable construction of the scope of this request, Defendants respond as follows:

12  Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims,

13  and that are otherwise unobjectionable responsive documents located through a reasonable search

14  and that are in Defendants' possession, custody, or control, if the same exist.

15  **REQUEST FOR PRODUCTION NO. 6:**

16    Produce and identify for inspection and copying the originals, or original copies of the

17  Report and / or documents prepared by the attorney(s) retained by John Branca and / or Brother

18  Records, Inc., referenced in Branca's February 19, 1985 letter, relating to an investigation into the

19  subject matter of the Abraham Somer conflict of interest in connection with the sale of the Sea of

20  Tunes catalog of songs in 1969, sent to you or received by you from John Branca, and / or his law

21  office, and / or from Robert Kory and / or his law office, and / or from Harry Hathaway and his

22  law office; and / or from any agent, employee, Director or shareholder of Brother Records, Inc.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

24    Defendants object to the definition of "identify" as used in this request, which purports to

25  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

26  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

27  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

28  the case. Defendants further object to the request to the extent it seeks information not reasonably

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE52159508

1  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

2  extent it purports to seek documents or information protected from disclosure by the attorney-

3  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

4  any other applicable privilege or protections, and to the extent it purports to seek documents or

5  information protected from disclosure by the right to privacy under the United States, California,

6  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

7  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

8  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

9  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

10  relation to the reasonable needs of the case.

11       Subject to, and without waiving, the foregoing general and specific objections, and based

12  upon a reasonable construction of the scope of this request, Defendants respond as follows:

13  Defendants stand on their objections and will not be producing the requested documents.

14  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

15       Defendants object to the definition of "identify" as used in this request, which purports to

16  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

17  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

18  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

19  the case. Defendants further object to the request to the extent it seeks information not reasonably

20  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

21  extent it purports to seek documents or information protected from disclosure by the attorney-

22  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

23  any other applicable privilege or protections, and to the extent it purports to seek documents or

24  information protected from disclosure by the right to privacy under the United States, California,

25  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

26  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

27  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

28

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Page **13**

1 | scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

2 | relation to the reasonable needs of the case.

3 |        Subject to, and without waiving, the foregoing general and specific objections, and based

4 | upon a reasonable construction of the scope of this request, Defendants respond as follows:

5 | Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims,

6 | and that are otherwise unobjectionable responsive documents located through a reasonable search

7 | and that are in Defendants' possession, custody, or control, if the same exist.

8 | **REQUEST FOR PRODUCTION NO. 7:**

9 |        Produce and identify for inspection and copying the originals, or original copies of all

10 | documents in the possession of Jacquelyne Piesen Love or Michael E. Love relating to the subject

11 | matter of the Abraham Somer conflict of interest in connection with the sale of the Sea of Tunes

12 | catalog of songs in 1969

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

14 |        Defendants object to the definition of "identify" as used in this request, which purports to

15 | require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

16 | message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

17 | [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

18 | the case. Defendants further object to the request to the extent it seeks information not reasonably

19 | calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

20 | extent it purports to seek documents or information protected from disclosure by the attorney-

21 | client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

22 | any other applicable privilege or protections, and to the extent it purports to seek documents or

23 | information protected from disclosure by the right to privacy under the United States, California,

24 | and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

25 | the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

26 | documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

27 | scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

28 | relation to the reasonable needs of the case.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   Subject to, and without waiving, the foregoing general and specific objections, and based

2   upon a reasonable construction of the scope of this request, Defendants respond as follows:

3   Defendants stand on their objections and will not be producing the requested documents.

4   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

5   Defendants object to the definition of "identify" as used in this request, which purports

6   to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

7   message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

8   [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

9   the case. Defendants further object to the request to the extent it seeks information not reasonably

10  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

11  extent it purports to seek documents or information protected from disclosure by the attorney-

12  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

13  any other applicable privilege or protections, and to the extent it purports to seek documents or

14  information protected from disclosure by the right to privacy under the United States, California,

15  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

16  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

17  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

18  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

19  relation to the reasonable needs of the case.

20  Subject to, and without waiving, the foregoing general and specific objections, and based

21  upon a reasonable construction of the scope of this request, Defendants respond as follows:

22  Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims,

23  and that are otherwise unobjectionable responsive documents located through a reasonable search

24  and that are in Defendants' possession, custody, or control, if the same exist.

25  **REQUEST FOR PRODUCTION NO. 8:**

26  Produce and identify for inspection and copying the originals, or original copies, of all

27  documents in the possession of Jacquelyne Piesen Love or Michael E. Love, relating to the

28  subject matter of the Abraham Somer conflict of interest in connection with the sale of the Sea of

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Page **15**

1  Tunes catalog in 1969, which either of you have provided to the law firm of Greenberg Traurig,

2  and/or any other individual.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

4       Defendants object to the definition of "identify" as used in this request, which purports to

5  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

6  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

7  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

8  the case. Defendants further object to the request to the extent it seeks information not reasonably

9  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

10  extent it purports to seek documents or information protected from disclosure by the attorney-

11  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

12  any other applicable privilege or protections, and to the extent it purports to seek documents or

13  information protected from disclosure by the right to privacy under the United States, California,

14  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

15  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

16  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

17  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

18  relation to the reasonable needs of the case.

19       Subject to, and without waiving, the foregoing general and specific objections, and based

20  upon a reasonable construction of the scope of this request, Defendants respond as follows:

21  Defendants stand on their objections and will not be producing the requested documents.

22  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

23       Defendants object to the definition of "identify" as used in this request, which purports to

24  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

25  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

26  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

27  the case. Defendants further object to the request to the extent it seeks information not reasonably

28  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims, and that are otherwise unobjectionable responsive documents located through a reasonable search and that are in Defendants' possession, custody, or control, if the same exist.

**REQUEST FOR PRODUCTION NO. 9:**

Produce and identify for inspection and copying the originals, or original copies of all documents, electronic recordings, files, and materials in your possession from the files and documents of Michael J. Flynn, Philip Stillman, Carla DiMare and/or the law firm of Flynn, Sheridan, Tabb and Stillman.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE52159508

1    any other applicable privilege or protections, and to the extent it purports to seek documents or

2    information protected from disclosure by the right to privacy under the United States, California,

3    and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

4    the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

5    documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

6    scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

7    relation to the reasonable needs of the case. Defendants further object to the extent this request

8    assumes that Defendants are in possession of files that belong to the individuals and/or entities

9    listed in the request.

10          Subject to, and without waiving, the foregoing general and specific objections, and based

11   upon a reasonable construction of the scope of this request, Defendants respond as follows:

12   Defendants will produce documents that are not privileged, that are relevant to Plaintiffs'

13   Contract-Based Claims, and that are otherwise unobjectionable responsive documents located

14   through a reasonable search and that are in Defendants' possession, custody, or control, if the

15   same exist.

16   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

17          Defendants object to the definition of "identify" as used in this request, which purports to

18   require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

19   message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

20   [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

21   the case. Defendants further object to the request to the extent it seeks information not reasonably

22   calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

23   extent it purports to seek documents or information protected from disclosure by the attorney-

24   client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

25   any other applicable privilege or protections, and to the extent it purports to seek documents or

26   information protected from disclosure by the right to privacy under the United States, California,

27   and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

28   the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

2   scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

3   relation to the reasonable needs of the case. Defendants further object to the extent this request

4   assumes that Defendants are in possession of files that belong to the individuals and/or entities

5   listed in the request.

6       Subject to, and without waiving, the foregoing general and specific objections, and based

7   upon a reasonable construction of the scope of this request, Defendants respond as follows:

8   Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims,

9   and that are otherwise unobjectionable responsive documents located through a reasonable search

10   and that are in Defendants' possession, custody, or control, if the same exist.

11   **REQUEST FOR PRODUCTION NO. 10:**

12       Produce and identify for inspection and copying all originals, or copies of originals, of all

13   documents, memos, electronic data, electronic files, or documents of every nature and description

14   from the files, records and documents of Robert Kory provided to you or to Harry Hathaway, and

15   / or received by you from Kory or Hathaway, relating to any and all matters involving the

16   representation by the Plaintiffs in the cases of Michael E. Love v Irving Music, and Brian Wilson;

17   and Brian Wilson v Irving Music.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

19       Defendants object to the definition of "identify" as used in this request, which purports to

20   require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

21   message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

22   [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

23   the case. Defendants further object to the request to the extent it seeks information not reasonably

24   calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

25   extent it purports to seek documents or information protected from disclosure by the attorney-

26   client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

27   any other applicable privilege or protections, and to the extent it purports to seek documents or

28   information protected from disclosure by the right to privacy under the United States, California,

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

2  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

3  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

4  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

5  relation to the reasonable needs of the case.

6          Subject to, and without waiving, the foregoing general and specific objections, and based

7  upon a reasonable construction of the scope of this request, Defendants respond as follows:

8  Defendants will produce documents that are not privileged, that are relevant to Plaintiffs'

9  Contract-Based Claims, and that are otherwise unobjectionable responsive documents located

10  through a reasonable search and that are in Defendants' possession, custody, or control, if the

11  same exist.

12  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

13          Defendants object to the definition of "identify" as used in this request, which purports to

14  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

15  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

16  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

17  the case. Defendants further object to the request to the extent it seeks information not reasonably

18  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

19  extent it purports to seek documents or information protected from disclosure by the attorney-

20  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

21  any other applicable privilege or protections, and to the extent it purports to seek documents or

22  information protected from disclosure by the right to privacy under the United States, California,

23  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

24  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

25  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

26  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

27  relation to the reasonable needs of the case.

28

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1    Subject to, and without waiving, the foregoing general and specific objections, and based

2   upon a reasonable construction of the scope of this request, Defendants respond as follows:

3   Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims,

4   and that are otherwise unobjectionable responsive documents located through a reasonable search

5   and that are in Defendants' possession, custody, or control, if the same exist.

6   **REQUEST FOR PRODUCTION NO. 11:**

7    Produce and identify for inspection and copying the originals, or original copies of all

8   documents, electronic recordings, files, and materials in your possession from the cases of Love v

9   Irving Music, Brian Wilson, Abraham Somer; and from the case of Wilson v Irving Music,

10  Abraham Somer.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

12   Defendants object to the definition of "identify" as used in this request, which purports to

13  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

14  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

15  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

16  the case. Defendants further object to the request to the extent it seeks information not reasonably

17  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

18  extent it purports to seek documents or information protected from disclosure by the attorney-

19  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

20  any other applicable privilege or protections, and to the extent it purports to seek documents or

21  information protected from disclosure by the right to privacy under the United States, California,

22  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

23  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

24  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

25  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

26  relation to the reasonable needs of the case. Defendants further object to this request to the extent

27  it seeks publicly-filed information and/or information that is accessible to Plaintiffs as readily and

28  easily as it is to Defendants.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE52159508

1         Subject to, and without waiving, the foregoing general and specific objections, and based

2   upon a reasonable construction of the scope of this request, Defendants respond as follows:

3   Defendants will produce documents that are not privileged, that are relevant to Plaintiffs'

4   Contract-Based Claims, and that are otherwise unobjectionable responsive documents located

5   through a reasonable search and that are in Defendants' possession, custody, or control, if the

6   same exist.

7   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8         Defendants object to the definition of "identify" as used in this request, which purports to

9   require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

10  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

11  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

12  the case. Defendants further object to the request to the extent it seeks information not reasonably

13  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

14  extent it purports to seek documents or information protected from disclosure by the attorney-

15  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

16  any other applicable privilege or protections, and to the extent it purports to seek documents or

17  information protected from disclosure by the right to privacy under the United States, California,

18  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

19  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

20  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

21  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

22  relation to the reasonable needs of the case. Defendants further object to this request to the extent

23  it seeks publicly-filed information and/or information that is accessible to Plaintiffs as readily and

24  easily as it is to Defendants.

25        Subject to, and without waiving, the foregoing general and specific objections, and based

26  upon a reasonable construction of the scope of this request, Defendants respond as follows:

27  Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims,

28

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  and that are otherwise unobjectionable responsive documents located through a reasonable search

2  and that are in Defendants' possession, custody, or control, if the same exist.

3  **REQUEST FOR PRODUCTION NO. 12:**

4      Produce and identify for inspection and copying all accounting records in your possession

5  relating to any and all accounting and / or financial matters relating to Michael Flynn and/or the

6  law firm of Flynn, Sheridan, Tabb & Stillman.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

8      Defendants object to the definition of "identify" as used in this request, which purports to

9  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

10 message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

11 [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

12 the case. Defendants further object to the request to the extent it seeks information not reasonably

13 calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

14 extent it purports to seek documents or information protected from disclosure by the attorney-

15 client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

16 any other applicable privilege or protections, and to the extent it purports to seek documents or

17 information protected from disclosure by the right to privacy under the United States, California,

18 and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

19 the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

20 documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

21 scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

22 relation to the reasonable needs of the case.

23      Subject to, and without waiving, the foregoing general and specific objections, and based

24 upon a reasonable construction of the scope of this request, Defendants respond as follows:

25 Defendants will produce responsive documents that are not privileged, that are relevant to

26 Plaintiffs' Contract-Based Claims, and that are otherwise unobjectionable, and which are located

27 through a reasonable search, that are in Defendants' possession, custody, or control, if the same

28 exist.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

2  Defendants object to the definition of "identify" as used in this request, which purports to

3  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

4  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

5  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

6  the case. Defendants further object to the request to the extent it seeks information not reasonably

7  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

8  extent it purports to seek documents or information protected from disclosure by the attorney-

9  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

10  any other applicable privilege or protections, and to the extent it purports to seek documents or

11  information protected from disclosure by the right to privacy under the United States, California,

12  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

13  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

14  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

15  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

16  relation to the reasonable needs of the case.

17  Subject to, and without waiving, the foregoing general and specific objections, and based

18  upon a reasonable construction of the scope of this request, Defendants respond as follows:

19  Defendants will produce responsive documents that are not privileged, that are relevant to

20  Plaintiffs' Claims, and that are otherwise unobjectionable, and which are located through a

21  reasonable search, that are in Defendants' possession, custody, or control, if the same exist.

22  **REQUEST FOR PRODUCTION NO. 13:**

23  Produce and identify for inspection and copying all documents of every nature and

24  description, including but not limited to all electronic and digital files, relating to the following

25  statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

26  at p. 374:

27  **"Frankly, I had no idea how much money I was being ripped off each year.
Before the trial, I was receiving about $75,000 a year in songwriter royalties.
After the trial, the amount jumped to over a $1 million a year."** (BOLD
SUPPLIED)

28

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all documents of every nature and description "relating" to a narrative statement written by a third-party, without specification and as such requires guesswork, is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: To the extent this request seeks the production of documents demonstrating the payment of songwriter royalties to Defendant Michael Love, Defendants will produce responsive documents that are not privileged, that are relevant to Plaintiffs' Contract-Based Claims, and that are otherwise unobjectionable, and which are located through a reasonable search, that are in Defendants' possession, custody, or control, if the same exist. Defendants are otherwise unable to respond to this request as written and thus stand on their objections.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all documents of every nature and description "relating" to a narrative statement written by a third-party, without specification and as such requires guesswork, is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: To the extent this request seeks the production of documents demonstrating the payment of songwriter royalties to Defendant Michael Love for the 35 Songs, Defendants will produce responsive documents that are not privileged, that are relevant to Plaintiffs' Claims, and that are otherwise unobjectionable, and which are located through a reasonable search, that are in Defendants' possession, custody, or control, if the same exist. Defendants are otherwise unable to respond to this request as written and thus stand on their objections.

**REQUEST FOR PRODUCTION NO. 14:**

Produce and identify for inspection and copying all state and federal tax returns, and/or portions thereof, or schedules and work papers, for the years 1992 through 2000, relating to the statement above in Request No. 13, and relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 373:

> "The case wasn't over yet. The trial established Brian's liability, but a second trial would determine damages. The enduring popularity of the songs, which included seven Top 10 hits, left Brian badly exposed. To determine lost royalties or compensatory damages, Mike Flynn analyzed the past financial records of Capitol Records and Irving Music and estimated I had lost between $ 18 million and $ 22 million. To determine the value of the actual copyright, Mike was going to have experts testify that it was worth between $ 40 million and $ 100 million. And because Brian was guilty on multiple counts of fraud, Mike was going to ask for punitive damages, which— if awarded— would have been ten times the compensatory damages."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is compound and incorporates and duplicates other Requests to Produce (e.g., Nos. 13 and 37) such that it is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  documents of every nature and description "relating" to a narrative statement written by a third-

2  party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

3  unduly burdensome, and disproportionate to the needs of the case.

4       Subject to, and without waiving, the foregoing general and specific objections, and based

5  upon a reasonable construction of the scope of this request, Defendants respond as follows:

6  Defendants are unable to respond to this request as written and thus stand on their objections.

7  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

8       Defendants object to the definition of "identify" as used in this request, which purports to

9  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

10  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

11  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

12  the case. Defendants further object to the request to the extent it seeks information not reasonably

13  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

14  extent it purports to seek documents or information protected from disclosure by the attorney-

15  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

16  any other applicable privilege or protections, and to the extent it purports to seek documents or

17  information protected from disclosure by the right to privacy under the United States, California,

18  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

19  the grounds that it: (1) is compound and incorporates and duplicates other Requests to Produce

20  (e.g., Nos. 13 and 37) such that it is not sufficiently particular or definite to apprise Defendants of

21  what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

22  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

23  relation to the reasonable needs of the case. Defendants object to this request as it seeks all

24  documents of every nature and description "relating" to a narrative statement written by a third-

25  party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

26  unduly burdensome, and disproportionate to the needs of the case.

27       Subject to, and without waiving, the foregoing general and specific objections, and based

28  upon a reasonable construction of the scope of this request, Defendants respond as follows: To the

Greenberg Traurig, LLP
10845 Griffin Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

extent this request seeks the production of documents demonstrating facts as to the value of

Defendant Michael Love's claims asserted in the *Love v. Wilson* litigation, Defendants will

produce responsive documents that are not privileged, that are relevant to Plaintiffs' Claims, and

that are otherwise unobjectionable, and which are located through a reasonable search, that are in

Defendants' possession, custody, or control, if the same exist. To the extent this Request seeks

production of documents related to opinions expressed in the quoted excerpt, Defendants are

otherwise unable to respond to this request as written and thus stand on their objections. To the

extent this Request seeks production of all tax returns from 1992 through 2000, Plaintiffs have

failed to show how each of the four individual defendants' tax returns are relevant to the claims

and defenses at issue in this litigation. Further, courts accord greater privacy protections to a

party's tax records, and Plaintiffs have failed to demonstrate why Defendants' tax returns are

necessary and/or why the information sought cannot be obtained from another source. Defendants

stand on their objections and will not be producing tax returns.

**REQUEST FOR PRODUCTION NO. 15:**

Produce and identify for inspection and copying all documents of every nature and

description, including but not limited to all electronic and digital files, relating to the following

statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

at p. 341-342:

> "Tom Hulett, our manager, would have drinks with Landy as a way to keep the door
> open with my cousin, and in 1986, Landy told Tom that Brian was going to sue
> Irving Music, the parent of A&M Records, whose Almo/Irving publishing arm
> bought the Sea of Tunes catalog in 1969 for $700,000. According to Landy, Brian
> was going to win back his publishing rights, and he, Landy, was driving the case.

> "One of Brian's representatives called me to discuss the suit, and on December 5,
> 1986, my lawyer, Robert Kory, and I met with Brian's attorneys, John Mason and
> Jim Tierney. They said they believed they could reverse the sale. Even though it had
> occurred seventeen years earlier, they said mental incompetency could overturn the
> statute of limitations, and they were going to argue that Brian was mentally
> incompetent at the time."

> "On December 22, 1986, just a few weeks after we had met with Brian's lawyers,
> they sent me a letter confirming what we had discussed, including that I would
> receive a third of any proceeds from their suit."

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all documents of every nature and description "relating" to a narrative statement written by a third-party, without specification and as such requires guesswork, is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants are unable to respond to this request as written and thus stand on their objections.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

2  extent it purports to seek documents or information protected from disclosure by the attorney-

3  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

4  any other applicable privilege or protections, and to the extent it purports to seek documents or

5  information protected from disclosure by the right to privacy under the United States, California,

6  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

7  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

8  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

9  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

10 relation to the reasonable needs of the case. Defendants object to this request as it seeks all

11 documents of every nature and description "relating" to a narrative statement written by a third-

12 party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

13 unduly burdensome, and disproportionate to the needs of the case.

14        Subject to, and without waiving, the foregoing general and specific objections, and based

15 upon a reasonable construction of the scope of this request, Defendants respond as follows: To the

16 extent this request seeks the production of documents demonstrating facts as to the value of

17 Defendant Michael Love's claims asserted in the *Love v. Wilson* litigation, Defendants will produce

18 responsive documents that are not privileged, that are relevant to Plaintiffs' Claims, and that are

19 otherwise unobjectionable, and which are located through a reasonable search, that are in

20 Defendants' possession, custody, or control, if the same exist. To the extent this Request seeks

21 production of documents related to opinions expressed in the quoted excerpt, Defendants are

22 otherwise unable to respond to this request as written and thus stand on their objections.

23 **REQUEST FOR PRODUCTION NO. 16:**

24        Produce and identify for inspection and copying all documents of every nature and

25 description, including but not limited to all electronic and digital files, relating to the following

26 statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

27 at p. 373-374:

28        "Brian was facing potential damages of between $58 million and $342
         million – almost certainly the largest case of fraud in music history.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1
2
3

> "By accepting a fraction of what I could have collected, I cost Mike Flynn millions of dollars in contingency fees, every penny of which he earned. But he never pushed me to get more money, nor did he ever waver in a case that became a three year crusade. With all due respect to Bobby Hatfield and Bill Medley, Mike Flynn is the ultimate Righteous Brother."

4

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

6   Defendants object to the definition of "identify" as used in this request, which purports to

7   require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

8   message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

9   [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

10  the case. Defendants further object to the request to the extent it seeks information not reasonably

11  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

12  extent it purports to seek documents or information protected from disclosure by the attorney-

13  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

14  any other applicable privilege or protections, and to the extent it purports to seek documents or

15  information protected from disclosure by the right to privacy under the United States, California,

16  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

17  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

18  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

19  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

20  relation to the reasonable needs of the case. Defendants object to this request as it seeks all

21  documents of every nature and description "relating" to a narrative statement written by a third-

22  party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

23  unduly burdensome, and disproportionate to the needs of the case.

24  Subject to, and without waiving, the foregoing general and specific objections, and based

25  upon a reasonable construction of the scope of this request, Defendants respond as follows:

26  Defendants are unable to respond to this request as written and thus stand on their objections.

27  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

28  Defendants object to the definition of "identify" as used in this request, which purports to

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all documents of every nature and description "relating" to a narrative statement written by a third-party, without specification and as such requires guesswork, is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: To the extent this request seeks the production of documents demonstrating facts as to the value of Defendant Michael Love's claims asserted in the *Love v. Wilson* litigation, Defendants will produce responsive documents that are not privileged, that are relevant to Plaintiffs' Claims, and that are otherwise unobjectionable, and which are located through a reasonable search, that are in Defendants' possession, custody, or control, if the same exist. To the extent this Request seeks production of documents related to opinions expressed in the quoted excerpt, Defendants are otherwise unable to respond to this request as written and thus stand on their objections.

**REQUEST FOR PRODUCTION NO. 17:**

Produce and identify for inspection and copying all documents of every nature and

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  description, including but not limited to all electronic and digital files, relating to the following

2  statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

3  at p. 227:

4   "It was, of course, one of the dumbest decisions in music history. The Beach Boys
5   didn't die, and the catalog was a cash machine for decades to come, generating more
    than a hundred million dollars in publishing royalties, none of which Murry or the
6   Beach Boys ever saw."

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

8   Defendants object to the definition of "identify" as used in this request, which purports to

9  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

10  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

11  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

12  the case. Defendants further object to the request to the extent it seeks information not reasonably

13  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

14  extent it purports to seek documents or information protected from disclosure by the attorney-

15  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

16  any other applicable privilege or protections, and to the extent it purports to seek documents or

17  information protected from disclosure by the right to privacy under the United States, California,

18  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

19  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

20  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

21  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

22  relation to the reasonable needs of the case. Defendants object to this request as it seeks all

23  documents of every nature and description "relating" to a narrative statement written by a third-

24  party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

25  unduly burdensome, and disproportionate to the needs of the case.

26   Subject to, and without waiving, the foregoing general and specific objections, and based

27  upon a reasonable construction of the scope of this request, Defendants respond as follows:

28  Defendants are unable to respond to this request as written and thus stand on their objections.

ACTIVE52159508

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

## REQUEST FOR PRODUCTION NO. 18:

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 351:

> "In October of 1991, my lawyer [Robert Kory] told me that Brian had decided to settle with Irving Music, and the proposed settlement was $ 10 million for all claims— a fraction of what Brian's lawyers thought they could win. In a phone call, my attorney told me that I would not receive any of those proceeds, nor would I receive credit on any of the songs that I wrote. The case would soon be over, and there wasn't anything I could do about it.

> "After hanging up, I paced back and forth across the house, not so much in rage but in disbelief, asking myself over and over again. What the fuck just happened? I had been deposed for two full days for this lawsuit, and I had helped them get $ 10 million, and now, no money, no song credits, nothing. This was the third time I had been screwed. First when Murry didn't give me credit. Then when Murry sold the catalog. And now this time.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all

1  documents of every nature and description "relating" to a narrative statement written by a third-

2  party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

3  unduly burdensome, and disproportionate to the needs of the case.

4      Subject to, and without waiving, the foregoing general and specific objections, and based

5  upon a reasonable construction of the scope of this request, Defendants respond as follows:

6  Defendants are unable to respond to this request as written and thus stand on their objections.

7  **REQUEST FOR PRODUCTION NO. 19:**

8      Produce and identify for inspection and copying all documents of every nature and

9  description, including but not limited to all electronic and digital files, relating to the following

10  statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

11  at p.351-352:

12      "Just as Jacquelyne spoke to him in her time of need, I sat down with Deepak and
     told him what happened with the lawsuit. Deepak told me I had to meet a lawyer

13   who had represented him and was at the center right now. His name was Mike Flynn,
     and he might be able to help. "Mike joined Jacquelyne and me for dinner. He was

14   lean, with straight dark hair and sharp angular features. Even at a health spa, he
     didn't seem like the relaxing type, and the more I told him about what happened, the

15   more interested he became. He preferred cases that involved "huge injustices"—
     right versus wrong, underdog versus top dog, good versus evil. "When I'm looking

16   into the eyes of the jury," he later said, "I want to be wearing the white hat."

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

19      Defendants object to the definition of "identify" as used in this request, which purports to

20  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

21  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

22  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

23  the case. Defendants further object to the request to the extent it seeks information not reasonably

24  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

25  extent it purports to seek documents or information protected from disclosure by the attorney-

26  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

27  any other applicable privilege or protections, and to the extent it purports to seek documents or

28  information protected from disclosure by the right to privacy under the United States, California,

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffin Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

2  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

3  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

4  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

5  relation to the reasonable needs of the case. Defendants object to this request as it seeks all

6  documents of every nature and description "relating" to a narrative statement written by a third-

7  party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

8  unduly burdensome, and disproportionate to the needs of the case.

9      Subject to, and without waiving, the foregoing general and specific objections, and based

10  upon a reasonable construction of the scope of this request, Defendants respond as follows:

11  Defendants are unable to respond to this request as written and thus stand on their objections.

12  **REQUEST FOR PRODUCTION NO. 20:**

13      Produce and identify for inspection and copying all documents of every nature and

14  description, including but not limited to all electronic and digital files, relating to the following

15  statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

16  at p.

17      "Our spiritual faith created a common bond— Mike Flynn had practiced TM since
        1974— but it was his legal faith that separated him from all others. Dating back to
18      the 1960s, every lawyer I had spoken to about my music-related legal problems had
        told me the same thing: yes, I'd been cheated, but there was nothing I could do.
19

20      "Lost causes, combined with huge injustices, were the very causes that Mike Flynn
        embraced. His willingness to help me was a revelation, but we still needed to do our
21      astrological vetting. Jacquelyne asked Mike over dinner what his birth date was and
        what time he was born. He excused himself to call his mother and returned with the
22      information. Then Jacquelyne left the table and returned with our astrologer's
        planetary assessment of Mike: "In the twelfth House of Justice, he has an exalted
23      Jupiter."

24      "That was good enough for Jacquelyne. "Hire him," she said. Mike Flynn, who had
        offices in San Diego County, began his work, and it included filing a suit against
25      HarperCollins for defamation in Brian's memoir. The book itself cast Gene Landy
        as Brian's savior (Landy also collected a third of the $ 250,000 advance), while
26      depicting me and the other members of the band as shameless malefactors who
        exploited Brian. Over the years, I've told many people, including reporters, that
27      Wouldn't It Be Nice is "my favorite book that I've never read," because
        HarperCollins settled the suit for a good deal of money. But that flippant remark
28      deflected my true feelings. I read as much of Brian's book as I could stomach and
        was stung by the false attacks against me, some of which were recycled from the
        1970s. Describing me as "smarmy," "creepy," and "flashing an evil grin," the

Page 37

1
2

memoir falsely claimed that I "hated everything" about Pet Sounds, alleged that I had cost Brother Records "millions of dollars in lost royalties" in bad business decisions, and blamed me for Brian's descent into "booze, drugs, and food." Writing songs with cousin Mike, Brian wrote, "had nearly killed me several times over."

3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

4

Defendants object to the definition of "identify" as used in this request, which purports to

5

require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

6

message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

7

[and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

8

the case. Defendants further object to the request to the extent it seeks information not reasonably

9

calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

10

extent it purports to seek documents or information protected from disclosure by the attorney-

11

client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

12

any other applicable privilege or protections, and to the extent it purports to seek documents or

13

information protected from disclosure by the right to privacy under the United States, California,

14

and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

15

the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

16

documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

17

scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

18

relation to the reasonable needs of the case. Defendants object to this request as it seeks all

19

documents of every nature and description "relating" to a narrative statement written by a third-

20

party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

21

unduly burdensome, and disproportionate to the needs of the case.

22

Subject to, and without waiving, the foregoing general and specific objections, and based

23

upon a reasonable construction of the scope of this request, Defendants respond as follows:

24

Defendants are unable to respond to this request as written and thus stand on their objections.

25

**REQUEST FOR PRODUCTION NO. 21:**

26

Produce and identify for inspection and copying all documents of every nature and

27

description, including but not limited to all electronic and digital files, relating to the following

28

statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Page **38**

at p. 354 – 355.

> "I knew that over the past three decades, plenty of things had happened to the Beach Boys that I either didn't understand or had neglected, but when Mike sat down with us in our living room, he came with piles of documentary evidence that he and his law firm had collected and analyzed, documents that I had never seen before, some dating all the way back to the inception of the group. He had copyright applications for songs, minutes from Brother Records board meetings, incorporation papers from Beach Boy– related companies, and letters. I then received a history lesson in deception, greed, and misplaced loyalty.

> "For one thing, Brian's lawyers misled me from the beginning about the grounds on which they were going to overturn the sale of the catalog. It wasn't only that Brian was mentally incompetent. It was also that our lawyer at the time of the sale, Abe Somer, was representing both sides of the transaction. He was the Beach Boys' attorney, but he was also the lawyer for Irving Music and its subsidiary, A& M Records. In addition, Somer was on the board of directors for both Irving Music and A& M Records, and he assisted Irving in the transaction. He never disclosed his dual representation to me or, as far as I knew, to anyone in the Beach Boys. It was a clear conflict of interest, and it was used in Brian's case against Irving Music to try to overturn the catalog's sale."

> "That was a shot to the gut. The guy we had entrusted to protect our songs was a snake, and as Mike Flynn explained it, the lies continued to this day. Brian's current lawyers had to know that if I was aware of the Somer conflict, I would have wanted to join the case against Irving Music. But if I joined Brian's case, we would have to split the proceeds and take money out of their pockets and Landy's. These lawyers concealed the Somer conflict from me, even though some of them knew it as early as 1986. Mike explained that because Brian and I had been music and business partners since the inception of the band, Brian and his lawyers had a fiduciary obligation to share that information with me. Instead, they concealed it, and I testified in their case, in exchange for promises of money and credit— promises, of course, that were never kept."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California,

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

2   the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

3   documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

4   scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

5   relation to the reasonable needs of the case. Defendants object to this request as it seeks all

6   documents of every nature and description "relating" to a narrative statement written by a third-

7   party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

8   unduly burdensome, and disproportionate to the needs of the case.

9        Subject to, and without waiving, the foregoing general and specific objections, and based

10   upon a reasonable construction of the scope of this request, Defendants respond as follows:

11   Defendants are unable to respond to this request as written and thus stand on their objections.

12   **REQUEST FOR PRODUCTION NO. 22:**

13        Produce and identify for inspection and copying all documents of every nature and

14   description, including but not limited to all electronic and digital files, relating to the following

15   statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

16   at p. 355 – 358:

17   "That was sleazy, but I wasn't surprised. I knew about Landy, and I'd been dealing
18   with corrupt lawyers for decades. But Mike Flynn said I hadn't heard the worst of
19   it. He grabbed another folder and said that the actual sale of the catalog in 1969 was
     the product of an elaborate scam to defraud me and was the culmination of years of
20   deception.

21   "I was listening.

22   "It started with the Sea of Tunes. When it was formed in 1961, it was a sole
     proprietorship, and Uncle Murry and Brian each had a 50 percent stake, though Brian
23   gave his half away the following year. Throughout the 1960s, Brian told me that he
     controlled the Sea of Tunes, which reassured me that I needn't worry about my song
24   credits. But according to a 1965 letter from Brian, Uncle Murry controlled the
25   catalog."

26   "The actual scam began in 1967, when Abe Somer began representing the Beach
     Boys. Mike told me that Somer had engaged in these kinds of deals in the past, so
27   he knew what he was doing, and once he and my uncle formed an alliance, he could
     move the pieces into place.

28

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE52159508

"Their goal was to sell the catalog and pocket the cash, but when Somer investigated the actual songs, he encountered a major problem. When you write a song, you're supposed to assign the copyright to a publisher, through a copyright registration and a songwriter's agreement, and the publisher distributes songwriter royalties from record sales and other publishing fees. For the Beach Boys, Uncle Murry and Brian tried to assign the copyrights to the Sea of Tunes, but when Somer searched for those assignments, he discovered a mess. The wrong songwriter forms had been used, while other forms were incomplete, dated incorrectly, or appeared to have been forged (which was later confirmed). Others were simply missing. Under the laws at the time, if a copyright was not assigned, then it remained with the songwriter, and any alleged copyright holder— in this case, Murry— lost it.

"No one would buy the publishing rights to our songs unless they could also buy the copyrights, but in terms of copyrights, the Sea of Tunes was an empty vessel. "Fixing the problem required even more chicanery. It involved the incorporation of Brother Records and the Sea of Tunes catalog, which masked the defects in the assignments and limited the liability for the buyer. Even those secret moves weren't enough to ensure the acquisition. I still owned the copyright to all my songs, and I could assert those rights regardless of who owned the catalog. To get the copyrights assigned to the catalog, Somer could have come to me with a stack of songwriter agreements and asked me to sign them, but I might have asked questions or smelled something rotten. So Somer had to trick me.

"After Murry found a buyer for the catalog, Somer drafted the letter that all the Beach Boys were told to sign. Dated August 20, 1969, and addressed to Irving Music, it said that the songs "authored by [the Beach Boys] have been assigned to Sea of Tunes in accordance with normal practice in the publishing business . . . [and] we acknowledge that we have executed songwriters' agreements whereby all of our rights in and to the foregoing musical compositions have been assigned to Sea of Tunes." "I had no idea what the hell that meant. So I asked my lawyer— Abe Somer! He told me there was nothing I could do. He didn't tell me that he had secretly planned this transaction for two years and that he represented Irving Music. It was premeditated, cunning, and diabolical. And in signing the letter, I gave away my songs.

"What Mike Flynn told me deepened my contempt for Uncle Murry. I knew he wanted to keep the Beach Boys a family band, but I didn't realize that in his eyes, I was never part of the family. When I later told my dad what happened, he said he wasn't surprised. "I knew he was a crook," he said. "He was always a crook. But he didn't have it out for you. He had it out for me." I'm sure he was right. Jealous of my dad, Murry wasn't going to let the entitled son of his rich brother-in-law receive the credit, the due, that he deserved. My uncle wanted the glory for his sons, and through his duplicity he got it.

"Mike told me there was another part of the story. Recall, he said, that Brian had signed the letter of August 20, 1969, that paved the way for the catalog's sale. But I needed to read another document, which said that on December 28, 1967, Somer incorporated the catalog into the Sea of Tunes Publishing Company. Mike then pulled out another file and showed me the minutes of a board meeting, apparently

ACTIVE52159508

the only one ever held by the Sea of Tunes Publishing Company, and the meeting resolved that "the liquidation and the distribution of [the company's] assets be commenced as soon as practicable."

"It was a resolution to sell the catalog.

"Mike told me to look at the signatures.

"It was signed by the company's sole shareholder and director, Murry Wilson, and by the directors, Audree Wilson and Brian Wilson.

"Mike told me to look at the date.

"It was July 21, 1969, a full month before we signed the letter to Irving Music. Brian had told me that his father had fucked us when the catalog was sold, but Brian had signed the document to commence the sale a full month before it actually happened. He knew his father was trying to sell the catalog, and he approved it.

"Mike also said that in Brian's own suit against Irving Music, his lawyers argued that Brian and Murry each had a 50 percent stake in Sea of Tunes even before its incorporation in 1967, and Brian was now bound by that. In other words, if Brian were a full partner with his father, then all the fraud and deceit surrounding the catalog must also be attributable to Brian. He could not escape responsibility.

"Brian is just as culpable as Murry," Mike said.

"I put my head down in my hands."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all documents of every nature and description "relating" to a narrative statement written by a third-party, without specification and as such requires guesswork, is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants are unable to respond to this request as written and thus stand on their objections.

**REQUEST FOR PRODUCTION NO. 23:**

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 362:

> "I needed some legal obstacles removed. Inside one of the temples, I stood next to a small fire, and with hundreds of priests chanting, I threw into the blaze almonds, chili peppers, and food grains. The goal is not to harm any of your adversaries but to evolve them to a more enlightened state, and it seemed fitting that the temple was equipped with its own choral effects. I loved the sound of the crackling flames, the chants, the invocations, the chorus of drums, bells, and gongs. These were harmonies of the spirit.

> "On another occasion, back in the states, Mike Flynn and I visited the temple in Calabasas when he was taking depositions and had hit some roadblock. We asked Narasimha to chant the thousand names of Ganesha, the linking of the names expressing the belie in the glory of the deity. Narasimha did all the work. Mike and I just sat back and listened until the sounds washed over us. When we got back to our car and drove down the highway, it felt like we were floating."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

2   the case. Defendants further object to the request to the extent it seeks information not reasonably

3   calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

4   extent it purports to seek documents or information protected from disclosure by the attorney-

5   client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

6   any other applicable privilege or protections, and to the extent it purports to seek documents or

7   information protected from disclosure by the right to privacy under the United States, California,

8   and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

9   the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

10  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

11  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

12  relation to the reasonable needs of the case. Defendants object to this request as it seeks all

13  documents of every nature and description "relating" to a narrative statement written by a third-

14  party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

15  unduly burdensome, and disproportionate to the needs of the case.

16         Subject to, and without waiving, the foregoing general and specific objections, and based

17  upon a reasonable construction of the scope of this request, Defendants respond as follows:

18  Defendants are unable to respond to this request as written and thus stand on their objections.

19  **REQUEST FOR PRODUCTION NO. 24:**

20         Produce and identify for inspection and copying all documents of every nature and

21  description, including but not limited to all electronic and digital files, relating to the following

22  statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach

23  Boy" at p. 362:

24
25         "The pretrial skirmishing dragged on for many months, in part because Brian's
           lawyers delayed or blocked access to documents. In February of 1994, Judge
26         William J. Rea reopened discovery when Mike Flynn convinced him that documents
           had been suppressed. The judge also removed Brian's two lawyers, J. J. Little and
27         Jim Tierney, for conflicts of interest, as their misconduct, acting on Brian's behalf,
           was part of the case. I didn't have the money to cover Mike's expenses, which
28         included hiring a forensics expert to comb through Brian's computer, and Mike
           would ultimately spend about $ 200,000 of his own cash just to keep the case going."

ACTIVE52159508

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all documents of every nature and description "relating" to a narrative statement written by a third-party, without specification and as such requires guesswork, is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants are unable to respond to this request as written and thus stand on their objections.

**REQUEST FOR PRODUCTION NO. 25:**

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 364:

"Mike Flynn was my best man. He had recently deposed Brian for seventeen days,

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  two hours a day, during which time Brian had admitted— to the dismay of his
2  lawyers— that I had contributed lyrics to thirty-five contested songs. (We initially
identified seventy-nine, but that number was too unwieldy.) Professional ethics
3  prevented Mike Flynn from speaking to Brian at the wedding, but in his lengthy and
very funny toast, he integrated lyrics from all thirty-five songs. Brian sat and listened
4  to it in good humor and later told Carl how much he liked it.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

6  Defendants object to the definition of "identify" as used in this request, which purports to

7  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

8  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

9  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

10  the case. Defendants further object to the request to the extent it seeks information not reasonably

11  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

12  extent it purports to seek documents or information protected from disclosure by the attorney-

13  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

14  any other applicable privilege or protections, and to the extent it purports to seek documents or

15  information protected from disclosure by the right to privacy under the United States, California,

16  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

17  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

18  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

19  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

20  relation to the reasonable needs of the case. Defendants object to this request as it seeks all

21  documents of every nature and description "relating" to a narrative statement written by a third-

22  party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

23  unduly burdensome, and disproportionate to the needs of the case.

24  Subject to, and without waiving, the foregoing general and specific objections, and based

25  upon a reasonable construction of the scope of this request, Defendants respond as follows:

26  Defendants are unable to respond to this request as written and thus stand on their objections.

27  **REQUEST FOR PRODUCTION NO. 26:**

28  Produce and identify for inspection and copying all documents of every nature and

Page **46**

description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 364 -365:

> "The trial finally began on October 4, 1994, in United States District Court in Los Angeles, and what occurred over the next two months was the most comprehensive history of the Beach Boys ever assembled, in several thousand pages of testimony (including pretrial depositions) and documents (hearings, rulings, motions, contracts, exhibits, letters, interview transcripts, medical reports, boardroom minutes, and more). The jurors heard from Brian and me as well as Al, Bruce, David Marks, Marilyn, and various promoters, record company executives, lawyers, managers, and medical experts. Carl refused to appear in court, but he was deposed at length, and his testimony was read to the jurors."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all documents of every nature and description "relating" to a narrative statement written by a third-party, without specification and as such requires guesswork, is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1    Subject to, and without waiving, the foregoing general and specific objections, and based

2  upon a reasonable construction of the scope of this request, Defendants respond as follows:

3  Defendants are unable to respond to this request as written and thus stand on their objections.

4  **REQUEST FOR PRODUCTION NO. 27:**

5    Produce and identify for inspection and copying all documents of every nature and

6  description, including but not limited to all electronic and digital files, relating to the following

7  statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

8  at p. 366-367:

9

10    "When Al Jardine took the stand, Mike Flynn asked him what happened when he
    gave Brian "Sloop John B." "I arranged it in a fashion that I thought Brian would
    appreciate [and] that we could possibly have as a Beach Boy song," Al said. "I wrote
11    it out for him and played it for him." "Al testified that to his surprise, Brian
    completed the song on his own, and it became a hit in America and around the world.

12
    "Did you get credit?" Mike Flynn asked.
13
    "No, I didn't," Al said. "No."
14
    "Brian, in his testimony, denied that Al helped him, but Al had no reason to perjure
15    himself: he wasn't a plaintiff in the case, he had nothing to gain financially, and the
    song itself wasn't even being contested. But a pattern of behavior was established."
16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

18    Defendants object to the definition of "identify" as used in this request, which purports to

19  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

20  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

21  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

22  the case. Defendants further object to the request to the extent it seeks information not reasonably

23  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

24  extent it purports to seek documents or information protected from disclosure by the attorney-

25  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

26  any other applicable privilege or protections, and to the extent it purports to seek documents or

27  information protected from disclosure by the right to privacy under the United States, California,

28  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Page **48**

the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all documents of every nature and description "relating" to a narrative statement written by a third-party, without specification and as such requires guesswork, is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants are unable to respond to this request as written and thus stand on their objections.

**REQUEST FOR PRODUCTION NO. 28:**

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 369:

"It was an unusually bitter trial, a war within a family and a band, with lawyers thundering at one another at every turn.

"At one point, Judge Rea, who'd been on the bench for twenty-six years, said he had never had a trial in which the attorneys voiced— or yelled— so many objections. And now, out of nowhere, the voice of a child pierced the ramblings of his medicated namesake. I suddenly got emotional and started to well up. I headed for the exit, and Jacquelyne, lifting Brian, followed me to the door.

"Brian Wilson, continuing with his testimony, said, "It does sort of sound like a Mike Love– type of riff."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all documents of every nature and description "relating" to a narrative statement written by a third-party, without specification and as such requires guesswork, is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants are unable to respond to this request as written and thus stand on their objections.

**REQUEST FOR PRODUCTION NO. 29:**

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 369-370:

"In addition to all the testimony, the paper trail told a clear story of deception and complicity. Thanks to the forensic analysis of Brian's computer, Mike Flynn had supplemented the documents from the 1960s with Brian's diary entries from the late 1980s, and they contradicted the depiction of a mental incompetent. Rather, they showed that Brian was intimately involved in his case against Irving Music, following the direction of his counsel and seeking to maximize his financial gain. Noting the guidance that he had received from his lawyers, Brian wrote:

"'These kinds of questions were leading to the fact that if I was caught saying that I remember when I was told about Sea of Tunes, the statute of limitation would have started instantly. Anyway J.J. assured me that we couldn't get shafted if I answered the questions that J.J. and Jim had been teaching me . . . We are not talking about two million dollars. ***We are talking about forty million dollars.'"*** (Italics, bold, supplied)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

2         Defendants object to the definition of "identify" as used in this request, which purports to

3    require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

4    message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

5    [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

6    the case. Defendants further object to the request to the extent it seeks information not reasonably

7    calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

8    extent it purports to seek documents or information protected from disclosure by the attorney-

9    client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

10   any other applicable privilege or protections, and to the extent it purports to seek documents or

11   information protected from disclosure by the right to privacy under the United States, California,

12   and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

13   the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

14   documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

15   scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

16   relation to the reasonable needs of the case. Defendants object to this request as it seeks all

17   documents of every nature and description "relating" to a narrative statement written by a third-

18   party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

19   unduly burdensome, and disproportionate to the needs of the case.

20        Subject to, and without waiving, the foregoing general and specific objections, and based

21   upon a reasonable construction of the scope of this request, Defendants respond as follows:

22   Defendants are unable to respond to this request as written and thus stand on their objections.

23   **REQUEST FOR PRODUCTION NO. 30:**

24        Produce and identify for inspection and copying all documents of every nature and

25   description, including but not limited to all electronic and digital files, relating to the following

26   statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

27   at p.370:

28        "In other examples, Brian's own words undermined his credibility. When he was on
         the stand, Mike Flynn read for him an interview he did with Todd Gold, his

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Page **51**

collaborator on his memoir, regarding "California Girls." Brian said that he and I wrote the song but I never received credit.

GOLD: Why? Whose fault was that?

BRIAN: That was my fault.

GOLD: Why didn't you give him credit?

BRIAN: Because I forgot that he wrote it with me.

GOLD: Did you ever regret forgetting to give him credit?

BRIAN: Very much so, yes.

Gold asked why he hadn't given me credit since then.

BRIAN: I don't know. I keep fucking up. I keep forgetting to do it.' "

"He kept forgetting? If "California Girls" had been an obscure song, that might have been believable. But Brian himself described it as the Beach Boys' "anthem." Every time he heard it, played it, sang it, or saw the record itself, he was reminded that this was fraud on vinyl."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE52159508

1  documents of every nature and description "relating" to a narrative statement written by a third-

2  party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

3  unduly burdensome, and disproportionate to the needs of the case.

4      Subject to, and without waiving, the foregoing general and specific objections, and based

5  upon a reasonable construction of the scope of this request, Defendants respond as follows:

6  Defendants are unable to respond to this request as written and thus stand on their objections.

7  **REQUEST FOR PRODUCTION NO. 31:**

8      Produce and identify for inspection and copying all documents of every nature and

9  description, including but not limited to all electronic and digital files, relating to the following

10 statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

11 at p. 370 – 371:

12     "There were songwriter agreements in which my name had been forged, and there
       were hidden letters and financial arrangements among the lawyers. There was a lot
13     of talk about suppression of evidence and promissory fraud and breaches of contract,
       but ultimately, after twenty-four days of testimony, the jurors had to decide if Brian
14     Wilson victimized me or was himself a victim of his own frailties."

15

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

17     Defendants object to the definition of "identify" as used in this request, which purports to

18 require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

19 message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

20 [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

21 the case. Defendants further object to the request to the extent it seeks information not reasonably

22 calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

23 extent it purports to seek documents or information protected from disclosure by the attorney-

24 client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

25 any other applicable privilege or protections, and to the extent it purports to seek documents or

26 information protected from disclosure by the right to privacy under the United States, California,

27 and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

28 the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Page **53**

documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all documents of every nature and description "relating" to a narrative statement written by a third-party, without specification and as such requires guesswork, is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants are unable to respond to this request as written and thus stand on their objections.

**REQUEST FOR PRODUCTION NO. 32:**

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 371:

> "Mike Flynn, in his closing argument, was equally unsparing toward Brian: "The guy who wrote the songs"— me—" helps his cousin for thirty years, supports him during that whole period of time while at least a good percentage of that money that Mr. Love is earning both from touring revenues and songwriter royalties . . . a good portion of that money is being used for drugs by Brian Wilson while Mr. Love is out working. And then they get his cooperation in Wilson vs. A& M, and then they turn around after they get the cooperation and use it against him . . . I submit to you, ladies and gentlemen, when you think of what has happened here, it is simply outrageous."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  any other applicable privilege or protections, and to the extent it purports to seek documents or

2  information protected from disclosure by the right to privacy under the United States, California,

3  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

4  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

5  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

6  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

7  relation to the reasonable needs of the case. Defendants object to this request as it seeks all

8  documents of every nature and description "relating" to a narrative statement written by a third-

9  party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

10  unduly burdensome, and disproportionate to the needs of the case.

11       Subject to, and without waiving, the foregoing general and specific objections, and based

12  upon a reasonable construction of the scope of this request, Defendants respond as follows:

13  Defendants are unable to respond to this request as written and thus stand on their objections.

14  **REQUEST FOR PRODUCTION NO. 33:**

15       Produce and identify for inspection and copying all documents of every nature and

16  description, including but not limited to all electronic and digital files, relating to the following

17  statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

18  at p. 372:

19       "After a lengthy summary of the misrepresentations and betrayals, Mike Flynn
         concluded: "It has been a long two months . . . The guy who did all the work and
20       wrote the songs hasn't got anything . . . So after you deliberate and consider all these
         items, all this evidence, all this testimony, I am going to ask you to return a verdict
21       for this man because he deserves it. He wrote the songs."

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

23       Defendants object to the definition of "identify" as used in this request, which purports to

24  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

25  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

26  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

27  the case. Defendants further object to the request to the extent it seeks information not reasonably

28  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

1  extent it purports to seek documents or information protected from disclosure by the attorney-

2  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

3  any other applicable privilege or protections, and to the extent it purports to seek documents or

4  information protected from disclosure by the right to privacy under the United States, California,

5  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

6  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

7  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

8  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

9  relation to the reasonable needs of the case. Defendants object to this request as it seeks all

10  documents of every nature and description "relating" to a narrative statement written by a third-

11  party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

12  unduly burdensome, and disproportionate to the needs of the case.

13        Subject to, and without waiving, the foregoing general and specific objections, and based

14  upon a reasonable construction of the scope of this request, Defendants respond as follows:

15  Defendants are unable to respond to this request as written and thus stand on their objections.

16  **REQUEST FOR PRODUCTION NO. 34:**

17        Produce and identify for inspection and copying all documents of every nature and

18  description, including but not limited to all electronic and digital files, relating to the following

19  statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

20  at p. 372:

21        "To reach a verdict, Brian's lawyers requested that jurors fill out a twenty-five-page
       questionnaire— a typical request from a defendant. The more that jurors have to
22     consider, or the more deeply they plunge into every piece of evidence, the greater
       the possibility that doubt will creep in. (Plaintiffs prefer three-line verdicts.) To Mike
23     Flynn's dismay, I told him to accept those instructions. I wanted jurors to consider
       all aspects of this case. I wanted a long verdict as a document on the history of the
24     Beach Boys."

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

26        Defendants object to the definition of "identify" as used in this request, which purports to

27  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

28  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1    [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

2    the case. Defendants further object to the request to the extent it seeks information not reasonably

3    calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

4    extent it purports to seek documents or information protected from disclosure by the attorney-

5    client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

6    any other applicable privilege or protections, and to the extent it purports to seek documents or

7    information protected from disclosure by the right to privacy under the United States, California,

8    and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

9    the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

10   documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

11   scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

12   relation to the reasonable needs of the case. Defendants object to this request as it seeks all

13   documents of every nature and description "relating" to a narrative statement written by a third-

14   party, without specification and as such requires guesswork, is vague, ambiguous, overbroad,

15   unduly burdensome, and disproportionate to the needs of the case.

16          Subject to, and without waiving, the foregoing general and specific objections, and based

17   upon a reasonable construction of the scope of this request, Defendants respond as follows:

18   Defendants are unable to respond to this request as written and thus stand on their objections.

19   **REQUEST FOR PRODUCTION NO. 35:**

20          Produce and identify for inspection and copying all documents of every nature and

21   description, including but not limited to all electronic and digital files, relating to the following

22   statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy"

23   at p. 372:

24          "The jurors began their deliberations on December 2. Though we all knew what was
            at stake, I didn't feel nervous. I very much believe in karma, which is a doctrine of
25          universal truth. It basically states that notwithstanding the machinations of man—
            and regardless of the good or evil in the world— if you follow your conscience, the
26          universe will support the truth. Mike Flynn and I talked about this at length. He
            knows a lot more about the legal system than I do, so he was worried about how the
27          jurors were reacting to various arguments and rulings. At the same time, I was taking
            hits in the press for my attempted "money grab." **But I remained confident that if**
28

**you follow what is true, the universe will support it. I was at peace."** (BOLD SUPPLIED).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all documents of every nature and description "relating" to a narrative statement written by a third-party, without specification and as such requires guesswork, is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants are unable to respond to this request as written and thus stand on their objections.

## REQUEST FOR PRODUCTION NO. 36:

Produce and identify for inspection and copying all documents of every nature and description, including but not limited to all electronic and digital files, relating to the following statement of Michael E. Love in his autobiography, "Good Vibrations" My Life As A Beach Boy" at p. 372 -373:

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

"After ten days of deliberation, the jury returned with its "special verdict," and Judge Rea, who at seventy-four was himself showing the stress of a long trial, looked right at Mike and me with a worn smile. Page by page, he read the verdict. The jurors ruled that I deserved credit on all thirty- five songs; that Brian and I were partners; that Brian or his agents concealed material facts with the intent to defraud me; that they engaged in promissory fraud regarding songwriting credits and royalties; and on and on it went.

"It was a clean-sweep victory. I hugged Jacquelyne and Mike, but there was no celebration, no cheering. I was vindicated but subdued. I was thinking about what came next. When I left the courthouse and faced the television cameras, I said that I hoped this case would allow Brian and me to put the past behind us so that we could write music again."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants object to this request as it seeks all documents of every nature and description "relating" to a narrative statement written by a third-party, without specification and as such requires guesswork, is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows:

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Page **59**

1  Defendants are unable to respond to this request as written and thus stand on their objections.

2  **REQUEST FOR PRODUCTION NO. 37:**

3        Produce complete copies of the Defendants' signed tax returns (including all schedules,

4  worksheets, form, addenda, etc. thereto) for years tax years 1990 through 2020.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

6        Defendants object to the request to the extent it seeks information not reasonably

7  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

8  extent it purports to seek documents or information protected from disclosure by the attorney-

9  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

10  any other applicable privilege or protections, and to the extent it purports to seek documents or

11  information protected from disclosure by the right to privacy under the United States, California,

12  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

13  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

14  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

15  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

16  relation to the reasonable needs of the case given it seeks documents over a 30-year period.

17        Subject to, and without waiving, the foregoing general and specific objections, and based

18  upon a reasonable construction of the scope of this request, Defendants respond as follows:

19  Plaintiffs have failed to show how each of the four individual defendants' tax returns over a 30-

20  year period are relevant to the claims and defenses at issue in this litigation. Further, courts accord

21  greater privacy protections to a party's tax records, and Plaintiffs have failed to demonstrate why

22  Defendants' tax returns are necessary and/or why the information sought cannot be obtained from

23  another source. Defendants stand on their objections and will not be producing tax returns.

24  **REQUEST FOR PRODUCTION NO. 38:**

25        Produce and identify all documents, memos, emails, notes, correspondence with the

26  Defendants' bookkeepers, CPAs, accountants and the like concerning payment of expenses and/or

27  fees related to the Plaintiffs and/or their claims from 1992 through 2020.

28

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants will produce responsive documents that are not privileged, that are relevant to Plaintiffs' Contract-Based Claims, and that are otherwise unobjectionable, and which are located through a reasonable search, that are in Defendants' possession, custody, or control, if the same exist.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

2  extent it purports to seek documents or information protected from disclosure by the attorney-

3  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

4  any other applicable privilege or protections, and to the extent it purports to seek documents or

5  information protected from disclosure by the right to privacy under the United States, California,

6  and/or Nevada Constitutions, N.R.S. 49.185, or the right to privacy. Defendants further object to

7  this request on the grounds that it: (1) is not sufficiently particular or definite to apprise

8  Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in

9  terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or

10 money to fulfill in relation to the reasonable needs of the case.

11          Subject to, and without waiving, the foregoing general and specific objections, and based

12 upon a reasonable construction of the scope of this request, Defendants respond as follows:

13 Defendants will produce responsive documents that are not privileged, that are relevant to

14 Plaintiffs' Claims, and that are otherwise unobjectionable, and which are located through a

15 reasonable search, that are in Defendants' possession, custody, or control, if the same exist.

16 **REQUEST FOR PRODUCTION NO. 39:**

17          Produce and identify all documents related to all payments made by BRI to you since

18 1994.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

20          Defendants object to the definition of "identify" as used in this request, which purports to

21 require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

22 message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

23 [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

24 the case. Defendants further object to the request to the extent it seeks information not reasonably

25 calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

26 extent it purports to seek documents or information protected from disclosure by the attorney-

27 client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

28 any other applicable privilege or protections, and to the extent it purports to seek documents or

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE52159508

1   information protected from disclosure by the right to privacy under the United States, California,

2   and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

3   the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

4   documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

5   scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

6   relation to the reasonable needs of the case.

7       Subject to, and without waiving, the foregoing general and specific objections, and based

8   upon a reasonable construction of the scope of this request, Defendants respond as follows:

9   Defendants stand on their objections and will not be producing the requested documents.

10  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

11      Defendants object to the definition of "identify" as used in this request, which purports to

12  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

13  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

14  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

15  the case. Defendants further object to the request to the extent it seeks information not reasonably

16  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

17  extent it purports to seek documents or information protected from disclosure by the attorney-

18  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

19  any other applicable privilege or protections, and to the extent it purports to seek documents or

20  information protected from disclosure by the right to privacy under the United States, California,

21  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

22  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

23  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

24  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

25  relation to the reasonable needs of the case.

26      Subject to, and without waiving, the foregoing general and specific objections, and based

27  upon a reasonable construction of the scope of this request, Defendants respond as follows: To the

28  extent this request seeks the production of documents demonstrating the payment of songwriter

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  royalties to Defendant Michael Love for the 35 Songs, Defendants will produce responsive

2  documents that are not privileged, that are relevant to Plaintiffs' Claims, and that are otherwise

3  unobjectionable, and which are located through a reasonable search, that are in Defendants'

4  possession, custody, or control, if the same exist. Defendants are otherwise unable to respond to

5  this request as written and thus stand on their objections.

6  **REQUEST FOR PRODUCTION NO. 40:**

7        Produce and identify all documents related to all songwriter agreements, publishing

8  agreements, sub publishing agreements, publishing administrators, record contracts, licensing

9  deals, public performances and agreements with Performing Rights Organizations domestically

10  and abroad, by you individually or The Beach Boys between 1994 and the present.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

12        Defendants object to the definition of "identify" as used in this request, which purports to

13  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

14  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

15  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

16  the case. Defendants further object to the request to the extent it seeks information not reasonably

17  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

18  extent it purports to seek documents or information protected from disclosure by the attorney-

19  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

20  any other applicable privilege or protections, and to the extent it purports to seek documents or

21  information protected from disclosure by the right to privacy under the United States, California,

22  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

23  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

24  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

25  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

26  relation to the reasonable needs of the case.

27        Subject to, and without waiving, the foregoing general and specific objections, and based

28  upon a reasonable construction of the scope of this request, Defendants respond as follows:

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  Defendants will produce responsive documents that are not privileged, that are relevant to

2  Plaintiffs' Contract-Based Claims, and that are otherwise unobjectionable, and which are located

3  through a reasonable search, that are in Defendants' possession, custody, or control, if the same

4  exist.

5  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

6          Defendants object to the definition of "identify" as used in this request, which purports to

7  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

8  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

9  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

10  the case. Defendants further object to the request to the extent it seeks information not reasonably

11  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

12  extent it purports to seek documents or information protected from disclosure by the attorney-

13  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

14  any other applicable privilege or protections, and to the extent it purports to seek documents or

15  information protected from disclosure by the right to privacy under the United States, California,

16  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

17  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

18  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

19  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

20  relation to the reasonable needs of the case.

21          Subject to, and without waiving, the foregoing general and specific objections, and based

22  upon a reasonable construction of the scope of this request, Defendants respond as follows:

23  Defendants will produce responsive documents related to all agreements concerning songwriter

24  royalties from the 35 Songs to Defendant Michael that are not privileged, that are relevant to

25  Plaintiffs' Claims, and that are otherwise unobjectionable, and which are located through a

26  reasonable search, that are in Defendants' possession, custody, or control, if the same exist.

27  **REQUEST FOR PRODUCTION NO. 41:**

28          Produce all photographs taken of Mike Love with any of the Plaintiffs.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

2 |       Defendants object to the request to the extent it seeks information not reasonably

3 | calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

4 | extent it purports to seek documents or information protected from disclosure by the attorney-

5 | client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

6 | any other applicable privilege or protections, and to the extent it purports to seek documents or

7 | information protected from disclosure by the right to privacy under the United States, California,

8 | and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

9 | the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

10 | documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

11 | scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

12 | relation to the reasonable needs of the case. Defendants further object to this request to the extent

13 | the photographs requested, if they exist, are equally available to Plaintiffs.

14 |       Subject to, and without waiving, the foregoing general and specific objections, and based

15 | upon a reasonable construction of the scope of this request, Defendants respond as follows:

16 | Defendants stand on their objections and will not be producing the requested records.

17 | **REQUEST FOR PRODUCTION NO. 42:**

18 |       Produce all credit card records for the period between July 1, 1992 and August 31, 1992.

19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

20 |       Defendants object to the request to the extent it seeks information not reasonably

21 | calculated to lead to the discovery of admissible evidence. Defendants object to the undefined

22 | term "all credit card records" as vague, ambiguous, and overbroad. Defendants object to this

23 | request to the extent it purports to seek documents or information protected from disclosure by the

24 | attorney-client privilege or attorney work product doctrine, the common interest/joint defense

25 | privilege, or any other applicable privilege or protections, and to the extent it purports to seek

26 | documents or information protected from disclosure by the right to privacy under the United

27 | States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object

28 | to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1    Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in

2    terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or

3    money to fulfill in relation to the reasonable needs of the case.

4         Subject to, and without waiving, the foregoing general and specific objections, and based

5    upon a reasonable construction of the scope of this request, Defendants respond as follows:

6    Defendants will produce documents that are not privileged, that are relevant to Plaintiffs'

7    Contract-Based Claims, and that are otherwise unobjectionable responsive documents located

8    through a reasonable search and that are in Defendants' possession, custody, or control, if the

9    same exist.

10   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

11        Defendants object to the request to the extent it seeks information not reasonably

12   calculated to lead to the discovery of admissible evidence. Defendants object to the undefined

13   term "all credit card records" as vague, ambiguous, and overbroad. Defendants object to this

14   request to the extent it purports to seek documents or information protected from disclosure by the

15   attorney-client privilege or attorney work product doctrine, the common interest/joint defense

16   privilege, or any other applicable privilege or protections, and to the extent it purports to seek

17   documents or information protected from disclosure by the right to privacy under the United

18   States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object

19   to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise

20   Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in

21   terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or

22   money to fulfill in relation to the reasonable needs of the case.

23        Subject to, and without waiving, the foregoing general and specific objections, and based

24   upon a reasonable construction of the scope of this request, Defendants respond as follows:

25   Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims,

26   and that are otherwise unobjectionable responsive documents located through a reasonable search

27   and that are in Defendants' possession, custody, or control, if the same exist.

28

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

**REQUEST FOR PRODUCTION NO. 43:**

Produce and identify all documents related to the Beach Boys and / or Mike Love touring schedule between July 1, 1992 and August 30, 1992.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants further object to the extent this request seeks information that is equally available to Plaintiffs.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Contract-Based Claims, and that are otherwise unobjectionable responsive documents located through a reasonable search and that are in Defendants' possession, custody, or control, if the same exist.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendants object to the definition of "identify" as used in this request, which purports to

Greenberg Traurig, LLP
10845 Griffin Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants further object to the extent this request seeks information that is equally available to Plaintiffs.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants will produce documents sufficient to identify the concerts performed by Defendant Michael Love from July 1, 1992 to July 30, 1992 that are not privileged, that are relevant to Plaintiffs' Claims, and that are otherwise unobjectionable responsive documents located through a reasonable search and that are in Defendants' possession, custody, or control, if the same exist.

**REQUEST FOR PRODUCTION NO. 44:**

Produce and identify all documents between the Defendants and the Ashley firm related to the Plaintiffs and /or their claims between January, 1992 and the present, including but not limited to all internal memos, emails, notes, correspondence, and digital recordings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Contract-Based Claims, and that are otherwise unobjectionable responsive documents located through a reasonable search and that are in Defendants' possession, custody, or control, if the same exist.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   any other applicable privilege or protections, and to the extent it purports to seek documents or

2   information protected from disclosure by the right to privacy under the United States, California,

3   and/or Nevada Constitutions, N.R.S. 49.185, or the right to privacy. Defendants further object to

4   this request on the grounds that it: (1) is not sufficiently particular or definite to apprise

5   Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in

6   terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or

7   money to fulfill in relation to the reasonable needs of the case.

8           Subject to, and without waiving, the foregoing general and specific objections, and based

9   upon a reasonable construction of the scope of this request, Defendants respond as follows:

10  Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims,

11  and that are otherwise unobjectionable responsive documents located through a reasonable search

12  and that are in Defendants' possession, custody, or control, if the same exist.

13  **REQUEST FOR PRODUCTION NO. 45:**

14          Produce and identify for inspection and copying any one or more specific documents in

15  order to identify all employees, agents and attorneys for each of the Defendants between 1992 and

16  the present.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

18          Defendants object to the definition of "identify" as used in this request, which purports to

19  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

20  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

21  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

22  the case. Defendants object to the undefined phrase "all employees, agents and attorneys" as

23  ambiguous, overbroad, and unduly burdensome. Defendants further object to the request to the

24  extent it seeks information not reasonably calculated to lead to the discovery of admissible

25  evidence. Defendants object to this request to the extent it purports to seek documents or

26  information protected from disclosure by the attorney-client privilege or attorney work product

27  doctrine, the common interest/joint defense privilege, or any other applicable privilege or

28  protections, and to the extent it purports to seek documents or information protected from

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   disclosure by the right to privacy under the United States, California, and/or Nevada

2   Constitutions, or the right to privacy. Defendants further object to this request on the grounds that

3   it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be

4   produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-

5   matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the

6   reasonable needs of the case. Defendants further object to the extent this request seeks

7   information that is equally available to Plaintiffs. Defendants further object to this request to the

8   extent it seeks to require Defendants to compile information from various sources for Plaintiffs'

9   benefit.

10          Subject to, and without waiving, the foregoing general and specific objections, and based

11  upon a reasonable construction of the scope of this request, Defendants respond as follows:

12  Defendants stand on their objections and will not be producing the requested documents.

13  **REQUEST FOR PRODUCTION NO. 46:**

14          Produce and identify all documents relating to all agreements between the Plaintiffs and

15  the Defendants.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

17          Defendants object to the definition of "identify" as used in this request, which purports to

18  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

19  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

20  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

21  the case. Defendants object to the undefined phrase "all agreements" as vague, ambiguous,

22  overbroad and unduly burdensome, and to the undefined temporal limitations for the same

23  reasons. Defendants further object to the request to the extent it seeks information not reasonably

24  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

25  extent it purports to seek documents or information protected from disclosure by the attorney-

26  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

27  any other applicable privilege or protections, and to the extent it purports to seek documents or

28  information protected from disclosure by the right to privacy under the United States, California,

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants further object to the extent this request seeks information that is equally available to Plaintiffs.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Contract-Based Claims, and that are otherwise unobjectionable responsive documents located through a reasonable search and that are in Defendants' possession, custody, or control, if the same exist.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to the undefined phrase "all agreements" as vague, ambiguous, overbroad and unduly burdensome, and to the undefined temporal limitations for the same reasons. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

2   relation to the reasonable needs of the case. Defendants further object to the extent this request

3   seeks information that is equally available to Plaintiffs.

4          Subject to, and without waiving, the foregoing general and specific objections, and based

5   upon a reasonable construction of the scope of this request, Defendants respond as follows:

6   Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims,

7   and that are otherwise unobjectionable responsive documents located through a reasonable search

8   and that are in Defendants' possession, custody, or control, if the same exist.

9   **REQUEST FOR PRODUCTION NO. 47:**

10          Produce and identify all documents relating to the *Wixen v. Spotify* lawsuit.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

12          Defendants object to the definition of "identify" as used in this request, which purports to

13   require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

14   message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

15   [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

16   the case. Defendants further object to the request to the extent it seeks information not reasonably

17   calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

18   extent it purports to seek documents or information protected from disclosure by the attorney-

19   client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

20   any other applicable privilege or protections, and to the extent it purports to seek documents or

21   information protected from disclosure by the right to privacy under the United States, California,

22   and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

23   the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

24   documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

25   scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

26   relation to the reasonable needs of the case. Defendants further object to the extent this request

27   seeks information that is equally available to Plaintiffs including documents that can be obtained

28   from publicly available court files.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Page **74**

1    Subject to, and without waiving, the foregoing general and specific objections, and based

2    upon a reasonable construction of the scope of this request, Defendants respond as follows:

3    Defendants stand on their objections and will not be producing the requested documents.

4    **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

5    Defendants object to the definition of "identify" as used in this request, which purports to

6    require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

7    message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

8    [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

9    the case. Defendants further object to the request to the extent it seeks information not reasonably

10   calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

11   extent it purports to seek documents or information protected from disclosure by the attorney-

12   client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

13   any other applicable privilege or protections, and to the extent it purports to seek documents or

14   information protected from disclosure by the right to privacy under the United States, California,

15   and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

16   the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

17   documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

18   scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

19   relation to the reasonable needs of the case. Defendants further object to the extent this request

20   seeks information that is equally available to Plaintiffs including documents that can be obtained

21   from publicly available court files.

22   Subject to, and without waiving, the foregoing general and specific objections, and based

23   upon a reasonable construction of the scope of this request, Defendants respond as follows: To the

24   extent this request seeks the production of documents related to the *Wixen v. Spotify* litigation

25   demonstrating the payment of songwriter royalties to Defendant Michael Love or BRI for the 35

26   Songs, Defendants will produce responsive documents that are not privileged, that are relevant to

27   Plaintiffs' Claims, and that are otherwise unobjectionable, and which are located through a

28   reasonable search, that are in Defendants' possession, custody, or control, if the same exist.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Page **75**

1   Defendants are otherwise unable to respond to this request as written and thus stand on their

2   objections

3   **REQUEST FOR PRODUCTION NO. 48:**

4       Produce and identify all documents relating to all negotiations, agreements, dealings, and

5   involvement with BMG, its agents, attorneys and employees by you and your agents, attorneys

6   and employees, which in any way relate to the 35 songs recovered by the Plaintiffs in the Special

7   Verdict.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

9       Defendants object to the definition of "identify" as used in this request, which purports to

10  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

11  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

12  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

13  the case. Defendants further object to the request to the extent it seeks information not reasonably

14  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

15  extent it purports to seek documents or information protected from disclosure by the attorney-

16  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

17  any other applicable privilege or protections, and to the extent it purports to seek documents or

18  information protected from disclosure by the right to privacy under the United States, California,

19  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

20  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

21  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

22  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

23  relation to the reasonable needs of the case.

24      Subject to, and without waiving, the foregoing general and specific objections, and based

25  upon a reasonable construction of the scope of this request, Defendants respond as follows:

26  Defendants will produce documents that are not privileged, that are relevant to Plaintiffs'

27  Contract-Based Claims, and that are otherwise unobjectionable responsive documents located

28

Greenberg Traurig, LLP
10845 Griffin Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   through a reasonable search and that are in Defendants' possession, custody, or control, if the

2   same exist.

3   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

4       Defendants object to the definition of "identify" as used in this request, which purports to

5   require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

6   message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

7   [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

8   the case. Defendants further object to the request to the extent it seeks information not reasonably

9   calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

10  extent it purports to seek documents or information protected from disclosure by the attorney-

11  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

12  any other applicable privilege or protections, and to the extent it purports to seek documents or

13  information protected from disclosure by the right to privacy under the United States, California,

14  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

15  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

16  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

17  scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

18  relation to the reasonable needs of the case.

19      Subject to, and without waiving, the foregoing general and specific objections, and based

20  upon a reasonable construction of the scope of this request, Defendants respond as follows:

21  Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims,

22  and that are otherwise unobjectionable responsive documents located through a reasonable search

23  and that are in Defendants' possession, custody, or control, if the same exist.

24  **REQUEST FOR PRODUCTION NO. 49:**

25      Produce and identify all Bank Statements for any account of any of the Defendants, their

26  agents, employees or others into which moneys were deposited relating to any songwriter

27  royalties received by any of the Defendants, between 1990 and the present, including any and all

28  payments or transfers between any accounts of the Defendants.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Though it is a capitalized term, "Bank Statements" is undefined and therefore vague, ambiguous and, depending on how interpreted, overbroad, unduly burdensome, and disproportionate to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants object to the extent this request seeks the production of financial information belonging to third-parties. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case given its 30-year scope.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants stand on their objections and will not be producing the requested documents.

**REQUEST FOR PRODUCTION NO. 50:**

Produce and identify all documents relating to the 35 songs in the Special Verdict.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-client privilege or attorney work product doctrine, the common interest/joint defense privilege, or any other applicable privilege or protections, and to the extent it purports to seek documents or information protected from disclosure by the right to privacy under the United States, California, and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants further object to the extent this request seeks information that is equally available to Plaintiffs.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Contract-Based Claims, and that are otherwise unobjectionable responsive documents located through a reasonable search and that are in Defendants' possession, custody, or control, if the same exist.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendants object to the definition of "identify" as used in this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents or information protected from disclosure by the attorney-

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

2   any other applicable privilege or protections, and to the extent it purports to seek documents or

3   information protected from disclosure by the right to privacy under the United States, California,

4   and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

5   the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

6   documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

7   scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

8   relation to the reasonable needs of the case. Defendants further object to the extent this request

9   seeks information that is equally available to Plaintiffs.

10        Subject to, and without waiving, the foregoing general and specific objections, and based

11   upon a reasonable construction of the scope of this request, Defendants respond as follows:

12   Defendants will produce documents demonstrating the payment of songwriter royalties to

13   Defendant Michael Love for the 35 Songs that are not privileged, that are relevant to Plaintiffs'

14   Claims, and that are otherwise unobjectionable responsive documents located through a

15   reasonable search and that are in Defendants' possession, custody, or control, if the same exist.

16   **REQUEST FOR PRODUCTION NO. 51:**

17        Produce and identify all documents executed, negotiated or agreed upon between the

18   Defendants to transfer, distribute, hold in trust, convey or make payment in connection with any

19   of the 35 songs, reversion rights, and / or any all rights relating to said songs or moneys or assets

20   related to said songs.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

22        Defendants object to the definition of "identify" as used in this request, which purports to

23   require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

24   message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

25   [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

26   the case. Defendants object to the phrase "in connection with any of the 35 songs, reversion

27   rights, and / or any all rights relating to said songs or moneys or assets related to said songs" as

28   unintelligible, vague, ambiguous, overbroad, and unduly burdensome. Defendants further object

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE52159508

1  to the request to the extent it seeks information not reasonably calculated to lead to the discovery

2  of admissible evidence. Defendants object to this request to the extent it purports to seek

3  documents or information protected from disclosure by the attorney-client privilege or attorney

4  work product doctrine, the common interest/joint defense privilege, or any other applicable

5  privilege or protections, and to the extent it purports to seek documents or information protected

6  from disclosure by the right to privacy under the United States, California, and/or Nevada

7  Constitutions, or the right to privacy. Defendants further object to this request on the grounds that

8  it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be

9  produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-

10  matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the

11  reasonable needs of the case.

12      Subject to, and without waiving, the foregoing general and specific objections, and based

13  upon a reasonable construction of the scope of this request, Defendants respond as follows:

14  Defendants stand on their objections and will not be producing the requested documents.

15  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

16      Defendants object to the definition of "identify" as used in this request, which purports to

17  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

18  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

19  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

20  the case. Defendants object to the phrase "in connection with any of the 35 songs, reversion

21  rights, and / or any all rights relating to said songs or moneys or assets related to said songs" as

22  unintelligible, vague, ambiguous, overbroad, and unduly burdensome. Defendants further object

23  to the request to the extent it seeks information not reasonably calculated to lead to the discovery

24  of admissible evidence. Defendants object to this request to the extent it purports to seek

25  documents or information protected from disclosure by the attorney-client privilege or attorney

26  work product doctrine, the common interest/joint defense privilege, or any other applicable

27  privilege or protections, and to the extent it purports to seek documents or information protected

28  from disclosure by the right to privacy under the United States, California, and/or Nevada

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Page **81**

1   Constitutions, or the right to privacy. Defendants further object to this request on the grounds that

2   it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be

3   produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-

4   matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the

5   reasonable needs of the case.

6       Subject to, and without waiving, the foregoing general and specific objections, and based

7   upon a reasonable construction of the scope of this request, Defendants respond as follows:

8   Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Claims,

9   and that are otherwise unobjectionable responsive documents located through a reasonable search

10  and that are in Defendants' possession, custody, or control, if the same exist.

11  **REQUEST FOR PRODUCTION NO. 52:**

12      Produce and identify all documents filed in any court or provided to any third party in

13  which the third party is not covered by any privileged communications relating to marital

14  conflicts between Michael Love and Jacquelyne Piesen Love.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

16      Defendants object to the definition of "identify" as used in this request, which purports to

17  require Defendants to state the "type of each such document (e.g., letter memoranda, telephone

18  message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . .

19  [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of

20  the case. Defendants further object to the request to the extent it seeks information not reasonably

21  calculated to lead to the discovery of admissible evidence. Defendants object to this request to the

22  extent it purports to seek documents or information protected from disclosure by the attorney-

23  client privilege or attorney work product doctrine, the common interest/joint defense privilege, or

24  any other applicable privilege or protections, and to the extent it purports to seek documents or

25  information protected from disclosure by the right to privacy under the United States, California,

26  and/or Nevada Constitutions, or the right to privacy. Defendants further object to this request on

27  the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what

28  documents must be produced; (2) it is unduly burdensome and overly broad in terms of time,

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in

2   relation to the reasonable needs of the case. Defendants further object to the extent this request

3   seeks information that is equally available to Plaintiffs.

4     Subject to, and without waiving, the foregoing general and specific objections, and based

5   upon a reasonable construction of the scope of this request, Defendants respond as follows:

6   Defendants stand on their objections and will not be producing the requested documents.

7   **REQUEST FOR PRODUCTION NO. 53:**

8     Please identify all attorneys in connection with which Michael Love or Jacquelyne Piesen

9   Love have sought advice concerning their marriage.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

11    Defendants object to the definition of "identify" as used in this request, which purports to

12  require Defendants to state the "person's full name and current home address and telephone

13  number (or the last known home address and telephone number); each such person's current

14  business address and telephone number (or the last known business address and telephone

15  number); and each such person's current employer and job title or position (or the last known

16  employer and job title or position" as being overly broad, unduly burdensome, and not

17  proportional to the needs of the case. Defendants further object to the request to the extent it seeks

18  information not reasonably calculated to lead to the discovery of admissible evidence. Defendants

19  object to this request to the extent it purports to seek documents or information protected from

20  disclosure by the attorney-client privilege or attorney work product doctrine, the common

21  interest/joint defense privilege, or any other applicable privilege or protections, and to the extent

22  it purports to seek documents or information protected from disclosure by the right to privacy

23  under the United States, California, and/or Nevada Constitutions, or the right to privacy.

24  Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or

25  definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome

26  and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable

27  amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants

28  further object as this request does not seek the production of documents or other tangible items

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   but instead seeks the identification of individuals and is therefore not a proper request for

2   production.

3          Subject to, and without waiving, the foregoing general and specific objections, and based

4   upon a reasonable construction of the scope of this request, Defendants respond as follows:

5   Defendants stand on their objections and will not be producing the requested information.

6   **REQUEST FOR PRODUCTION NO. 54:**

7          Please produce and identify all documents relating to the 35 songs which identify all

8   accountants, attorneys, individuals and entities that have been or are presently involved in any

9   capacity with the collection, and/or administration, and / or distribution of any and all songwriter

10  royalties between 1990 and the present.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

12         Defendants object to the definition of "identify" as used in the first portion of this request,

13  which purports to require Defendants to state the "type of each such document (e.g., letter

14  memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject

15  matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not

16  proportional to the needs of the case. Defendants object to the definition of "identify" as used in

17  the second portion of this request, which purports to require Defendants to state the "person's full

18  name and current home address and telephone number (or the last known home address and

19  telephone number); each such person's current business address and telephone number (or the last

20  known business address and telephone number); and each such person's current employer and job

21  title or position (or the last known employer and job title or position" as being overly broad,

22  unduly burdensome, and not proportional to the needs of the case. Defendants further object to the

23  request to the extent it seeks information not reasonably calculated to lead to the discovery of

24  admissible evidence. Defendants object to this request to the extent it purports to seek documents

25  or information protected from disclosure by the attorney-client privilege or attorney work product

26  doctrine, the common interest/joint defense privilege, or any other applicable privilege or

27  protections, and to the extent it purports to seek documents or information protected from

28  disclosure by the right to privacy under the United States, California, and/or Nevada

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Page **84**

Constitutions, or the right to privacy. Defendants further object to this request on the grounds that it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case. Defendants further object to the extent this request seeks information that is equally available to Plaintiffs. Defendants further object to this request to the extent it seeks to require Defendants to compile information from various sources for Plaintiffs' benefit.

Subject to, and without waiving, the foregoing general and specific objections, and based upon a reasonable construction of the scope of this request, Defendants respond as follows: Defendants will produce documents that are not privileged, that are relevant to Plaintiffs' Contract-Based Claims, and that are otherwise unobjectionable responsive documents located through a reasonable search and that are in Defendants' possession, custody, or control, if the same exist.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Defendants object to the definition of "identify" as used in the first portion of this request, which purports to require Defendants to state the "type of each such document (e.g., letter memoranda, telephone message, notebook, etc.)" in addition to "the title(s), caption(s) or subject matter . . . the date . . . [and] the author" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to the definition of "identify" as used in the second portion of this request, which purports to require Defendants to state the "person's full name and current home address and telephone number (or the last known home address and telephone number); each such person's current business address and telephone number (or the last known business address and telephone number); and each such person's current employer and job title or position (or the last known employer and job title or position" as being overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to the request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this request to the extent it purports to seek documents

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   or information protected from disclosure by the attorney-client privilege or attorney work product

2   doctrine, the common interest/joint defense privilege, or any other applicable privilege or

3   protections, and to the extent it purports to seek documents or information protected from

4   disclosure by the right to privacy under the United States, California, and/or Nevada

5   Constitutions, or the right to privacy. Defendants further object to this request on the grounds that

6   it: (1) is not sufficiently particular or definite to apprise Defendants of what documents must be

7   produced; (2) it is unduly burdensome and overly broad in terms of time, scope, and subject-

8   matter; and (3) will take an unreasonable amount of time or money to fulfill in relation to the

9   reasonable needs of the case. Defendants further object to the extent this request seeks

10  information that is equally available to Plaintiffs. Defendants further object to this request to the

11  extent it seeks to require Defendants to compile information from various sources for Plaintiffs'

12  benefit.

13       Subject to, and without waiving, the foregoing general and specific objections, and based

14  upon a reasonable construction of the scope of this request, Defendants respond as follows:

15  Defendants will produce documents sufficient to identify accountants, attorneys, individuals and

16  entities that have been involved with the collection, administration or distribution of songwriter

17  royalties to Defendant Michael Love for the 35 Songs that are not privileged, that are relevant to

18  Plaintiffs' Claims, and that are otherwise unobjectionable responsive documents located through a

19  reasonable search and that are in Defendants' possession, custody, or control, if the same exist.

20  Dated: August 25, 2020                     GREENBERG TRAURIG, LLP

21

22                                       By:_____

23                                            VINCENT H. CHIEFFO, ESQ.
                                             *Admitted Pro Hac Vice*
24                                            MARK E. FERRARIO, ESQ.
                                             Nevada Bar No. 1625
25                                            JASON K. HICKS, ESQ.
                                             Nevada Bar No. 13149
26                                            *Counsel for Defendants*

27

28

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE52159508

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2020, a true and correct copy of the foregoing document was served on Plaintiffs by e-mail at the email address(es) as listed below:

Michael Flynn (mike@mjfesq.com)

Philip Stillman (pstillman@stillmanassociates.com)

Dated:  August 25, 2020

_____

Ana Rivera

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

*ACTIVE52159508*

**EXHIBIT 3**

**DECLARATION OF PHILIP H. STILLMAN**

# STILLMAN & ASSOCIATES

3015 NORTH BAY ROAD, SUITE B
MIAMI BEACH, FL 33140
TELEPHONE (888) 235-4279
FACSIMILE (888) 235-4279
e-mail pstillman@stillmanassociates.com

PHILIP H. STILLMAN                                                    115 North Orange Drive
ADMITTED IN MASSACHUSETTS                                           Los Angeles, California 90036
AND CALIFORNIA

May 29, 2021

Vincent H. Chieffo
GREENBERG TRAURIG L.P.
1840 Century Park East Ste. 1900
Los Angeles, California 90067

   ***Re:***  <u>Flynn et. al. v. Love et. al Case No: 3:19-cv-00239-MMD-CLB</u>

Dear Vince:

  I am writing to you to request "meet and confer" regarding (a) the inadequate  responses served by your firm on August 25, 2020 in response to Plaintiffs' Request For Production Of Documents (Set One)  ("Plaintiff RPD") served on your clients, Defendants in the above-captioned action ("Action"); (b) production of communications among the Plaintiffs after filing of the Action and among Defendants and their counsel after filing of the Action and (c) the production of documents by Plaintiffs from the litigation files of Michael J. Flynn. We will be producing certain documents responsive to Defendants' Request For Production Of Documents (Set One) ("Defendants RPD") as a preliminary response encouraged by the Magistrate at the Case Management Conference held on May 20, 2021 ("CMC").  I think we can find a rare agreement between us that the Magistrate expects more "meet and confer" and cooperation to complete discovery in this action and particularly before the next CMC scheduled for June 28, 2021.

  <u>Attorney-Client/Work Product Privilege.</u> We propose that the parties agree that all communications (a) among the Plaintiffs in connection with the preparation and litigation of the Action and (b) among Defendants and their counsel in connection with the preparation and litigation of this Action be considered subject to the attorney-client and work product privilege. No privilege log need be submitted for such communications by either party. Communications among Plaintiffs <u>not</u> in preparation and litigation of this Action will not be subject to either privilege unless Plaintiffs identify a communication and provide a privilege log for it.

  The parties agree that all communications among and between Defendants and Plaintiffs or their counsel (as opposed to solely between Defendants and their counsel) at any time are not subject to either privilege. Similarly, the parties agree that the submission or communication of pre-existing documents to counsel in preparation or litigation of this Action does not render such

- 1 -

documents subject to either privilege. All such documents must be disclosed if responsive to any document request. Should Defendants contend that any communication including delivery of pre-existing documents is subject to either privilege, it must do so in a privilege log subject to challenge by Plaintiffs.

Counsel for each of Plaintiffs and Defendants will each certify as officers of the court that each have disclosed or produced to the other party all responsive documents except (a) communications among the parties and counsel in preparation and litigation of this action or (b) as disclosed on a privilege log if any. Of course, any document not produced pursuant to this procedure may be introduced or referred to at trial in this matter as discussed below.

Production Of Documents. Defendants' production of documents to date is inadequate and not in compliance with FRCP 34(b)(2)(B), (C), (E) (i) because (a) the documents produced are not in accessible form and cannot be printed as a group, making the production unusable, (b) the documents produced do not designate to which RPD the documents are produced, (but rather represent a "document dump" of the sort the Magistrate warned against) and (c) the responses do not state whether this production constitutes all responsive documents or whether some responsive documents are being withheld based on an objection or claim of privilege that we previously discussed in our conference. Plaintiffs have responded to this inadequate production with a notice under Rule 34 that Defendants will be permitted access to all responsive documents held by Plaintiffs.

We propose the following to resolve the apparent impasse over document production. We have discussed above the issue of attorney/client and work product privilege. We further propose that both parties will each produce a final and complete set of responsive document production by July 15, 2021 sufficiently in advance of the CMC to permit a full discussion with the Magistrate of any remaining issues. Both sides will produce documents in BATES stamp form organized in response to each RPD and made available to the other side in both electronically delivered and physically delivered copies. Neither side should bear the expense and difficulty of managing or printing coded electronic delivery as Defendants have done with their existing "document dump."

In this regard, we propose that the parties agree that Plaintiffs do not need to produce the entire case files of the various *Love v. Wilson* cases which are immaterial to this Action. Rather, Plaintiffs will produce all communications with Defendants or among themselves touching or concerning the retainer agreements and legal fees payable in connection with these actions prior to February 2017. This production will include any accounting statements received by Plaintiffs from Defendants regarding the contingency fees at dispute in the Action. Plaintiffs will certify as officers of the Court that all documents in that category will be produced. If Defendants decline to accept this offer, Plaintiffs will move for a protective order to so limit Defendants' RPD.

Authenticity/Completeness. We further propose that all documents produced as stated above shall be deemed authentic copies of originals and introducible at trial subject only to objection based on relevance. We further propose that each party certify to the other that the document production so made is complete and no documents not produced may be introduced at

trial unless disclosed to the other party no later than 60 days before trial with an explanation of late discovery, sufficient to permit the Magistrate to rule whether the documents if any should be excluded for failure to produce when required.

Please advise of time this week at which you and you team can continue "meet and confer" by telephone in effort to resolve the outstanding discovery disputes.

Very truly yours,

STILLMAN & ASSOCIATES

By:_____
       Philip H. Stillman

PHS:ds

cc:  Michael J. Flynn

**EXHIBIT 4**


**DECLARATION OF PHILIP H. STILLMAN**

**From:** ChieffoV@gtlaw.com
**Subject:** Defendants' Document Productions
**Date:** June 14, 2021 at 4:16 PM
**To:** pstillman@stillmanassociates.com,  mike@mjfesq.com
**Cc:** ferrariom@gtlaw.com,  hicksja@gtlaw.com,  simonju@gtlaw.com,  drapeauc@gtlaw.com,  riveraal@gtlaw.com,
rosehilla@gtlaw.com



Dear Mike and Phil,

Phil we trust your out of county trip was enjoyable and welcome back. We want to
respond to two of Mike's comments/complaints in his several recent emails about our
clients' document productions.

**Your claim that our production does not comply with the requirement of
Rule 34:**

We have produced the documents as they are kept in the ordinary course of business
which is in full compliance with Rule 34(b)(2)(E)(i). Nevertheless in order to avoid any
further waste of time and attorney's fees, attached please find two schedules of all
documents produced to date. One schedule covers our clients' last three productions
(September 2020 and May and June 2021), and indexes the documents by 28 categories
listing in separate schedules each document produced by their beginning Bates number
under each category for which it was tagged during the discovery document review. I also
attach a copy of the list of categories used to create the separate schedules  The other
schedule lists by beginning and end Bates numbers each document produced in August
2000 and includes each document's description in enough detail to understand to which
of your requests it responds.  We consider your unmeritorious claim satisfied and do not
intend to spend any further time discussing it.

**Your claim that a defect in our production methodology and software
prevents you from printing the documents produced:**

We also find this complaint without merit and do not recall any other attorney who has
claimed that they could not print the ESI or documents we have produced. But, again, we
do not intend to waste any more time or legal fees debating your claim. At our cost, we
will print one copy of every document that our clients' have produced to date (approx.
30,500 pages) and deliver those copies to one of you. Please advise if the copy set
should be sent to Phil in Miami or Mike in San Diego. If there is no such direction, we
intend to deliver the copy set to Phil in Miami. We consider your unmeritorious claim
satisfied and do not intend to spend any further time discussing it.

Best
Vince

**Vincent H. Chieffo**
Shareholder

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7731  |  F +1 310.586.7800
ChieffoV@gtlaw.com  |  www.gtlaw.com  |  View GT Biography





If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.




Love Production          Category list.zip
  8.10.20.pdf

Category Designation
1.       BMI/ASCAP/Universal
2.       BMG
3.       Primary Wave
4.       Ashley/Rosenteel
5.       July 1992 contingency fee agreement
6.       September 1993 contingency fee agreement (amendment)
7.       December 1994 contingency fee agreement (amendment)
8.       Wilson v. Irving/Almo
9.       Love v. Rondor
10.     Love v. Wilson
11.     Love v. HarperCollins
12.     Love v. Tierney
13.     Love v. DailyMail
14.     Moore v. Love
16.     Laima Flynn Trust or Flynn's ex-wife, or Laima Flynn
17.     Michael Flynn Jr.
18.     Litigation fees
19.     Flynn Sheridan and Tabb
20.     Love General Accounting Records
21.     Love's termination of Copyright
22.     Plaintiff's claims
23. Patrick Riordan
24. Blackrock
26. Branca (John Branca)
27. Love/Flynn fee agreements other not '92 to '94
28. Royalties

**EXHIBIT 5**


**DECLARATION OF PHILIP H. STILLMAN**

# STILLMAN & ASSOCIATES

3015 NORTH BAY ROAD, SUITE B
MIAMI BEACH, FL 33140
TELEPHONE (888) 235-4279
FACSIMILE (888) 235-4279
e-mail pstillman@stillmanassociates.com

PHILIP H. STILLMAN                                                              115 North Orange Drive
ADMITTED IN MASSACHUSETTS                                            Los Angeles, California 90036
AND CALIFORNIA

June 18, 2021

Vincent H. Chieffo
GREENBERG TRAURIG L.P.
1840 Century Park East Ste. 1900
Los Angeles, California 90067

> **_Re:_**  Flynn et. al. v. Love et. al Case No: 3:19-cv-00239-MMD-CLB

Dear Vince:

This letter was originally intended to go out on June 16, after I returned from my well-deserved vacation.  Sorry for the delay.  In any event, I am responding to your email of June 14, 2021 ("6/14 Email") and  request that we continue to "meet and confer" regarding (a) the inadequate  responses served by your firm  in response to Plaintiffs' Request For Production Of Documents (Set One) ("Plaintiff RPD") served on your clients, the Defendants in the above captioned action ("Action"); (b) production of communications among the Plaintiffs after filing of the Action and among Defendants (including Mike Tabb and Bill Sheridan) and their counsel beginning with the run-up to the filing of the fee arbitration and continuing after filing of the Action through the present and (c) the production of documents relating to the underlying _Love v. Wilson_ litigation unrelated to agreement or payment of attorney fees.

Your 6/14 Email responds to the first (a) request for "meet and confer" in my letter to you in May, 2021 but not to the other two requests (b) and (c). Regarding your response to (a) please send all physical copies to my Los Angeles office, 115 N. Orange Dr. LA, CA 90036 by messenger or one of our staff can pick up the documents at your Century City office if that is more convenient. Thank you for your index which we are printing and will respond further after review as to whether Defendants' document production is complete.

What appears at first glance to be missing from Defendants' production are (i) all correspondence with BMG regarding the sale of 50% of Love's songwriter share, (ii) all correspondence with ASCAP regarding the $1,000,000 advance for small performing rights, (iii) all correspondence with third parties for the sale of Love's songwriter or publishing reversion in the Sea of Tune Catalog and (iv) any audits or audit settlements with Irving Music or its successors regarding the accounting of Love's songwriter royalties, particularly foreign sub-distribution fee

issues and so-called "black box" collections. Is your document production now complete? Is your position that there are no responsive documents in these four categories which have no yet been produced?

To confirm, Defendants must produce all documents showing income or income claims with respect to the Love songwriter share of the Sea of Tunes Catalog. This request includes any arrangements under which Love licensed or purported to grant rights in his songwriter share or publishing reversions to third parties in which consideration of any kind was paid to any Defendant even if purportedly paid for some rights or interests other than Love's interest in the Sea of Tunes Catalog. As you know, we have subpoenaed ASCAP, BMI, BMG and Irving Music for these documents as well. We will be retaining an accounting consultant to review these statements and prepare a demonstrative exhibit of all gross monies and other consideration paid to Love related in whole or in part to his interest in the Sea of Tune Catalog, so that we can hopefully stipulate to the amounts now at issue.

Which leaves for discussion items (b) and (c) in our "meet and confer" letter. Please respond to those requests and advise when we "meet and confer" well in advance of the next hearing before the Magistrate to seek resolution of the scope of the documents to be produced by Plaintiffs. We are particularly concerned with production of a privilege log of all communications among the Plaintiffs after the dispute arose and this Action was filed which are work product in this litigation. As stated, the same issue applies to correspondence from any Defendants to you and your partners regarding the subject matter of this litigation, including negotiations with BMG and ASCAP. It is in both of our interests to resolve this issue before June 28.

Please advise of time this week at which you and you team can continue "meet and confer" by telephone in effort to resolve the outstanding discovery disputes.

Very truly yours,

STILLMAN & ASSOCIATES

By:_____
          Philip H. Stillman

PHS:ds

cc:  Michael J. Flynn

**EXHIBIT 6**


**DECLARATION OF PHILIP H. STILLMAN**

From: ChieffoV@gtlaw.com
Subject: RE: Hard copy of production
Date: July 1, 2021 at 6:07 PM
To: pstillman@stillmanassociates.com
Cc: mike@mjfesq.com, ferrariom@gtlaw.com, hicksja@gtlaw.com, simonju@gtlaw.com, riveraal@gtlaw.com, rosehilla@gtlaw.com



Phil,

I am in receipt of your letter dated June 29, 2021.  Please consider this our response.

You again misrepresent the issues and our position on them.  Allow me to clarify.  We never reached an "agreement" regarding a hard copy of documents; you and Mike continuously complained about reviewing documents on your computers so I proposed I send a hard copy to put a stop to your never-ending gripes.  That was until I learned that you intended to disclose our production to Peter Hoffman  (and/or unknown others) which presents a serious issue (discussed more below).  Apart from that, we have never said that "specialized" or otherwise proprietary software is required to view the documents we have produced electronically in discovery.  In fact, you and Mike have already admitted (both to us and to the Magistrate Judge at the June 28th CMC) that you *are* able to view the documents we have produced in their electronic form and you *have* reviewed at least some portions of the productions.  If you are looking for an "easier" way to view them (we still do not understand your "page by page" complaints, given all documents must be viewed "page by page" regardless of medium), then I suggest you contact one of the hundreds of discovery vendors out there to assist you.  I have provided you with names and contact information for two of them already.  I assume the documents can be organized however you'd like using more than one type of software, but I defer to whichever vendor you end up retaining.  Your feigned "inconvenience" in reviewing our productions and your continued complaints in this regard are nothing more than the result of technical illiteracy on your parts and a complete aversion to helping yourselves; it is not our job to do this for you.  The Loves are under no obligation to provide you with, much less pay for, hard copies of the documents you already have in your possession and that you are already able view.  That said, if you would like to send us a check for $3,000, which is the quoted cost to print everything we've produced, then we'll do you a favor and have them printed and delivered to you in Miami.  Otherwise, you have our productions in final form and we will not agree to take further steps in this regard.

Your argument that an "agreement" reached at a meet and confer has some "sanctity" is bizarre and unwittingly ironic given your and Mr. Flynn's total abandonment of the agreements we reached at the April 30, 2021 meet and confer regarding the production of documents called for by our RFPs served some 10 months ago. You and Flynn now claim that no agreement was reached on that subject at the April 30, 2021 meet and confer. Instead Mr. Flynn continually proposes that we go to San Diego County to wander through some storage building to see if we can find documents responsive to our requests. As Magistrate Judge Baldwin has advised you, that proposed procedure is not in compliance with the rules.  You complain about the burden of reading and/or printing our produced documents on your and Mike's computers, yet you and Mike seek to impose a much greater burden on us with respect to Mike's required production. It should also be noted that, other than a copy of the exhibits submitted by you and Mike to the MFAA arbitration, you have to date produced nothing in response to the RFP we served.

Of course, you are free to take this up with the Court.

Let me respond to your complaint regarding Peter Hoffman.  I have no personal animosity to Peter and our objection to you disclosing our and third party document production with him is not a "personal" matter by any means. Our clients are entitled to the full protection provided to litigants and we intend to insist upon that. Peter is a disbarred attorney and convicted felon; I think our desire not to have our clients' confidential information in his possession is self-explanatory.  While I do not agree with your reading of CA State Bar Rule 5.3.1, let me ask: did you provide the written notice to the California state bar as required? If so, please send it to us. Has Mr. Hoffman satisfied the California statutory (6450(d)) requirements regarding paralegal certifications and CLE?  Send us proof of that, too.  While I suspect the answer to both of my questions is "no," we are litigating the federal case in Nevada and so at the end of the day California rules you cite are inapplicable anyways.  Your sharing of information governed by the protective order with individuals not authorized to view it is what gives us standing to assert an objection.

I also note your continued use of the term "we" in your letter.  I thought it was made clear on Monday's CMC that *you* do not represent anyone other than yourself in this litigation.  You are not barred in Nevada and so there is no "we" or "us."  "Stillman & Associates" is not counsel of record in this case, and "Stillman & Associates" "employees" or "staff" have absolutely no right to be in possession of, or view, any of the discovery in this case regardless of whether or not you or they have complied with any arguably applicable statutes or ethical requirements.  So I ask again: please inform of whether you have disclosed to Mr. Hoffman, or anyone else, all or any part of our clients' confidential documents produced thus far in discovery.  If you do not agree to do so, we will raise it with the Court.

Thanks.

---

**From:** Philip H. Stillman <pstillman@stillmanassociates.com>
**Sent:** Monday, June 28, 2021 2:32 PM
**To:** Chieffo, Vincent H. (Shld-LA-IP-Tech-ENT-LT) <ChieffoV@gtlaw.com>
**Cc:** Mike Flynn <mike@mjfesq.com>; Ferrario, Mark E. (Shld-LV-LT) <ferrariom@gtlaw.com>; Hicks, Jason (Assoc-LV-LT) <hicksja@gtlaw.com>; Simon, Julianna M. (Assoc-LA-LT) <simonju@gtlaw.com>; Rivera, Ana (Secy-LA-LT) <riveraal@gtlaw.com>; Rosehill, Andrea (Secy-LV-LT) <rosehilla@gtlaw.com>
**Subject:** Re: Hard copy of production
**Importance:** High

Sorry but I do use that as my California office.  See my letterhead.  And as for Peter Hoffman, he works for me pursuant to State Bar Rule 5.3.1(c).  I have no idea why he cannot be used as a paralegal in this case, and why you have any standing to object to it, so please explain your position.

As for printing, you agreed to provide one complete set.  Please do so.  You also agreed to provide the name of the purported software that you use to review the production in bulk and have not

yet done so.  Why not?

Philip H. Stillman | STILLMAN ▪ ASSOCIATES
3015 North Bay Road | Suite B |
Miami Beach, FL 33140 |
V: 888.235.4279 | F: 888.235.4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

NOTICE: This electronic mail transmission may contain confidential information and is intended only for the person(s) named. Any use, copying or disclosure by any other person is strictly prohibited. If you have received this transmission in error, please delete this email and notify the sender via e-mail. Sender is an attorney licensed only in California and Massachusetts.

On Jun 28, 2021, at 5:23 PM, <ChieffoV@gtlaw.com> <ChieffoV@gtlaw.com> wrote:

Dear Phil,

In your letter of June 18, 2021, you asked that our offered copy of Love produced documents be delivered to what you described as "my Los Angeles office" located at 115 North Orange Drive, LA, CA 90036-3014. That address is not your local Los Angeles office, it is a residential duplex. Peter Hoffman and, I believe, his wife Susan reside in one of the two units according to the California State Bar website. According to Mr. Hoffman's December 11, 2020 to me, Mr. Hoffman is your client in his federal criminal case pending in United States District Court for the Eastern District of Louisiana. In his December email to me, Mr. Hoffman attached a copy of the post-trial and post-appeal Brady motion you filed on behalf of Mr. Hoffman in that case. Mr. Hoffman also noted that he was working with you "on several matters now (but not the Love case)" despite his disbarment by the California State Bar in September 2020.

Please be advised that we will not deliver any copies of documents produced in this case to Mr. Hoffman.   Please be further advised that we object to Mr. Hoffman having any involvement in this matter, including , but not limited to, the review of documents produced by our clients and that any disclosure of our clients' production of documents to Mr. Hoffman would be in violation of the Confidentiality Agreement and Protective Order ("Order") entered in the Flynn v. Love action pending in Nevada (ECF. No. 85). Finally, demand is made that you and Mr. Flynn immediately comply with Paragraph 14 of the Order and provide us with all of the detail disclosure and information required by the Order with respect to any previous disclosure to Mr. Hoffman, or anyone else, of all or part of our clients' produced discovery.

As to your and Mr. Flynn's assertions that you cannot print the documents previously produced by our clients, we suggest that you contact the two vendor resources list below – of course there are many more who could assist you both.

eric peltola peltola@copyscaninc.com
Copyscan, Inc.
1133 COLUMBIA ST. #107

1155 COLUMBIA St. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

Ruben Ramos rramos@thefirstchoicedigital.com
First Choice Digital
305.579.5144

In case there is any doubt, we withdraw our previous gratuitous offer to provide you, at our own cost, one hard copy of our clients' discovery productions.

We look forward to hearing from you on these matters.

Best
Vince

**Vincent H. Chieffo**
Shareholder

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7731  |  F +1 310.586.7800
ChieffoV@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image001.png>

.

**From:** Philip H. Stillman <pstillman@stillmanassociates.com>
**Sent:** Friday, June 25, 2021 1:47 PM
**To:** Chieffo, Vincent H. (Shld-LA-IP-Tech-ENT-LT) <ChieffoV@gtlaw.com>
**Cc:** Ferrario, Mark E. (Shld-LV-LT) <ferrariom@gtlaw.com>; Hicks, Jason (Assoc-LV-LT) <hicksja@gtlaw.com>; Mike Flynn <mike@mjfesq.com>
**Subject:** Hard copy of production

**\*EXTERNAL TO GT\***

Vince, on June 18 you agreed to provide one hard copy of the documents that you had produced digitally.  When will that set of documents be ready for pick-up?  Also, on June 18, you explained that the difficulty in reviewing the documents digitally produced was because you use some proprietary software to review it.  You had agreed to get me the name of the software on Monday or Tuesday, but have not done so yet.  Please check with your IT people and get that to me as well.  Thanks.

Philip H. Stillman | STILLMAN ▪ ASSOCIATES
3015 North Bay Road | Suite B |
Miami Beach, FL 33140 |
V: 888.235.4279 | F: 888.235.4279
pstillman@stillmanassociates.com
www.stillmanassociates.com

NOTICE: This electronic mail transmission may contain confidential information and is intended only for the person(s) named. Any use, copying or disclosure by any other person is strictly prohibited. If you have received this transmission in error, please delete this email and notify the sender via e-mail. Sender is an attorney licensed only in California and Massachusetts.

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**EXHIBIT 7**

**DECLARATION OF PHILIP H. STILLMAN**



**From:** ChieffoV@gtlaw.com
**Subject:** Plaintiffs violations of the Protective Order
**Date:** July 10, 2021 at 12:55 PM
**To:** pstillman@stillmanassociates.com,  mike@mjfesq.com
**Cc:** ferrariom@gtlaw.com,  hicksja@gtlaw.com,  simonju@gtlaw.com,  riveraal@gtlaw.com,  rosehilla@gtlaw.com

Phil and Mike,

We have now on several occasions advised you that the disclosure to Peter Hoffman of
Confidential documents is a violation of the Protective Order because Mr. Hoffman is not
an "Authorized Recipient" of Confidential documents under the Protective Order. This
matter has come to a head with respect to the documents disclosed by Jim Hirsch (Mr.
Love's co-author of "Good Vibrations") to you and Mr. Hoffman and the documents that
he will produce pursuant to a subpoena DT issued by Mike. The already disclosed
documents include hundreds of pages of Mr. Hirsch's notes prepared from confidential
interviews he conducted with our clients and many others in the course of his research
for "Good Vibrations." The circumstances of that disclosure is disturbing and improper.
Mike communicated directly with Mr. Hirsh and threatened to subpoena him for the
production of documents and for a deposition. At no time did Mike provide Mr. Hirsch with
a copy of the Protective Order as we believe he was required to do. Mr. Hirsch's efforts,
while unrepresented, to avoid a deposition lead him to disclose this Confidential
information to you both. Moreover, Mike copied Mr. Hoffman on his emails to Mr. Hirsch
and Mr. Hirsch unwittingly kept him on copy when sending the confidential information to
you.  Of course, Mr. Hirsch's efforts to avoid a subpoena was to no avail. Hirsch has been
served with a subpoena and has now secured legal representation in this matter.

As you know, we have advised Mr. Hirsch's attorney that Defendants have designated all
of the documents Mr. Hirsch had previously disclosed to you (and Mr. Hoffman) and the
documents he will produce in response to Mike's subpoena to be "Confidential" under the
Protective Order.  We have also objected to your disclosure of Mr. Hirsch's documents
and of any other Confidential documents to Mr. Hoffman.

We have also requested that you identify all documents in addition to the Hirsch
documents that have been disclosed to others, including. but not limited to Mr. Hoffman,
and to provide information sufficient to determine whether those individuals qualify as
"Authorized Recipients" under the Protective Order. In this regard, we note Mike's
comments during the June CMC that he has allowed two unidentified lawyers to review
and to try to print prior discovery the Defendants had produced which productions contain
many documents designated as "Confidential." 6/28/21 Transcript at 4:10-13. You have
not provided any information about the identities of those two attorneys nor about what
documents in Defendants' prior productions were reviewed by them.

Turning back to the disclosures to Mr. Hoffman, other than asserting that "Hoffman works
for Phil Stillman on this matter and is covered under the PO", you have provided no
factual basis for your position that Mr. Hoffman is an "Authorized Recipient" under the
Protective Order. We understand that Phil currently represents Mr. Hoffman in his criminal
proceedings now pending in both the United States District Court for the Eastern District
of Louisiana and the Fifth Circuit.  On June 28, 2021, Phil asserted that his client, Mr.
Hoffman, who has been disbarred by the California Bar Association as a result of his
multiple felony convictions for which he has been sentenced to 20 months incarceration,
works for Phil as a "paralegal"  "pursuant to [California] State Bar Rule 5.3.1(c)." We have
asked for proof that Phil has complied with that California State Bar Rule (assuming for

asked for proof that Phil has complied with that California State Bar Rule (assuming for the moment it might be applicable with respect to the Nevada action) and for proof that Mr. Hoffman is in fact "employed" by Phil as a "paralegal" which role requires attorney supervision.  You have stonewalled our requests and have provided no additional information.

Based on what we do know, summarized below, we believe that you both are intentionally breaching both the letter and the spirit of the Protective Order.

On "December 11, 2020 Mr. Hoffman sent me an email with the following introduction:
"Good morning, Vince, after all these years. Been following your case on behalf of Mike Love with Phil Stillman and Mike Flynn. I am working with Phil on several matters now (**but not the Love case)"** (*emphasis supplied*).

On June 28, 2021, Phil asked that we deliver copies of Defendants' produced documents to what he called his *"Los Angeles office"* located at 115 North Orange Drive, LA, CA 90036-3014. Because that address is about 10 minutes from where I live, I knew it was not a business address, but rather was a residential address for a duplex.  We then confirmed that it was the residential address for Mr. Hoffman and his wife, who was likewise convicted with her husband. Subsequently we determined that on or about June 14, 2021 Mr. Hoffman had mailed to GT from his Los Angeles residence address service copies of your filing of a cross-complaint and answer in Mr. Love's state court protective action and a copy of your motion for a speedy declaratory relief hearing filed in the Reno Action. However, Mr. Hoffman did not sign any of the proofs of service attached to those filings. They were instead signed by someone claiming to be named Paul Cascante who supposedly resides at 2010 Chariton Street, Los Angeles, CA 90034. We have reason to believe that that is not Mr. Cascante's residence address.

Obviously, Phil has no control over his client's residence in Los Angeles, no control over its security status, no control over Mr. Hoffman's personal electronic devices, and no control over who might be invited by Mr. Hoffman and/or his wife to their residence and thus have access to Confidential documents in this case if Defendants, or third-party witnesses, were to send physical copies to that residence or electronic copies to Mr. Hoffman's device(s).

Had either of you actually thought that Mr. Hoffman's involvement in this case and his access to Confidential documents was above board and in compliance with the Protective Order, you would not have gone through all your machinations to hide his involvement. The first information about Mr. Hoffman's involvement in this case came when Phil sent us on June 21, 2021 his response to my May 7, 2021 email regarding the March 30 meet and confer as ordered by Magistrate Judge Baldwin at the June CMC. Attached to that response were copies of a number of emails authored by Mike that showed Mr. Hoffman as being blind copied on emails to us from Mike – emails dated June 3, 6, 9, 15, and 17. Learning that Mike was blind copying Mr. Hoffman on those emails led us to inquire about the address of Phil's supposed  Los Angeles office.

Additionally, in a July 7, 2021 email from Mike to Phil and Mr. Hoffman (voluntarily disclosed by Mike to us) Mike sought legal and litigation strategic advice from you both regarding the Southern District of California decision granting Mr. Love's motion based on the federal first-to-file rule staying your action that we had removed from state court, and ordering a joint status report to be filed after Judge Du rules on your pending motion to

strike Mr. Love's notice of rejection of the non-binding arbitration award and request for trial de novo after arbitration. Mike, as is his wont to remind us, is a highly experienced litigator and obviously would not be asking a supposed "paralegal" for that kind and level of legal and litigation strategic advice.  Perhaps more importantly, and according to you, Mr. Hoffman does not work for Mike, and Mike is, as he was reminded at the June 28th CMC, a pro se litigant representing himself.  There is no apparent basis for Mike to be strategizing with Mr. Hoffman or otherwise sharing with him information about this case.

Among the emails mentioned above attached to Phil's response to our May 7, 2021 email, and later filed by you as exhibits to your July status report for the CMC, are copies of emails authored by Mike that were blind copied to Mike Flynn Jr. and Christopher Conant as well as to Mr. Hoffman. As you are aware, neither Flynn Jr. nor Conant are parties to this litigation nor are they "Authorized Recipients" under the Protective Order. Please advise what roles in this litigation are being played by Mr. Conant, a former attorney for the Loves, and Mike's son Flynn Jr. Please advise if any Confidential material has been disclosed to them and, if so, identify such disclosed confidential material and when disclosed. Please also provide us with copies of all emails from or to us or on which we were copied that you have either blind copied or forwarded to third-parties, including, but not limited to, Flynn Jr., Hoffman, and Conant.

We ask that you provide the information requested in this correspondence no later than July 14, 2021, else we will move the Court for appropriate relief.

Best
Vince

**Vincent H. Chieffo**
Shareholder

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7731 |  F +1 310.586.7800
ChieffoV@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

 GreenbergTraurig

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.