1   Philip H. Stillman (SBN 156861)
    STILLMAN & ASSOCIATES
2   3015 North Bay Rd., Ste. B
    Miami Beach, Florida 33140
3   Telephone: (888) 235-4279
    Email:  pstillman@stillmanassociates.com
4

5   Michael J. Flynn, Esq., *pro se*
    PO Box 690
6   Rancho Santa Fe CA, 92067
    Tel: (858) 775-7624
7   Email: mike@mjfesq.com

8   In *pro per*

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11

12  MICHAEL J. FLYNN and PHILIP          )   Case No. 3:19-cv-00239- MMD-CBC
    STILLMAN,                            )
13                                       )
                          Plaintiffs,    )   **PLAINTIFFS' NOTICE OF MOTION**
14                                       )   **AND MOTION TO COMPEL**
                                         )   **PRODUCTION OF DOCUMENTS (SET**
         vs.                             )   **ONE) AND FOR PAYMENT OF**
15                                       )   **EXPENSES [FRCP 37(a)(3)(B)(iv),**
    MICHAEL E. LOVE, an individual; and  )   **(a)(5)(A)]**
16  JACQUELINE LOVE, an individual;      )
    MICHAEL E. LOVE as TRUSTEE OF        )   [Filed concurrent with Declaration of Philip H.
17  THE MICHAEL LOVE FAMILY TRUST;       )   Stillman]
    MELECO, INC., a Nevada corporation;  )
18  and DOES 1-10,                       )
                                         )
19                                       )
                                         )
20                        Defendants.    )
                                         )
21  _____

22

23

24

25

26

27

28
    _____
         PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF
         DOCUMENTS (SET ONE) AND FOR PAYMENT OF EXPENSES [FRCP 37(a)(3)(B)(iv),
                                    (a)(5)(A)]

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiffs hereby move pursuant to FRCP 37(a)(3)(B)(iv), (a)(5)(A) for an Order (a) to compel production of the documents requested by Plaintiffs' Request For Production Of Documents (Set One) ("RPD") in "a reasonably usable form or forms" and (b) to pay Plaintiffs' reasonable expenses in compelling Defendants to produce these documents. Plaintiffs' RPD and Defendants Amended Response are attached as Exhibits 1 and 2 to the Declaration of Philip H. Stillman ¶2 filed herewith.

Defendants have responded with a classic "document dump" of 36,986 pages delivered in an electronic format that is not usable, reasonably or at all, by Plaintiffs, their experts and consultants in reviewing these documents in preparation for trial. For example, rather than produce the documents in industry-standard PDF format, which could be catalogued, searched, commented upon, or highlighted as necessary, Defendants produced individual JPEG files which are none of the above and require each separate JPEG to be opened individually.

After a conference with Defendants' counsel, Mr. Chieffo expressly agreed to deliver one printed set of their production to Plaintiffs. Mr. Stillman directed Mr. Chieffo to deliver them to his Los Angeles office, and Mr. Chieffo agreed. Subsequently, upon learning that Mr. Chieffo's former employer was working with Mr. Stillman and was the person receiving the printed set, he refused to provide them and then claimed that he had never agreed to provide a printed set.

A.     Plaintiffs' Objection To Form Of Delivery.

Plaintiffs promptly objected on several grounds to Defendants' "document dump" in an initial "meet and confer" letter dated May 29, 2021. Stillman Dec.¶ 4 & Ex. 3. The relevant ground for this Motion is that Plaintiffs' printing and support staff were not able to print out hard copies of the documents from the electronic Drop Box in which the documents were electronically delivered. Plaintiffs' printing contractor stated that "Dropbox gives me error to download folder and there are

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

too many files to download one at a time." Stillman Dec. ¶ 3 In fact, each page in the electronic delivery was a file that must be downloaded separately, and each page had to be opened separately for review. Plaintiffs' objections were repeated in "meet and confer" letters sent on June 18, 2021 and June 29, 2021. Stillman Dec. ¶ 6 & Ex. 5.

Counsel for Defendants stated without qualification on June 14, 2021 that Defendants would provide the documents in paper form: "At our cost, we will print one copy of every document . . . and deliver these copies to" counsel for Plaintiffs. Counsel then repeated that commitment in an email dated two days later. Stillman Dec.¶ 5 & Ex. 4. However on July 1, 2021 and later on July 10, 2021, counsel for Defendants reneged on that offer, falsely stated that he had "never reached 'agreement' regarding a hard copy of the documents" and refused to either produce the documents delivered in paper form or in any form which Plaintiffs, their experts and consultants could access except by opening each page. Stillman Dec. ¶7 & Ex. 6-7.

This correspondence is Plaintiffs' certification that they in good faith conferred with counsel for Defendants in an effort to obtain the documents produced in reasonably usable form prior to making this Motion as required by Rule 37(a)(1). As the Court will note from the correspondence attached to the Stillman Dec. ¶¶ 6 & Ex.6-7, the apparent reason for Defendants' change of position, other than sheer ornery-ness, is seemingly that the documents will be reviewed by a consultant engaged by Plaintiffs who is a disbarred attorney and a founding member of Gibson, Hoffman and Pancione, a well-regarded Los Angeles entertainment law firm and Vince Chieffo's former employer, and is working for Mr. Stillman under California State Bar Rule 5.3.1 (formerly 1-311(C)). As discussed below, there is no justification whatsoever for this objection but in any event that objection is not a reason to refuse to comply with the express requirements of Rule 34 to produce documents in a reasonably usable form.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS (SET ONE) AND FOR PAYMENT OF EXPENSES [FRCP 37(a)(3)(B)(iv), (a)(5)(A)]

The Advisory Note to Rule 34(b)(2)I(ii) states clearly that a responding party may not convert electronic or paper records "to a different form that makes it more difficult or burdensome for the requesting party to use information efficiently in litigation."  Quoted and discussed in *Johnson v. RLI Ins. Co.* 2019 U.S. Dist. LEXIS 115308 (D. Alaska Aug. 31, 2015) at *11-12.  The Rule is designed to require production in a manner to "enhance functional utility" in litigation.  *United States ex rel. Hooper v. Lockheed Martin Corp.* 2009 U.S. Dist. LEXIS 134153 (C.D. Cal. Dec. 10, 2009) at *17. The production by Defendants does not meet the requirements of Rule 34 as confirmed by the Advisory Note and is not in a "reasonably usable form" and has no "functional utility."

Therefore, although Plaintiffs do not oppose, and indeed, support electronic productions, those productions must be usable.  Having to open thousands of pages one by one rather than in bulk is unduly burdensome and time-consuming.  Had Defendants simply produced the documents in one Bates numbered file – the way Plaintiffs' have produced documents to Defendants, there would be no need for this Motion.  However, because Defendants did not, Plaintiffs must regrettably move to compel Defendants to produce the responsive documents in paper form which is reasonably usable by Plaintiffs, their consultants and experts, *i.e.* can be scanned electronically and capable of searching with standard computer search programs.  Alternatively, if Defendants can provide the documents in freely accessible form that permits electronic search and scrolling and other necessary features, Plaintiffs will accept such production if approved by its consultants and experts as having sufficient "functional utility" for each to do their jobs for Plaintiffs.

B.      Defendants' Objections To Plaintiffs' Consultant Is Frivolous.

While irrelevant to this Motion, Plaintiffs respond briefly to Defendants' claim that its consultant and work product expert may be denied access to the documents produced by reason of his disbarment or for any other bogus objection manufactured by Defendants.  First, whether or not that consultant is retained or not, Plaintiffs are still entitled to have production of all documents in

3

"reasonably usable form" and attacks on the Plaintiffs' team are not a sufficient basis for Defendants' repudiation of Rule 34's requirements.  However, Plaintiffs ask the Court to reject any claim that Defendants may deny any consultant or expert access to the documents produced because of some bogus "make trouble" objection intended to delay this litigation.

Second, Plaintiffs and not Defendants are entitled to choose Plaintiffs' team of consultants and staff.  Plaintiffs have located no authority and there is no authority for Defendants to dictate the persons selected by Plaintiffs to analyze the voluminous documents provided by Defendants or as obtained from Rule 45 subpoenas issued by Plaintiffs.  All consultants and experts will be engaged subject to execution of the Protective Order stipulated by the parties and issued by the Court on August 27, 2020 ("Protective Order") [ECF No. 86].  The consultant in issue, Mr. Hoffman has worked with Mr. Stillman under Rule 1-311© of the California State Bar *for almost 4 years*.  Indeed, Mr. Stillman has used Mr. Hoffman's address as his Los Angeles office for his cases.  Mr. Hoffman is not only very experienced in music copyright litigation, but he is also an expert in matter of music publishing income and accountings therefor.

The Court should note that the Protective Order ¶11(a), (c) and (d) allows Plaintiffs to provide documents subject to the Protective Order to employees or agents of Plaintiffs, litigation support staff and consultants.  Mr. Hoffman qualifies under all three provisions.  Nothing in the Protective Order grants Defendants the right to make objections, bogus or not, to any such person chosen by Plaintiffs as part of their litigation team.  The only requirement is that any person receiving documents subject to the Protective Order must sign the Acknowledgement attached to it, which Mr. Hoffman has done.

C.      Plaintiffs' Request For Reasonable Expenses.

Finally, pursuant to Rule 37(a)(5)(A), this Court is required to order payment by counsel for Defendants of Plaintiffs' reasonable expenses incurred in compelling Defendants to comply with their obligations under Rule 34, unless Defendants offer "substantial justification" for their refusal to

4

provide the documents produced in a "reasonably usable form."  Defendants' sole objection was that Mr. Hoffman might review the documents produced and that objection is entirely without any justification whatsoever under the Rule or the Protective Order.  As set forth in the Stillman Dec., Plaintiffs' reasonable expenses after three "meet and confer" attempts, discussions with prints and computer staff and making of this motion are $7,500.

This Motion will be based on this Notice and Motion, the pleadings, records and files in this action and such other matters as the Court may consider at the hearing on this Motion.

DATED: July 28, 2021

Respectfully submitted,

STILLMAN & ASSOCIATES

By: _____
        Philip H. Stillman, *pro se.*

MICHAEL J. FLYNN, ESQ.

By:  Michael J.Flynn_____
        Michael J. Flynn, *pro se*

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS (SET ONE) AND FOR PAYMENT OF EXPENSES [FRCP 37(a)(3)(B)(iv), (a)(5)(A)]

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on July 30, 2021 or as soon thereafter as possible, copies of the foregoing PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS (SET ONE) AND FOR PAYMENT OF EXPENSES [FRCP 37(a)(3)(B)(iv), (a)(5)(A)] was served electronically by the Court's ECF system to all parties and their attorneys of record or other persons requesting or entitled to service of filings in this proceeding.

_____

Philip H. Stillman *pro se*

---

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS (SET ONE) AND FOR PAYMENT OF EXPENSES [FRCP 37(a)(3)(B)(iv), (a)(5)(A)]