**GREENBERG TRAURIG, LLP**
MARK E. FERRARIO
Nevada Bar No. 1625
JASON K. HICKS
Nevada Bar No. 13149
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone:  702-792-3773
Facsimile:   702-792-9002
Email: ferrariom@gtlaw.com
          hicksja@gtlaw.com

VINCENT H. CHIEFFO
*Admitted Pro Hac Vice*
JULIANNA M. SIMON
*Admitted Pro Hac Vice*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310-586-7700
Facsimile:  310-586-7800
Email:  chieffov@gtlaw.com
          simonju@gtlaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL J. FLYNN, and PHILIP STILLMAN,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL E. LOVE, an individual; JACQUELYNE LOVE, an individual; MICHAEL E. LOVE as TRUSTEE OF THE MICHAEL LOVE FAMILY TRUST; MELECO, INC., a Nevada corporation; and DOES 1-10<br><br>Defendants. | Case No.:  3:19-cv-239-MMD-CLB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS (SET ONE) AND FOR PAYMENT OF EXPENSES (ECF NO. 161) AND COUNTERMOTION FOR SANCTIONS UNDER FED. R. CIV. P. 37(a)(5)(B)**<br><br>**HEARING REQUESTED** |

Defendants Michael Love, individually and in his capacity as the Trustee of the Michael Love

Family Trust, Jacquelyne Love, and Meleco, Inc., by and through their attorneys of record, the law

firm Greenberg Traurig, LLP, submit this opposition to Plaintiffs' Motion to Compel Production of

ACTIVE 59153581v1

1   Documents (Set One) and for Payment of Expenses (ECF No. 161) and countermotion for sanctions

2   under Fed. R. Civ. P. 37(a)(5)(B) for having to respond.  This opposition and countermotion are made

3   and based upon the following memorandum of points and authorities, the pleadings and papers on

4   file herein, the exhibits attached thereto, and any oral argument to be entertained by the Court,

5   which Defendants respectfully request.

6          Dated this 12th day of August 2021.          Respectfully submitted,

7                                                        **GREENBERG TRAURIG, LLP**

8                                                         */s/ Jason Hicks*
                                                        MARK E. FERRARIO
9                                                       Nevada Bar No. 1625
                                                        JASON K. HICKS
10                                                      Nevada Bar No. 13149
                                                        VINCENT H. CHIEFFO
11                                                      *Admitted Pro Hac Vice*
                                                        JULIANNA M. SIMON
12                                                      *Admitted Pro Hac Vice*

13                                                      *Attorneys for Defendants*

14

15                              **MEMORANDUM OF POINTS AND AUTHORITIES**

16   I.      **BACKGROUND**

17          Plaintiffs are seeking more than $42 million[1] by way of this lawsuit whilst simultaneously

18   attempting to force Defendants to do their heavy lifting for them, cater to their personal preferences

19   and, in the case of this motion, finance Plaintiffs' discovery review efforts.  Plaintiffs' position that

20   Defendants should be ordered to pay for and reproduce in paper form the more than 37,000 pages of

21   discovery already produced electronically is meritless.[2]  All discovery Defendants have produced to

22   date is in a standard electronic format that is readily accessible to any party with a minimum level of

23   computer literacy.  All that is required of Mssrs. Flynn and Stillman is that they click the URL

24   provided to them via e-mail, create an account and use the code provided, and click the download

25

26   _____
    [1] Plaintiffs' amended initial disclosures.

27   [2] Plaintiffs also complain about a "document dump."  ECF No. 161 at 1:9. The world of ostensibly
    discoverable information was fashioned by Plaintiffs' larded, **71-page** complaint in which they seek
    to turn what should be a straightforward breach of contract action beginning in 2017 into a vast
28   conspiracy going back decades.  By calling into question more than 30 years of facts, Plaintiffs have
    created the problem they now complain of.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 59153581v1

button to download the production.  They are then free to view those documents however they wish, whether on their electronic devices or via print, or forward them to qualified vendors to assist, or experts to review, under protection of the governing confidential order.  Defendants are under no obligation, however, to print documents *that have already been produced* for Plaintiffs, *at Defendants' expense*, simply because Plaintiffs refuse to engage a competent vendor to show them how to download and press print themselves.  *See* Fed. R. Civ. P. 34(b)(E)(iii) ("A party need not produce the same electronically stored information in more than one form.").

Defendants' productions are routine, easy to access, and comply fully with their discovery obligations.  Fed. R. Civ. P. 34(b)(E)(ii) (allowing parties to produce ESI "in a reasonably useable form").  Indeed, they go above and beyond.  Defendants have made available all documents in each of the five productions made through a clickable link, sent to Plaintiffs via e-mail, and downloadable in bulk in a single .zip file.  The process could not be more simple or ordinary.  As shown below, Plaintiffs' assertions to the contrary are outright false and the motion is brought in extreme bad faith.  Defendants respectfully ask the Court to deny Plaintiffs' motion and order them to reimburse Defendants for the reasonable fees and costs incurred in having to respond to it under Fed. R. Civ. P. 37(a)(5)(B).

## II.   __ARGUMENT__

### A.  Defendants' Productions Have Been Made in an Industry Standard Format

Plaintiffs' apparent technical misunderstanding is encapsulated by their misrepresentation that the "Dropbox" link their "contractor" attempted to access "gives me error to [sic] download folder and there are too many files to download one at a time."  ECF No. 161, 2:27-3:1.  Putting aside the fact that the "contractor" is unidentified[3], Plaintiffs did not submit the correspondence from which they quote to the Court, and no other context is provided, Defendants have never used Drop Box to make any productions in this case.  *See* Declaration of Andrew Bell ("Bell Decl."), submitted herewith, at ¶ 4.  Rather, Defendants provided directly to each Plaintiff links to download each of the five productions through Greenberg Traurig's own secure file transfer site.  *Id*.  Secure file transfer links are accessible only to the direct recipient of the e-mail; that is to prevent unauthorized parties

---

[3] An issue addressed *infra* section II(B).

ACTIVE 59153581v1

Greenberg Traurig, LLP
10845 Griffin Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1    from intercepting confidential information and is what makes the transfer "secure." *Id*. at ¶ 5.  This,

2    too, is industry standard and an ordinary part of electronic discovery in the twenty-first century.  *Id*.

3    Presumably, Defendants' unnamed "contractor" would already know this assuming any air of

4    legitimacy.

5         Regardless, Plaintiffs have never requested that Defendants send the secure file transfer links

6    to anyone other than themselves.  *See* Declaration of Vincent Chieffo ("Chieffo Decl."), submitted

7    herewith, at ¶ 2.  Nor have Plaintiffs previously complained that they were unable to access the links.

8    To the contrary, Defendants through their terminal can see who accessed the links, and when, and

9    between both Plaintiffs each of the five links has been accessed. Bell Decl. at ¶ 6; *see also* **Exhibit**

10   **A** (table reflecting access data).  In fact, both Plaintiffs have admitted they have viewed at least some

11   portion of the productions despite their claimed difficulties.  *See* **Exhibit B** (Minutes from June 28,

12   2021 Case Management Conference) at 4:14:15 (Mr. Flynn stating he has "read many" of the

13   documents produced), 7:4-8 (Mr. Stillman stating he's reviewed "a lot of them"); Chieffo Decl. at ¶

14   4.

15        Plaintiffs' representation that, according to their unidentified "contractor," there are "too many

16   files to download one at a time" is also a demonstrably false premise.  ECF No. 161, 2:27-3:1.  Once

17   the recipient of a secure file transfer link receives it and clicks on the link, that link will provide the

18   recipient with the option to download *all* of the files in that production in a single .zip folder with one

19   click.  Bell Decl. at ¶ 7.  After downloading the entirety of the files in the .zip folder, the recipient is

20   free to review those files however he or she wishes, such as uploading them to a document repository

21   and, subject to the governing protective order, share them with a discovery vendor or provide them

22   to an expert.  *Id*.

23        Here, Defendants provided the first two of five total productions on August 10, 2020 and

24   September 11, 2020, with load files (containing metadata), single page image files, document-level

25   text files, and natives where applicable (such as an Excel file) at Defendants' own cost.[4]  *Id*. at ¶ 8.

26   *Hullinger v. Anand*, 2016 U.S. Dist. LEXIS 192580, *10, 2016 WL 7444620 (C.D. Cal. Aug. 19,

27   _____

28   [4] Typically, courts will award costs incurred for load file preparation.  *See, e.g., U.S. Ethernet Innovations, LLC v. Acer, Inc*., 2015 U.S. Dist. LEXIS 118807, *30, 2015 WL 5187505 (N.D. Cal. Sept. 4, 2015).

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

2016) (a "load file is a file that includes metadata and links to text files, native files, and image files.");

*Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, 2017 U.S. Dist. LEXIS 14983, *14, 2017 WL 445722 (E.D. Cal. Feb. 2, 2017) ("image format productions are typically accompanied by 'load files ....'") (*quotation and citation omitted*).  Providing files in this format allows Plaintiffs to view document metadata, makes everything searchable, allows the files to be converted to any number of formats (such as .pdf), viewed using a range of standard software, uploaded to widely available e-discovery repositories for viewing, tagging, and notations, printed if desired, and is, once again, industry standard.  Bell Decl. at ¶ 8.

After Plaintiffs' initial (and completely unfounded) complaints regarding the first two productions, however, Defendants provided the next three productions (May 7, June 5, and July 14, 2021) in searchable .pdf format, only, to alleviate whatever perceived issues Plaintiffs had with the load and image files.  *Id*. at ¶ 9.  Whether using the load files, the image files, or the .pdf files, any legitimate e-discovery vendor in the country could have easily assisted Plaintiffs with whatever technical stumbling block they are stuck on, or otherwise loaded them into any one of dozens of e-discovery platforms for Plaintiffs to view at their leisure.  *Id*. at ¶ 10.  To make it even easier, Defendants provided Plaintiffs with names of such vendors in southern California (where Mr. Flynn resides) and in southern Florida (where Mr. Stillman resides).  *See* Plaintiffs' Exhibit 6, ECF No. 159-2 at pgs. 129-130.  Finally, Defendants offered to arrange to have the discovery already produced electronically printed and delivered to Mr. Stillman in Miami, so long as Plaintiffs paid for it.  *Id*. at pg. 127 ("That said, if you would like to send us a check for $3,000, which is the quoted cost to print everything we've produced, then we'll do you a favor and have them printed and delivered to you in Miami.").  Plaintiffs did not accept that offer.  Defendants are at a loss as to why Plaintiffs, self-proclaimed seasoned litigators, are apparently completely unfamiliar with the basics of e-discovery and refuse, certainly given the eye-popping award they seek, to engage a capable outside discovery vendor to assist.  Put simply, there are no actual issues with the accessibility of the productions; the problem is one with the user.

Whatever the cause of the resistance, Defendants are manually submitting with this Opposition a video exhibit showing exactly what Plaintiffs (or any other authorized, direct recipient of the secure

file transfer link) needed to do to access, download, and view the documents.  *See* **Exhibit C** (Video Depicting Process of Accessing Electronic Discovery Productions), submitted manually; Bell Decl. at ¶ 11.  The simplicity of the process cannot be overstated.  Importantly, the video also exposes as entirely fraudulent Plaintiffs' contentions in their motion that (1) there are issues with the (non-existent) "Drop Box" link (ECF No. 161, at 2:26); (2) that there are too many files to "download one at a time" (*id.* at 2:27-3:1); (3) that each file has to be downloaded separately and each page opened separately (*id.* at 3:2-3); (4) that the files were not provided "in industry-standard PDF format" (*id.* at 2:11-12); and (5) that the productions are "not usable, reasonably or at all" (*id.* at 2:10).[5]

In summary, Defendants (at their own expense) have utilized widely available technology to produce discovery in an easy-to-search electronic form, perfectly common in this day and age. Plaintiffs, for whatever reason, are either unable to follow the most basic of instructions or simply refuse to do so because they wish to force Defendants to accommodate their preference for expensive hard copies without paying for that cost themselves.  Plaintiffs' position has no support in the law and, to the contrary, Defendants are permitted to produce ESI "in a reasonably useable form" and "need not produce the same electronically stored information in more than one form."  Fed. R. Civ. P. 34(b)(E)(ii) and (iii).

**B.  Plaintiffs' Arguments Concerning Peter Hoffman Are Red Herrings**

Plaintiffs dedicate a chunk of their motion to preemptively attempting to justify their apparent employment of Peter Hoffman and complaining that Defendants will not provide to Mr. Hoffman a free, hard copy set of discovery.  To be clear, Defendants' refusal to provide to Mr. Hoffman the Loves' confidential personal and financial information is not due to any personal vendetta against Mr. Hoffman. It is instead because Mr. Hoffman is a disbarred attorney who has been convicted of conspiracy and multiple counts of wire and mail fraud.  *See United States of America v. Peter M. Hoffman, et al,* case no. 2:14-cr-00022-MLCF-DEK in the United States District Court for the Eastern

---

[5] This video depicts exactly what the recipient would need to do, and would see, with respect to the three most recent productions (i.e., files all in .pdf form). The process was exactly same with respect to the first two productions, the only difference being that the .zip file would contain load files (containing metadata), single page image files, document-level text files, and natives where applicable (such as an Excel file) rather than .pdfs.  In which case, Plaintiffs would have needed only to load them into any number of commercially available e-discovery platforms, which would allow them to view, markup, tag, print, or otherwise use the data however they saw fit.

Greenberg Traurig, LLP
10845 Griffin Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 59153581v1

Greenberg Traurig, LLP
10845 Griffin Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   District of Louisiana, a copy of the docket submitted herewith as **Exhibit D**; ECF No. 497-1 (jury

2   verdict form); *see also* Chieffo Decl. at ¶ 5.  Mr. Hoffman has been ordered to self-surrender to the

3   Bureau of Prisons to begin serving his term of incarceration.  *Id.* at ECF No. 994.  Mr. Stillman is one

4   of Mr. Hoffman's attorneys in that criminal case.  *Id.*

5       Mr. Hoffman and his wife, who is his co-defendant and has also been convicted (*id.* at 497-1),

6   apparently reside at 115 North Orange Drive, Los Angeles, California 90036.[6]   That is also the

7   address that Mr. Stillman recently began using on his letterhead, referring to Mr. Hoffman's residence

8   as the "Stillman & Associates" law office.  *See, e.g.,* Exhibit 3 to Plaintiffs' motion, at ECF No. 159-

9   2 at page 117.[7]

10      None of this information was disclosed to Defendants when they originally offered to send a

11   single set of printed discovery to one of the Plaintiffs.  In fact, Mr. Hoffman, who defense counsel

12   Vince Chieffo met professionally in the mid-1970s in Los Angeles, e-mailed Mr. Chieffo in

13   December 2020 asking for an unrelated favor and, in that e-mail, stated specifically that he was

14   "working with Phil [Stillman] on several matters now (***but not the Love case***)".  **Exhibit E** (December

15   11, 2020 e-mail from Peter Hoffman to Vince Chieffo) (emphasis added); Chieffo Decl. at ¶ 6.  Not

16   long after, however, Defendants noticed that Plaintiffs began copying Mr. Hoffman on discovery-

17   related e-mails in this case.  Defendants conducted some research on Mr. Hoffman, saw he has been

18   disbarred, and noticed that his home address is the same one that Mr. Stillman had requested

19   Defendants send hard copies of the Loves' confidential discovery to.  This revelation prompted Mr.

20   Chieffo's June 28, 2021 e-mail (Plaintiffs' Exhibit 6, ECF No. 15-2 at pgs. 130-131) and July 10,

21   2021 e-mail to Plaintiffs (Exhibit 7 to Plaintiffs' motion, ECF No. 15-2 at page 133) raising the issue

22   of Mr. Hoffman's involvement and apparent violation of the governing protective order and

23   withdrawing the prior offer to print documents for Plaintiffs.

---

[6]  *See* Peter M. Hoffman attorney profile on the State Bar of California website, at http://members.calbar.ca.gov/fal/Licensee/Detail/66205 (last accessed August 9, 2021).
[7]  Mr. Stillman has recently started signing pleadings as on behalf of "Stillman & Associates," including the current motion.  Mr. Stillman apparently believes the rules against the unauthorized practice of law do not apply to him.  As the Court has repeatedly informed him, he is representing himself in this litigation *pro se*.  He does not represent Mr. Flynn or any other before this Court, and his ability to appear *pro se* does not extend to his law firm given the lack of Nevada bar membership.

ACTIVE 59153581v1

Concerningly, defense counsel also received unsolicited correspondence from an individual named Eden Darwish ("Darwish") claiming that she or he and family members are or were represented by Mr. Stillman, highlighting the very concerns Defendants have. *See* **Exhibit F** (August 9, 2021 e-mail from Eden Darwish to Vince Chieffo); Chieffo Decl. at ¶ 7. According to Darwish, Mr. Stillman has been utilizing Mr. Hoffman on his cases to "carry[] out legal tasks normally left only to fully licensed, competent attorneys" and that "[w]hile Mr. Stillman vacationed or was otherwise out of reach, Mr. Hoffman, unsupervised, managed all legal matters himself." *Id*. According to Darwish, Mr. Hoffman "independently researched and wrote motions, carried out legal research, managed discovery and initiated the filing of lawsuits" whilst "acting as a fullyfleged [sic] attorney despite being a disbarred, convicted felon." *Id*. Also according to Darwish, Mr. Hoffman "dubbed himself a paralegal consultant to circumvent rules preventing disbarred felons from practicing law in California." *Id*. Lastly, Darwish states that Mr. Hoffman is billing him or her separately from Mr. Stillman and through a company called PicturePro LLC (*id*.) which, if true, tends to refute Mr. Stillman's assertion that Mr. Hoffman is his employee.

In full candor, Defendants do not know Darwish, did not solicit him or her, have never spoken to him or her (including not responding to the e-mail), and have no personal knowledge as to whether these accusations are true or not. Chieffo Decl. at ¶ 8. All Defendants know at this time is that (a) according to public records, Mr. Stillman does or has recently represented someone by that name, including family members, and (b) this individual's account of Mr. Hoffman's relationship with Mr. Stillman and Mr. Hoffman's involvement in his or her cases is eerily similar to what is unfolding in this case. *See* **Exhibit G** (collection of pleadings, opinions, exemplar cases showing Mr. Stillman representing Darwish family members)*.* Hence, Defendants' concern with sharing the Loves' personal information, which includes detailed financial data.

Plaintiffs' position that they can "hire" whomever they want and share the Loves' private personal and financial information with them under the guise of consultancy is disputed by

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 59153581v1

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Defendants.[8]  Regardless, that issue is perhaps a fight for another day.  For purposes of responding to the instant motion, however, Defendants were not under any obligation to print, at Defendants' expense (quoted at thousands of dollars), copies of the same discovery that has already been provided electronically to Plaintiffs.  Defendants were free to withdraw that gratuity once they learned who the recipient of the Loves' confidential information was.[9]  Plaintiffs' arguments and complaints in this regard are thus red herrings and have no bearing on the question of whether Defendants' electronic productions comply with the Rules, which they undoubtedly do.

### C.  Plaintiffs' Request for Fees Should be Denied

Plaintiffs include a throw-away request for $7,500 in "reasonable expenses" they contend were incurred in preparing their unmeritorious motion, a baffling ask given it would have cost them less than half that had they accepted Defendants' offer to print and ship the documents to Plaintiffs at Plaintiffs' cost.  They do not mention Rule 37, much less analyze in any manner the limitations for an award of fees if the Court grants a discovery motion, which do not allow for fees if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

For the reasons set forth above, Defendants submit that Plaintiffs' motion is entirely baseless, made in bad faith, and should be denied.  As such, Plaintiffs are not entitled to any fees and the Court need not reach this inquiry.  In the event it does, however, fees are not warranted because (a) Defendants provided all of the discovery to Plaintiffs in a useable, industry standard form; and (b) Defendants are not obligated to reproduce that discovery in paper form at their expense simply

---

[8]  Given he is disbarred (in addition to the fact that he is not a Nevada attorney), Mr. Hoffman's supposed role remains unclear.  Mr. Stillman has referred to Mr. Hoffman as a "paralegal" (Plaintiffs' Exhibit 6, ECF No. 15-2 at pg. 128), yet refused to certify whether he has provided the requisite written notice to the Bar or satisfied the statutory requirements for paralegals in Mr. Hoffman's state of residence, California.  *See id.* (Mr. Chieffo's response e-mail raising same).  The perhaps obvious conclusion is that the same has not been done because the California Bar would be unlikely to allow it and, if Darwish's e-mail is true, Mr. Hoffman is not limiting his activities to that of a paralegal anyways.  Regardless, instead of hiring a competent e-discovery vendor or paralegal, Plaintiffs choose to engage in this time-consuming, resource draining chicanery.

[9]  Even then, and as stated, Defendants previously offered to have the discovery printed and delivered to Mr. Stillman if Plaintiffs agreed to pay the cost to do so.  *See* Plaintiffs' Exhibit 6, ECF No. 159-2 at pg. 127.

ACTIVE 59153581v1

1   because Plaintiffs prefer hard copies but do not want to print it themselves.  As such, Defendants'

2   position is substantially justified.

3        Aside from the glaring holes on the merits, Plaintiffs provide no factual support for their request

4   for $7,500.  At the outset, they are each representing themselves *pro se*, so have no attorney's fees to

5   speak of.  Nor do Plaintiffs submit any proof of their alleged expenses.  The only mention of it in Mr.

6   Stillman's accompanying declaration is at the tail-end, and is again a summary assertion that "[a]s a

7   result of [defense] counsel's unjustified refusal to comply with the express terms of Rule 34, Plaintiffs

8   have incurred reasonable expenses of $7,500."  ECF No. 159-1 at ¶ 12.  Again, however, Defendants

9   have complied with Rule 34, providing to Plaintiffs discovery in electronic form, usable in a number

10  of formats and through various industry-standard programs.  Plaintiffs' contention that Defendants

11  "refus[e] to comply with the express terms of Rule 34" is outright false, and any alleged expenses are

12  a result of Plaintiffs' own shortcomings and are self-inflicted.

13       **D. Defendants Request Their Reasonable Fees in Opposing the Motion**

14       For the reasons described above, Plaintiffs' motion is factually dishonest and has no basis in

15  the law.  The motion is unfortunately just the latest in a pattern of frivolous and wasteful litigation

16  tactics by the Plaintiffs, who continuously take advantage of their *pro se* status to drive up Defendants'

17  expenses while accomplishing nothing of value in moving this litigation along.   Defendants

18  respectfully request that the Court award them their reasonable fees and costs incurred in responding

19  to the motion pursuant to Fed. R. Civ. P. 37(a)(5)(B).

20       Rule 37 provides, in relevant part, that if a discovery motion is denied, the Court "must, after

21  giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay

22  the party or deponent who opposed the motion its reasonable expenses incurred in opposing the

23  motion, including attorney's fees" unless the motion was "substantially justified or other

24  circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).  The Court has broad

25  discretion regarding the type and degree of discovery sanctions it may impose pursuant to Rule 37.

26  *Daniels v. Jenson*, 2013 U.S. Dist. LEXIS 47576, *4-5, 2013 WL 1332248 (D. Nev. Mar. 11, 2013)

27  (citing *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976)).  Rule 37 allows for the

28  authorization of any remedy the court determines is "just."  *Daniels*, 2013 U.S. Dist. LEXIS 47576,

Greenberg Traurig, LLP
10845 Griffin Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1   *4-5, 2013 WL 1332248 (citing *Marquis v. Chrysler Corp.*, 577 F.2d 624, 641-642 (9th Cir. 1978)

2   (awarding the payment of reasonable expenses for the failure to obey a court order to produce

3   documents)).  Further, Fed. R. Civ. P. 16 permits the Court to make such orders as are necessary "so

4   that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is

5   improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liability Litig.*, 460 F.3d

6   1217, 1227 (9th Cir. 2006).

7       Defendants have been more than reasonable and accommodating in providing discovery.  In

8   fact, Defendants have gone above and beyond, providing to Plaintiffs all discovery documents in

9   electronic form to facilitate Plaintiffs' categorization and review of the same.[10]  Defendants have also

10  provided names of recommended e-discovery providers, one in southern California for Mr. Flynn and

11  another in southern Florida for Mr. Stillman, to assist them.  *See* Plaintiffs' Exhibit 6, ECF No. 159-

12  2 at pgs. 129-130.  And, Defendants have previously offered to have the discovery printed and shipped

13  to Mr. Stillman if he agrees to pay for it.  In response, Plaintiffs have shown only obstinance, feigning

14  entitlement to printed versions of all of the discovery already produced, and at Defendants' additional

15  cost.  They will find no support in the Rules or logic for their demand.

16      Most egregiously, Plaintiffs completely misrepresent to the Court the manner in which

17  Defendants have made their productions.  As discussed thoroughly above, and as demonstrated by

18  the video submitted as **Exhibit C**, Defendants' productions are easily accessed, allow Plaintiffs to

19  download all of the documents produced in bulk, and, with respect to the first two productions,

20  provided load files capable of being converted and viewed in various forms (including but not limited

21  to .pdf) using widely available e-discovery resources, and with respect to the later three productions,

22  and at Plaintiffs' insistence, provided the documents only in .pdfs.  Plaintiffs' protestations are

23  nonsensical, ignore the facts, and unjustifiably have caused Defendants to incur fees to respond to yet

24  another meritless motion.

25

26

_____

27  [10] This is in stark contrast to, for example, Mr. Flynn's instance that Defendants travel to his shed in California to sift through boxes to see if, and what, might be responsive to Defendants' discovery requests.  *See* ECF No. 154 (Mr. Flynn's motion for protective order requesting the same).  Such an

28  approach makes Plaintiffs' position on, and complaints about, Defendants' ESI production all the more hollow.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

1  Accordingly, Defendants respectfully request that the Court grant Defendants' request for

2  reasonable attorney's fees and costs incurred in responding to the motion under Fed. R. Civ. P.

3  37(a)(5)(B) because the motion was not necessary at all, much less "substantially justified."

4  Defendants further respectfully request that the Court issue a briefing schedule under which

5  Defendants shall file a memorandum of fees and costs and supporting evidence, providing Plaintiffs

6  with an opportunity to respond and Defendants an opportunity to reply. *See, e.g., Fernandez v. Penske*

7  *Truck Leasing Co., L.P.*, 2013 U.S. Dist. LEXIS 14786, *8-9 (D. Nev. Feb. 1, 2013) (awarding

8  sanctions under Rule 37 and ordering the parties to brief the amount per a schedule); Fed. R. Civ. P.

9  37(a)(5)(B) (requiring notice and opportunity to be heard prior to award of expenses).

10  **III.   CONCLUSION**

11  Plaintiffs' motion is factually dishonest and entirely frivolous.  Defendants have produced all

12  discovery in this matter just as almost all electronic discovery is done in the twenty-first century: in

13  an electronic format, easily accessible and capable of being viewed by a laymen or, if desired, by

14  using any number of standard discovery software or vendors readily available.  Defendants

15  respectfully request that the Court deny Plaintiffs' motion in its entirety and award Defendants their

16  reasonable fees and costs incurred in having to respond.

17  Dated this 12th day of August 2021.

19  Respectfully submitted,

20  **GREENBERG TRAURIG, LLP**

21  */s/ Jason Hicks*
MARK E. FERRARIO
Nevada Bar No. 1625
22  JASON K. HICKS
Nevada Bar No. 13149
23  VINCENT H. CHIEFFO
*Admitted Pro Hac Vice*
24  JULIANNA M. SIMON
*Admitted Pro Hac Vice*

26  *Attorneys for Defendants*

ACTIVE 59153581v1

1

## CERTIFICATE OF SERVICE

2       Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that a copy of the foregoing **DEFENDANTS'**

3   **OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF**

4   **DOCUMENTS (SET ONE) AND FOR PAYMENT OF EXPENSES (ECF NO. 161) AND**

5   **COUNTERMOTION FOR SANCTIONS** was filed electronically via the Court's CM/ECF

6   system and served on all parties of record who have made an appearance in this case and are

7   registered for participation in CM/ECF on this date.

8       Dated this 12th day of August 2021.

9

10                                        */s/ Andrea Lee Rosehill*
                                          An employee of Greenberg Traurig, LLP
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

ACTIVE 59153581v1