Kent R. Robison, Esq.
Michael A. Burke, Esq.
Hannah E. Winston, Esq.
**ROBISON, SHARP, SULLIVAN & BRUST**
71 Washington Street
Reno, Nevada 89503
Telephone: (775) 329-3151
Facsimile: (775) 329-7941
E: krobison@rssblaw.com
　mburke@rssblaw.com
　hwinston@rssblaw.com

*Attorneys for Proposed Intervenor Rebecca Flynn- Williams
As Successor Trustee for the Laima Flynn Trust*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL J. FLYNN and PHILIP STILLMAN;<br><br>　　　　　Plaintiffs,<br>vs.<br><br>MICHAEL E. LOVE, an individual; and JACQUELINE LOVE, an individual; MICHAEL E. LOVE as TRUSTEE OF THE MICHAEL LOVE FAMILY TRUST; MELECO, INC., a Nevada corporation; and DOES 1-10,<br><br>　　　　　Defendants.<br><br>REBECCA FLYNN-WILLIAMS, AS SUCCESSOR TRUSTEE OF THE LAIMA FLYNN TRUST<br><br>　　　　　[Proposed] Intervenor　　／ | Case No.: 3:19-CV-00239<br><br>**STIPULATION AND [PROPOSED] ORDER ALLOWING REBECCA FLYNN-WILLIAMS, AS SUCCESSOR TRUSTEE OF THE LAIMA FLYNN TRUST TO FILE A COMPLAINT IN INTERVENTION PURSUANT TO FED. R. CIV. P. 24** |

Plaintiffs MICHAEL J. FLYNN (individually, "Flynn") and PHILIP STILLMAN ("Stillman"), in proper person (collectively, "Plaintiffs"), and Defendants MICHAEL E. LOVE, JACQUELINE LOVE, MICHAEL E. LOVE as Trustee of the Michael Love Family Trust, and MELECO, INC. (collectively, "Defendants"), through their attorneys of record, and Proposed Intervenor REBECCA FLYNN-WILLIAMS, AS SUCCESSOR TRUSTEE OF LAIMA

FLYNN TRUST (the "Trust"), represented by Kent R. Robison, Esq., Michael A. Burke, Esq., and Hannah E. Winston, Esq., of the law offices Robison, Sharp, Sullivan & Brust, hereby stipulate to the following:

1. On April 14, 2021, Plaintiffs filed their Fourth Amended Complaint in this matter.

2. The Successor Trustee of the Trust claims that the Trust owns a 55% interest in certain claims asserted by Plaintiffs in the Fourth Amended Complaint filed in this Action. ECF No. 121. Therefore, the Successor Trustee of the Trust desires to intervene on behalf of the Trust as of right pursuant to Fed. R. Civ. Pro. 24(a)(2) and to file in this Action the Complaint in Intervention attached to this Stipulation as Exhibit 1.

3. Defendants stipulate only that the Successor Trustee may file in this Action the proposed Complaint in Intervention, Exhibit 1, hereto. Defendants expressly reserve all rights, defenses, and claims with respect to the Complaint in Intervention and the Fourth Amended Complaint.

4. Plaintiffs each stipulate that the Successor Trustee may file in this action the proposed Complaint in Intervention, Exhibit 1, hereto.

Based on the foregoing, IT IS HEREBY STIPULATED AND AGREED that:

1. The Trust, by and through the Successor Trustee, may intervene in this action.

2. The Trust, by and through the Successor Trustee, shall file the Complaint in Intervention attached hereto as Exhibit 1 on or before September 17, 2021.

3. Defendants shall file their response to the Complaint in Intervention no later than 21 days from the date the Trustee files the Complaint in Intervention.

///

**IT IS SO STIPULATED.**

DATED this 10th day of September, 2021.

       */s/ Michael J. Flynn*
       MICHAEL J. FLYNN, ESQ.
       *In Proper Person*

DATED this 10th day of September, 2021.

       */s/ Philip Stillman*
       PHILIP STILLMAN, ESQ.
       *In Proper Person*

DATED this 10th day of September, 2021.

       ROBISON, SHARP, SULLIVAN & BRUST
       71 Washington Street
       Reno, Nevada 89503

       */s/ Michael A. Burke*
       KENT R. ROBISON
       MICHAEL A. BURKE
       HANNAH E. WINSTON
       *Attorneys for the Rebecca Flynn-Williams*
       *As Successor Trustee for the Laima Flynn Trust*

DATED this 10th day of September, 2021.

       GREENBERG TRAURIG, LLP
       10845 Griffith Peak Drive, Suite 600
       Las Vegas, Nevada 89135

       */s/ Jason K. Hicks*
       VINCENT H. CHIEFFO, ESQ.
       MARK E. FERRARIO, ESQ.
       JASON K. HICKS, ESQ.
       *Attorneys for Defendants*

**IT IS SO ORDERED.**

DATED this 17th day of September, 2021.

       UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

Kent R. Robison, Esq.
Michael A. Burke, Esq.
Hannah E. Winston, Esq.
**ROBISON, SHARP, SULLIVAN & BRUST**
71 Washington Street
Reno, Nevada 89503
Telephone:   (775) 329-3151
Facsimile:   (775) 329-7941
E: krobison@rssblaw.com
   mburke@rssblaw.com
   hwinston@rssblaw.com

*Attorneys for Intervenor Plaintiff Rebecca Flynn-Williams*
*As Successor Trustee for the Laima Flynn Trust*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL J. FLYNN and PHILIP STILLMAN; <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL E. LOVE, an individual; and JACQUELINE LOVE, an individual; MICHAEL E. LOVE as TRUSTEE OF THE MICHAEL LOVE FAMILY TRUST; MELECO, INC., a Nevada corporation; and DOES 1-10, <br><br> Defendants. <br><br> REBECCA FLYNN-WILLIAMS, AS SUCCESSOR TRUSTEE OF THE LAIMA FLYNN TRUST <br><br> [Proposed] Intervenor | Case No.: 3:19-cv-00239- MMD-CBC <br><br> **COMPLAINT IN INTERVENTION** |

## JURISDICTION AND VENUE

1.  This is an action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiffs MICHAEL J. FLYNN and PHILIP STILLMAN ("Plaintiffs") reside in the States of Massachusetts and Florida. The Successor Trustee for the Laima Flynn Trust, Rebecca Flynn-Williams, is a resident of Oregon. Love resides in the State of Nevada. Moreover, the amount in controversy exceeds $75,000.

2.  Venue is proper as the Love resides in or conduct business in this District.

{00046690 }           - 1 -
Complaint in Intervention

## PARTIES

3. Plaintiff Michael J. Flynn (individually, "Flynn") is a citizen of Massachusetts residing in Rancho Santa Fe, San Diego County, CA.  Flynn is an attorney licensed to practice in good standing in the Commonwealth of Massachusetts. Flynn was a partner in the law firm f/k/a Flynn Sheridan & Tabb and Flynn Sheridan Tabb & Stillman, ("FST&S").

4. Plaintiff Philip H. Stillman (individually, "Stillman") is a citizen of Florida residing in Miami-Dade County, Florida.  Stillman is an attorney in good standing who is licensed to practice law in the Commonwealth of Massachusetts and the State of California.  Stillman was a partner in FST&S.  Flynn and Stillman are collectively referred to herein as "Plaintiffs".

5. Rebecca Flynn-Williams as Successor Trustee for the Laima Flynn Trust (referred to herein as the "Trust" [1]) is a trust established under the laws of Oregon. Rebecca Flynn-Williams resides in the State of Oregon.

6. Defendant Michael E. Love ("Love") is an individual who is a citizen of Nevada and who resides in Incline Village, Nevada.  Love is the Trustee of the Michael Love Family Trust.  Love is sued in both capacities.

7. Defendants DOES 1-10, inclusive, are the fictitious names of defendants who are the agents, representatives, and/or employees of the named Defendant who are equally responsible for the Trust's claims as alleged herein, in either a representative capacity or by virtue of independent actions or omissions (Defendant and DOES 1-10, individually and collectively referred to herein as "Defendant").  When the true names and identities of these Doe Defendants are ascertained, the Trust will seek leave to amend this Complaint to insert their true names and identities.

## FACTUAL ALLEGATIONS

8. Plaintiffs have provided legal services to Love for nearly thirty years.

---

[1] The Trust is excluded from the collective reference to "Plaintiffs" as defined in Paragraph 4 unless otherwise indicated.

9. Love was the lead singer of the music group the Beach Boys.

10. Relevant to this case, Plaintiffs represented Love in a lawsuit against Brian Wilson in the early 1990's regarding ownership of songwriting royalties and copyright reversion rights to 35 of the Beach Boys' most popular songs. The litigation is referred to herein as "*Love v. Wilson*".

11. As part of Plaintiffs' legal representation of Love in *Love v. Wilson*, Plaintiffs and Love signed a contingency fee agreement on July 27, 1992 (the "1992 Fee Agreement") wherein Love agreed that Plaintiffs' fee for their services would be a percentage of the recovery obtained in the litigation. The percentage of recovery that Love agreed Plaintiffs were entitled was staggered based on the amount of recovery and time it took to secure any recovery.

12. Therefore, if Plaintiffs secured over $6,000,000 in *Love v. Wilson* and at trial, Plaintiffs' fee would be 30% of the first $3,000,000, 28% of the second $3,000,000, and 25% of the amount over $6,000,000.

13. In 1993, Plaintiffs and Love entered an amended fee agreement (the "1993 Agreement"), wherein Plaintiffs and Love agreed that instead of Plaintiffs taking a percentage of the recovery in the litigation, Plaintiffs would be entitled to a 30% interest in the songwriting royalties and copyright reversion rights to 35 of the Beach Boys' most popular songs, in exchange for Plaintiffs advancing all costs associated with Love's prosecution of the *Love v. Wilson* case.

14. On December 12, 1994, the jury entered a special verdict as to liability, which confirmed that Love was a co-author of the 35 songs.

15. On December 20, 1994, with the damages phase of trial soon to commence, Love and his litigation adversary, Brian Wilson, entered a settlement. Prior to Love executing the settlement with Wilson, the Plaintiffs and Love, in consultation with Love's accountant and Love's wife at the time, Jacquelyne Piesen Love ("JPL"), agreed that the recovery under the 1992 Agreement, as amended by the 1993 Agreement, had a valuation of between $50 million and $80 million.

16. However, at the time, Love was unable to pay Plaintiffs their 30% fee, which was no longer contingent based upon the jury verdict entered on December 12, 1994, on the *total* valuation of the "recovery" under the fee contracts – a fee in the amount of at least $15 million based on a minimum valuation of $50 million for the future songwriter royalties and copyright reversions.

17. Therefore, at Love's request, Love and the Plaintiffs agreed that the Plaintiffs would receive 30% of the cash portion of the Wilson settlement, (subject to a separate agreement with Wilson involving his claims against his lawyers, JJ Little and James Tierney) plus 30% of all future songwriter royalties and copyright reversions Love possessed or received as a result of Plaintiffs establishing Love's co-authorship in the 35 Songs.

18. The parties memorialized this agreement on December 19, 1994, Agreement (the "1994 Agreement").

19. For the next 23 years, until the summer of 2017, Love complied with the 1994 Agreement and paid Plaintiff 30% of the stated royalties received as agreed upon in the 1994 Agreement.

20. In the summer of 2017, Love unilaterally ceased payments under the 1994 Agreement. Therefore, Love have breached the 1994 Agreement and the 1993 Agreement.

21. Moreover, on information and belief, Love has recently sold the 35 songs and did not pay Plaintiffs' 30% of the amount he received from such sale, which is a further breach of the agreements between Love and the Plaintiffs.

22. Plaintiffs filed this lawsuit to assert their breach of contract claim, among others, against Love.

23. Pursuant to a certain Assignment of Claims Agreement dated July 20, 2021 ("Assignment of Claims"), the Trust now holds a 55% interest in Plaintiffs' 30% interest in the future songwriter royalties and copyright reversions owed by Love.

24. The Assignment of Claims includes all contractual rights in the 1992 Agreement, the 1993 Agreement, the 1994 Agreement, and all equitable and tortious claims or remedies that are available to Plaintiffs and appropriate for assignment to the Trust.

25. Therefore, the Trust intervenes as a Plaintiff in this lawsuit and asserts the following claims: Breach of Contract; Quantum Meruit; Unjust Enrichment; and Declaratory Relief.

26. As an assignee, the Trust is in privity with the Plaintiffs regarding the California arbitration that occurred between the Plaintiffs and Love and is bound to that result in the same manner as the Plaintiffs.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

27. The Trust incorporates the preceding paragraphs as though fully set forth herein.

28. The 1992 Agreement was a valid and binding written contract between Love and Plaintiffs, which Love and Plaintiffs amended by entering the 1993 Agreement.

29. The 1994 Agreement, a non-contingent agreement for a payment, confirms Love and Plaintiff's Agreement and sets forth the valuation of the recovery. The 1994 Agreement is a valid and binding agreement between Love and the Plaintiffs.

30. Plaintiffs performed all conditions of the 1993 Agreement and 1994 Agreement between Love and Plaintiffs.

31. Love performed pursuant to the 1994 Agreement and 1994 Agreement from 1994 through the summer of 2017.

32. In the summer of 2017, Love breached the 1993 Agreement and 1994 Agreement by refusing to make additional payments and refusing to honor Plaintiffs' 30% interest in the songwriter royalties and copyright reversions for the subject 35 songs.

33. The Trust, as an Assignee under the Assignment of Claims, now holds a 55% interest in Plaintiffs' collective 30% interest in the songwriter royalties and copyright reversions from the subject 35 songs.

34. The Trust, as an assignee of the contractual rights under the 1993 Agreement and 1994 Agreement, now sues Love for breach of these agreements.

35. As a result of Love's breaches of the 1993 Agreement and 1994 Agreement, the Trust has been damaged in excess of $100,000.

## SECOND CAUSE OF ACTION
## ACCOUNTING

36. The Trust incorporates the preceding paragraphs as though fully set forth herein.

37. Love was required to account to the Plaintiffs for all royalties and other income they received in relation to the 35 Songs. Upon information and belief, the accounting provided by Love is not accurate or is incomplete. Therefore, the Trust seeks an order requiring Love to provide an accounting of the monies received by them.

## THIRD CAUSE OF ACTION
## QUANTUM MERUIT

38. The Trust incorporates the preceding paragraphs as though fully set forth herein.

39. Alternatively, in the event that it is determined that any of the agreements between Love and Plaintiffs are not enforceable, the Plaintiffs provided services and conferred a benefit upon Love for which Love has not fair and reasonably compensated Plaintiffs.

40. As assignee of the Plaintiffs' claims and interests against Love, the Trust is entitled to recover 55% of the amount of those reasonable fees earned by Plaintiffs.

///
///

## FOURTH CAUSE OF ACTION

## UNJUST ENRICHMENT

41. The Trust incorporates the preceding paragraphs as though fully set forth herein.

42. The Plaintiffs provided a benefit to Love by way of the legal services Plaintiffs provided to Love over several years, which resulted in a substantial victory for Love.

43. Love has failed to fully compensate Plaintiffs for the legal services Plaintiffs provided.

44. It would be unjust for Love to retain the benefit that properly belongs to Plaintiffs and Trust as an assignee.

45. As a result of Love's unjust enrichment, the Trust has suffered damages in excess of $75,000.

## SIXTH CAUSE OF ACTION

## DECLARATORY RELIEF

46. The Trust incorporates the preceding paragraphs as though fully set forth herein.

47. There are several written agreements that have been entered into between Plaintiffs and Love.

48. An actual controversy now exists between the Plaintiffs, Love, and the Trust regarding those written agreements.

49. The Trust seeks a declaratory judgment finding that:

(a) The 1992 Agreement is a binding and enforceable contract between Plaintiffs and Love that was validly amended by the 1993 Agreement.

(b) The 1994 Agreement is a valid, binding, and enforceable agreement between Love and Plaintiffs.

(c) Love breached the agreements by ceasing payments of Plaintiffs' 30% interest in the songwriter royalties and copyright reversions.

(d) The Trust, as an assignee, is entitled to and owns 55% of the Plaintiffs' 30% interest in the songwriter royalties and copyright reversions.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, the Trust hereby demands trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHERFORE, the Trust requests the Court to enter judgment in favor of the Trust and against Love as follows:

1. For a judgment awarding the Trust all actual and consequential damages as allowed by applicable law.
2. For an award of costs and attorneys' fees as allowed by applicable law.
3. For a declaratory judgment as requested herein;
4. For Prejudgment and post-judgment interest as allowed by applicable law.
5. Any other appropriate remedy to which Plaintiff may be entitled under law and equity.

DATED this ___ day of September, 2021.

ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada  89503

_____
KENT R. ROBISON
MICHAEL A. BURKE
HANNAH E. WINSTON
*Attorneys for the Rebecca Flynn- Williams*
*As Successor Trustee for the Laima Flynn Trust*