UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL J. FLYNN, *et al.*,

    Plaintiffs,

v.

MICHAEL E. LOVE, *et al.*,

    Defendants.

Case No. 3:19-CV-00239-MMD-CLB

**ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

[ECF No. 154]

    Before the Court is Plaintiffs Michael J. Flynn and Philip Stillman's (collectively referred to as "Plaintiffs") motion for protective order. (ECF No. 154, 155.)[1] Defendants Michael E. Love, Jacquelyne Love, and Meleco, Inc., (collectively referred as to "Defendants") responded, (ECF No. 157), and Plaintiffs replied, (ECF No. 158).[2] For the reasons discussed below, the Court denies Plaintiffs' motion for protective order. (ECF No. 154.)

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    This action arises from contractual disputes pertaining to a settlement involving the copyrights of 35 songs and events surrounding these songs, dating back to the 1960s. Plaintiffs initially filed their complaint on May 10, 2019. (ECF No. 1.) On April 14, 2021, Plaintiffs filed their Fourth Amended Complaint, which is the operative Complaint in this case. (ECF No. 121.) Plaintiffs assert claims against Defendants for: (1) fraud; (2) breach of contract; (3) accounting; (4) quantum meruit; (5) intentional interference with contractual and business relations; (6) unjust enrichment; (7) declaratory judgment; (8) fraudulent transfers; and (9) imposition of constructive trust. (*Id.*)

    On August 11, 2020, Defendants served their first set of discovery requests on

---

[1]    ECF No. 155 is an exhibit to the affidavit filed in support of the motion for protective order.

[2]    The motion is properly resolved without a hearing. *See* LR 78-1.

Plaintiffs. (*See* ECF No. 157-2.) The Requests for Production of Documents ("RPD") included limited requests regarding the *Love v. Wilson*[3] litigation, including documents regarding the purported expert valuation in the *Love v. Wilson* litigation, evidence quantifying the work performed by Plaintiffs in connection with the *Love v. Wilson* litigation for the quantum meruit analysis, and documents regarding payments from Mr. Love to Plaintiffs for their legal services rendered on the *Love v. Wilson* litigation. (*Id.* at Nos. 85-90, 98-101.) Defendants' RPD essentially seeks: (1) documents that are relevant to claims and allegations set forth in Plaintiffs' operative Complaint; and (2) documents that demonstrate the amount of work Plaintiffs performed on the four underlying lawsuits subject to the contingency agreements at issue. (ECF Nos. 157-2, 157 at 2-3.) To date, Defendants contend that Plaintiffs have produced a relatively minimal number of documents and virtually none of them are responsive to the RPD. (ECF Nos. 157 at 2, 5; 157-7.)

Discovery in this case has already proven to be contentious. To assist the parties with discovery issues, the Court has held several case management conferences ("CMC") since August of 2020. (*See* ECF Nos. 72, 98, 107, 118, 137, 150.) On May 20, 2021, this Court held a CMC in which these specific issues were discussed. (ECF No. 137.) At the CMC, Flynn represented to the Court that he offered during meet and confers and in emails to defense counsel that they could "come and copy" every document in Flynn's possession related to the case. (ECF No. 139 at 27.) During the hearing, the Court specifically advised Plaintiffs:

> When you get a request for production of documents, you have an obligation to go and look for documents that are responsive to the request for production of documents…. I'm going to tell you right now, again, you

---

[3] *Love v. Irving Music, Brian Wilson et al.*, No. 2:92-cv-04594 (C.D. Cal., filed July 31, 1992). *Love v. Wilson* was Michael Love's action to obtain his share of the revenues on the 35 Songs in the Sea of Tunes Catalog based on his status as a co-author of these compositions and based on his agreement with Brian Wilson, co-founder of "The Beach Boys" for sharing of the settlement with Almo/Irving Music. (*See* ECF No. 84 at 2, n. 2.) Plaintiffs represented Mr. Love in the *Love v. Wilson* litigation. (*Id.*)

>	all need to go back and review what you have, and respond appropriately. This is not okay. And, quite frankly, it is not the responsibility of the defense counsel to go and simply copy swaths of documents. It's your responsibility to respond specifically to requests for production of documents requests, or requests for interrogatories, or requests for admissions. Remember, you filed this lawsuit. They didn't. And they requested specific documents in response to specific questions, and you have an obligation to respond appropriately.... It is not just enough to say I have all these documents, come copy them. You still have to respond appropriately.... [U]nder Rule 26, you can make discovery available and comply, but you still have to be responsive to the request. You can't just doc dump and say that's it. That's not how it works.

(ECF No. 139 at 33-35.) At the June 28, 2021 CMC, the Court again discussed Flynn's offer regarding disclosure by inspection and instructed Flynn to file a motion for protective order by July 12, 2021. (ECF Nos. 150, 151.)

Ultimately, on July 9, 2021, Plaintiffs filed the instant motion for protective order, after completion of a meet and confer with counsel for Defendants. (ECF Nos. 154, 155.) In the motion, Plaintiffs essentially assert that their discovery obligations should be deemed "complied with" because they claim they have made 30 banker boxes full of documents available for Defendants' review in a storage shed in an unspecified location. (*See* ECF Nos. 154-1 at 4, 139 at 28.) Thus, Plaintiffs move for a protective order pursuant to Fed. R. Civ. P. 26(b)(2) and 26(c)(1)(B), limiting Plaintiffs' response to Defendants' request for production of documents for approximately 30 banker boxes of documents created in connection with the *Love v. Wilson* litigation. (ECF No. 154 at 2.) Additionally, Plaintiffs request the Court order that Plaintiffs are in full compliance with Fed. R. Civ. P. 34(b)(2)(B), by their offer to Defendants that inspection and related activities of the *Love v. Wilson* documents will be permitted as requested. (*Id.*) Plaintiffs assert that any requirement to copy, BATES stamp, and deliver copies of the mass of *Love v. Wilson* documents will be oppressive and place undue burden and expense on Plaintiffs. (*Id.*)

In response to the motion for protective order, Defendants assert that the motion seeks to impose a procedure violative of Fed. R. Civ. P. 34 and requests that the motion

be denied, and Flynn be ordered to search his files to identify and provide those documents responsive to Defendants' document requests within 30 days. (ECF No. 157.)

Plaintiffs filed a reply again requesting that the Court find that Plaintiffs have fully complied with Rule 34(b)(2)(B), by their offer to Defendants that "inspection and related activities [of the *Love v. Wilson* Documents] will be permitted as requested." (ECF No. 158).

## II.     LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Nonetheless, a party from whom discovery is sought may move for a protective order to prevent annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). The party seeking issuance of a protective order bears the burden of persuasion. *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (citing *Cipollone v. Liggett Grp.*, 784 F.2d 1108, 1121 (3d Cir. 1986)). Such a burden is carried by demonstrating a particular need for protection supported by specific facts. *Id.* To that end, courts "insist[] on a particular and specific demonstration of fact, as distinguished from conclusory statements," to issue a protective order. *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are insufficient. *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A showing that discovery may involve some inconvenience or expense is likewise insufficient to obtain a protective order. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

///

District courts possess "wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection." *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. Aug. 19, 2020) (quoting *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. Apr. 24, 2020)). Where grounds for a protective order have been established, courts have a variety of options to rectify the situation, including preventing the discovery or specifying the terms on which the discovery will be conducted. Fed. R. Civ. P. 26(c)(1)(A), (B).

## III.   DISCUSSION AND ANALYSIS

Plaintiffs bear the burden of persuading the Court that absent the issuance of a protective order, specific prejudice or harm will result. *See Beckman*, 966 F.2d at 476. Plaintiffs' general assertions that providing discovery will place undue burden and expense on Plaintiffs, does not satisfy the Rule 26(c) test.

Further, Plaintiffs' position that they are entitled to produce 30 boxes of documents from storage, in response to discrete document requests, is at odds with well-settled legal authority. "It isn't sufficient to point to a pile of boxes and say, 'The answer is out there.'" *Ultratech, Inc. v. Tamarack Scientific Co.*, 2005 WL 40074 at *4 (N.D. Cal. 2005) (producing documents as maintained in storage is not as kept in the "usual course of business" and does not satisfy the requirements of the Federal Rules of Civil Procedure. Requiring production as kept in the usual course of business, not in storage boxes, or specifying Bates stamp range or box number of documents. *Id.* at *3). This Court specifically instructed against this type of document production at the May 20, 2021 CMC, stating: "[i]t is not enough to just say I have all these documents, come copy them." (ECF No. 157-8 at 13.)

Rather, Plaintiffs are not at liberty under federal discovery rules to dump massive amounts of documents, which apparently have no logical order to them, on their adversaries and demand that they try to find what they are looking for. *See Kozlowski v. Sears Roebuck and Company,* 73 F.R.D. 73, 76 (D. Mass. 1976) ("[t]he defendant has in essence told the plaintiff that, if he wishes, he may hunt through all its documents and

find the information for himself. 'This amounts to nothing more than a gigantic 'do it yourself kit.'"). Plaintiffs may not excuse themselves from compliance with Fed. R. Civ. P. 34 by utilizing a system of recordkeeping, which conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate them, thus rendering the production of the documents an excessively burdensome and costly expedition. *Id.* "The rule allowing for production in the ordinary course of business presupposes that there be some sort of organization that will be maintained throughout the production." *Skyhawke Techs., LLC v. Deca Int'l Corp.* Cas No. CV 18-1234-GW (PLAx), 2019 WL 1976473, at *3 (C.D. Cal. Mar. 21, 2019).

Based upon the record before the Court, there appears to be no organization of the *Love v. Wilson* documents sufficient to indicate how those documents were maintained in the ordinary course of business. Further, the "do it yourself" document dump tactic flies in the face of both the spirit of Rule 34, and established case law.

Accordingly, Plaintiffs' motion for protective order, (ECF No. 154), is **DENIED**. Plaintiffs are ordered to search their files to identify and provide those documents responsive to Defendants' document requests within 30 days from the date of this order—this includes specifically organizing the documents, with some sort of labeling system, and identifying which documents are responsive to the specific RPD served by Defendants.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines they do not warrant discussion as they do not affect the outcome of the motions before the Court.

///

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for protective order, (ECF No. 154), is **DENIED**. Plaintiffs are ordered to search their files to identify and provide those documents responsive to Defendants' document requests, no later than 30 days from entry of this order.

**IT IS SO ORDERED.**

DATE: October 19, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**