**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MICHAEL J. FLYNN, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>MICHAEL E. LOVE, *et al.*,<br><br>  Defendants. | Case No. 3:19-CV-00239-MMD-CLB<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND GRANTING DEFENDANTS' COUNTERMOTION FOR SANCTIONS**<br><br>[ECF Nos. 161, 166] |

Before the Court is Plaintiffs Michael J. Flynn and Philip Stillman's (collectively referred to as "Plaintiffs") motion to compel, (ECF Nos. 161, 159).[1] Defendants Michael E. Love, Jacquelyne Love, and Meleco, Inc., (collectively referred as to "Defendants") filed an opposition to the motion to compel, which included a countermotion for sanctions. (ECF Nos. 165, 166, 167.)[2] Plaintiffs replied to the opposition to the motion to compel and responded to the countermotion for sanctions. (ECF No. 168.)[3][4] For the reasons discussed below, the Court denies Plaintiffs' motion to compel, (ECF No. 161), and grants Defendants' countermotion for sanctions. (ECF No. 166).

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action arises from contractual disputes pertaining to a settlement involving the copyrights of 35 songs and events surrounding these songs, dating back to the

---

[1]   ECF No. 159 is a declaration in support of the motion to compel.

[2]   While docketed separately, ECF Nos. 165 and 166 are identical documents. ECF No. 167 is a manually filed exhibit regarding Defendants' opposition to the motion to compel, (ECF No. 165), and countermotion for sanctions, (ECF No. 166).

[3]   Plaintiffs' opposition to the motion for sanctions was included with Plaintiffs' reply to the opposition to the motion to compel at ECF No. 168. (*See* ECF No. 176).

[4]   The motions are properly resolved without a hearing. *See* LR 78-1.

1960s. Plaintiffs initially filed their complaint on May 10, 2019. (ECF No. 1.) On April 14, 2021, Plaintiffs filed their Fourth Amended Complaint, which is the operative Complaint in this case. (ECF No. 121.) Plaintiffs assert claims against Defendants for: (1) fraud; (2) breach of contract; (3) accounting; (4) quantum meruit; (5) intentional interference with contractual and business relations; (6) unjust enrichment; (7) declaratory judgment; (8) fraudulent transfers; and (9) imposition of constructive trust. (*Id.*)

On February 10, 2020, Plaintiffs served their first set of discovery requests on Defendants. (*See* ECF No. 159-2 at 2-28.) The parties agreed to a "rolling production" and on August 10, 2020, September 11, 2020, May 7, 2021, June 5, 2021, and July 14, 2021, Defendants provided five total productions responsive to Plaintiffs' Request for Production of Documents (Set One) ("RPD"). (ECF Nos. 159 at 2; 165 at 4-5.)

Discovery in this case has already proven to be contentious. To assist the parties with discovery issues, the Court has held several case management conferences ("CMC") since August of 2020. (*See* ECF Nos. 72, 98, 107, 118, 137, 150.) On June 28, 2021, this Court held a CMC in which Plaintiffs first raised the issue with the Court about their inability to review the Defendants' document production. (*See* ECF Nos. 150, 151.)

On July 30, 2021, Plaintiffs filed the instant motion to compel. (ECF Nos. 161, 159.) Defendants filed an opposition to the motion to compel, which included a countermotion for sanctions. (ECF Nos. 165, 166, 167.) Plaintiffs replied to the opposition to the motion to compel and responded to the countermotion for sanctions. (ECF No. 168.)

Plaintiffs seek an order to compel production of documents by Plaintiffs' Request for Production of Documents (Set One) ("RPD") in "a reasonably usable form or forms" and to pay Plaintiffs' reasonable expenses—in the amount of $7,500—in compelling Defendants to produce these documents. (ECF No. 161 at 2, 6.) Plaintiffs claim Defendants have responded to their RPD with "a 'document dump' of 36,986 pages delivered in an electronic format that is not usable, reasonably or at all, by Plaintiffs, their experts and consultants in reviewing these documents in preparation for trial." (*Id.* at 2.)

Plaintiffs assert "[h]aving to open thousands of pages one by one rather than in bulk is unduly burdensome and time-consuming." (*Id.* at 4.)

In their response and countermotion for sanctions, (ECF Nos. 165, 166), Defendants assert that they have produced all discovery in this matter "in an electronic format, easily accessible and capable of being viewed by a laymen or, if desired, by using any number of standard discovery software or vendors readily available." (ECF Nos. 165, 166 at 12.) Further, Defendants request that the Court award Defendants their reasonable fees and costs incurred in having to respond to Plaintiffs' motion. (*Id.*)

In reply, Plaintiffs reiterate that Defendants are obligated to produce documents in a form which does not "make it more difficult or burdensome for the requesting party to use information efficiently in litigation." (ECF No. 168.)

## II.    LEGAL STANDARD

"Discovery is supposed to proceed with minimal involvement of the Court." *V5 Tech. v. Switch, Ltd.*, 334 F.R.D. 297, 301 (D. Nev. 2019) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). "Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention only in extraordinary situations that implicate truly significant interests." *Id.* (internal quotations omitted). "[B]road discretion is vested in the trial Court to permit or deny discovery." *Hallett*, 296 F.3d at 751. The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the Court: (1) which

1  discovery requests are the subject of the motion to compel; (2) which of the responses
2  are disputed; (3) why the believes the response is deficient; (4) why defendants'
3  objections are not justified; and (5) why the information he seeks through discovery is
4  relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-
5  P, 2019 WL 4274010, at *1–2 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No.
6  1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must
7  inform the court which discovery requests are the subject of his motion to compel, and,
8  for each disputed response, inform the court why the information sought is relevant and
9  why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See, e.g., F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C.*, 237 F.R.D. at 432.

**III.   DISCUSSION AND ANALYSIS**

Plaintiffs' motion to compel essentially asserts that *the form* in which Defendants provided responses to their RPDs is unsatisfactory. In short, while Plaintiffs admit they have received discovery, they simply do not like the form that they received it in—i.e., an electronic format—and have requested the Court order Defendants to pay for and physically print out all the discovery they have produced and ship those copies to Plaintiffs. However, as outlined in their opposition and shown in their manual filing, (ECF No. 167),[5] Defendants' production is routine, easy to access, and complies fully with

---

[5] The Court has reviewed the manual filing provided by Defendants, which is a demonstrative video showing how the responsive documents were provided to Plaintiffs. Contrary to Plaintiffs' representations, the documents are clearly organized, and grouped by document. They are not in a format that requires Plaintiffs to open one page at a time.

4

their discovery obligations. Fed. R. Civ. P. 34(b)(E)(ii) (allowing parties to produce electronically stored information "in a reasonably useable form"). In fact, the Court is very troubled by this motion and finds that the filing of the motion was improper. Plaintiffs readily admit that they have, in fact, received the discovery at issue, thus there was no legal basis for seeking an order compelling disclosure. Therefore, this motion is frivolous. "A frivolous filing is one that is both baseless and made without a reasonable and competent inquiry." *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010) (internal quotations and citations omitted).

Moreover, the Court agrees with Defendants that the motion appears to be a part of a pattern of wasteful litigation tactics engaged in by Plaintiffs in this case, which Plaintiffs' claim is somehow justified and should be excused based on their *pro se* status. (ECF Nos. 165, 166 at 10.) However, Plaintiffs are *not* the typical *pro se* parties. Rather, both Plaintiffs are sophisticated attorneys with years of experience. However, even if that were not the case, this type of behavior would be unacceptable for any *pro se* party. Finally, Plaintiffs' lack of familiarity, experience, or comfort with a computer or electronically stored information is neither Defendants' problem, nor is it the Court's problem. It also does not justify the filing of the current motion. Because the Court finds that Defendants are not required to *reproduce* discovery, which has already been appropriately produced to Plaintiffs, the motion to compel, (ECF No. 161), is **DENIED**.

### A.   Countermotion for Sanctions

In opposition to the motion to compel, Defendants also move for sanctions under Rule 37(a)(5)(B). Under Rule 37, sanctions are appropriate if the motion is denied unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The Court has broad discretion regarding the type and degree of discovery sanctions it may impose pursuant to Rule 37. *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585 (9th Cir. 1983). Rule 37 allows for the authorization of any remedy the Court determines is "just." *See id.* at 591; *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706-08 (1982);

Fed. R. Civ. P. 37(b)(2)(A). Defendants assert that Plaintiffs' motion was unnecessary, much less "substantially justified." (ECF No. 166 at 12.) Here, Plaintiffs' motion essentially requests Defendants to re-produce discovery *in print*, rather than electronically, because Plaintiffs claim it is not easily accessible to them. Plaintiffs' motion to compel was a frivolous filing and was therefore not substantially justified.

Accordingly, Defendants' countermotion for sanctions, (ECF No. 166), is **GRANTED**. The Court awards Defendants their reasonable attorneys' fees and costs as sanctions for the cost associated with opposing Plaintiffs' motion to compel (ECF No. 161). Counsel for Defendants will, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation, and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and provide a statement that the fees and costs charged are reasonable. Counsel for Plaintiffs will have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded. Counsel for Defendants will have 7 days from service of the responsive memorandum in which to file a reply.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines they do not warrant discussion as they do not affect the outcome of the motions before the Court.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to compel, (ECF No. 161), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' countermotion for sanctions, (ECF No. 166), is **GRANTED**.

- Counsel for Defendants will, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation, and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and provide a statement that the fees and costs charged are reasonable.

- Counsel for Plaintiffs will have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded.

- Counsel for Defendants will have 7 days from service of the responsive memorandum in which to file a reply.

**IT IS SO ORDERED.**

DATE:  October 19, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**