# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

MICHAEL J. FLYNN, *et al.*,

          Plaintiffs,

v.

MICHAEL E. LOVE, *et al.*,

          Defendants.

Case No. 3:19-CV-00239-MMD-CLB

**ORDER DENYING, WITH LEAVE TO REFILE, DEFENDANTS' MOTION TO COMPEL, AND MOTION FOR SANCTIONS, AND GRANTING DEFENDANTS' MOTIONS TO SEAL**

[ECF No. 169, 172, 180, 183]

Before the Court is Defendants Michael E. Love, Jacquelyne Love, and Meleco, Inc.'s, (collectively referred as to "Defendants") motion to compel and motion for sanctions. (ECF Nos. 169, 170, 171, 172, 173.)[1] Plaintiffs Michael J. Flynn and Philip Stillman (collectively referred to as "Plaintiffs") opposed the motions, (ECF No. 177), and Defendants replied. (ECF Nos. 179, 181, 182, 184.)[2][3][4] For the reasons discussed below, the Court grants Defendants' motions to seal, (ECF Nos. 180, 183), and denies, with leave to refile, Defendants' motion to compel and motion for sanctions (ECF Nos. 169, 172).

///

///

---

[1] While docketed separately, ECF Nos. 169 and 172 are identical documents. Additionally, ECF Nos. 170 and 173 are identical declarations filed in support of the motions. ECF No. 171 is a manually filed exhibit regarding the motions to compel and for sanctions.

[2] While docketed separately, ECF Nos. 179 and 182 are identical documents. Additionally, ECF Nos. 181 and 184 are identical exhibits filed in support of Defendants' replies.

[3] Defendants filed two motions to seal exhibits ECF No. 181 and 184. (ECF Nos. 180, 183.) No opposition was filed to the motions to seal, accordingly the motions, (ECF Nos. 180, 183), are granted as unopposed. *See* LR 7-2(d).

[4] The motions are properly resolved without a hearing. *See* LR 78-1.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action arises from contractual disputes pertaining to a settlement involving the copyrights of 35 songs and events surrounding these songs, dating back to the 1960s.[5] Plaintiffs initially filed their complaint on May 10, 2019. (ECF No. 1.) On April 14, 2021, Plaintiffs filed their Fourth Amended Complaint, which is the operative Complaint in this case. (ECF No. 121.) Plaintiffs assert claims against Defendants for: (1) fraud; (2) breach of contract; (3) accounting; (4) quantum meruit; (5) intentional interference with contractual and business relations; (6) unjust enrichment; (7) declaratory judgment; (8) fraudulent transfers; and (9) imposition of constructive trust. (*Id.*)

On August 11, 2020, Defendants served their first set of Requests for Production of Documents ("RPD") on Plaintiffs. (*See* ECF Nos. 170-31, 170-32.) The RPD, in relevant part, sought documents about meetings between the former law partners (Stillman, Flynn, Sheridan, and Tabb) and the Loves about the fee agreements and communications between the former partners about (1) this action, (2) Defendants from 2016 to present, and (3) the 35 songs. (*Id.*) On March 29, 2021, Plaintiffs served their responses to the RPD. (*See* ECF Nos. 170-33, 170-34.) Plaintiffs objected to many of Defendants' requests on the grounds of attorney-client privilege, work-product doctrine, and the joint defense doctrine. (*Id.*)

Discovery in this case has already proven to be contentious. To assist the parties with discovery issues, the Court has held several case management conferences ("CMC") since August of 2020. (*See* ECF Nos. 72, 98, 107, 118, 137, 150.) At the CMCs held on May 20, 2021 and June 28, 2021, this Court spoke, at length, with the parties about issues surrounding assertions of attorney-client privilege and requirements of

---

[5] *Love v. Irving Music, Brian Wilson et al.*, No. 2:92-cv-04594 (C.D. Cal., filed July 31, 1992). *Love v. Wilson* was Michael Love's action to obtain his share of the revenues on the 35 Songs in the Sea of Tunes Catalog based on his status as a co-author of these compositions and based on his agreement with Brian Wilson, co-founder of "The Beach Boys" for sharing of the settlement with Almo/Irving Music. (*See* ECF No. 84 at 2, n. 2.) Plaintiffs represented Mr. Love in the *Love v. Wilson* litigation. (*Id.*)

privilege logs. (*See* ECF Nos. 137, 139, 150, 151.) Specifically, at the June 28, 2021 CMC, the Court discussed sufficiency of privilege logs, stating:

> Privilege logs require, as the rule states, enough information to allow the other party to assess whether or not the action or … the document that you're claiming is privileged is, in fact, privileged. So, going back to Exhibit B that was attached to the defendants' Case Management Report, which was Mr. Flynn's initial privilege log, there are a few things here that I think it's important to point out. For example, in the second entry, it's a document control number 3-65. The only description provided to that states, "Letter to Jay Cooper with attachments". That is not a sufficient description to allow the opposing party to tell whether or not it would fall within the description -- or the idea of privilege. So, when you're doing your privilege logs, you will need to provide enough information without disclosing privileged information, what is the basis of the privilege.

(ECF No. 151 at 17-18.)

Additionally, the Court stated the following in relation to assertions of attorney-client privilege:

> Mr. Stillman and Mr. Flynn, I understand that you're both lawyers and you can represent yourselves pro se, but you can't represent each other. You are not licensed to do that in the State of Nevada, number one. But, secondly, when you represent yourselves pro se, you can't represent other parties, regardless of whether you're a lawyer or not. And there seems to be some blurring of the lines as to who is doing what for whom. So, let me be clear on this. Mr. Flynn, you have to do these things on your behalf. So, Mr. Stillman can't respond to discovery requests on your behalf. He is not your counsel, so they have to come from you. Okay? And the same applies to Mr. Stillman. Secondly, to the extent that there's going to be litigation in this court relative to other people that you may or may not represent, you can't represent them because you're not licensed here.

(*Id.* at 11-12.) Finally, the Court ordered Plaintiffs to provide a privilege log by no later than July 29, 2021. (ECF Nos. 150, 151.)

On June 10, 2021, Flynn produced a privilege log to Defendants outlining 173 purportedly privileged communications from April 10, 2017 through March 7, 2018. (*See* ECF No. 170-35.) Flynn asserted attorney-client privilege over the communications. (*Id.*) On July 30, 2021, Stillman produced an initial privilege log and on August 18, 2021, he produced a modified log to Defendants, which contained 2,285 purportedly privileged

communications from March 25, 2017 through May 25, 2021. (*See* ECF Nos. 170-38, 170-39, 170-40, 170-41, 171.) Stillman also asserted attorney-client privilege over the communications. (*Id.*)

On August 27, 2021, Defendants filed the instant motion to compel and motion for sanctions. (ECF Nos. 169, 170, 171, 172, 173.) Defendants move the Court to compel production of documents claimed to be protected by the Attorney-Client Privilege, the Common Interest Exception, and the Work-Product Doctrine. (ECF No. 169.) Additionally, Defendants request that, to the extent the Court finds that communications among the Former Partners about BMG, ASCAP, Primary Wave, and Blackrock are privileged, the Court should review those communications in camera to determine whether they should be produced pursuant to the crime-fraud exception to privilege. (*Id.* at 20-21.) Finally, Defendants request sanctions under Fed. R. Civ. P. 37(a)(5)(B) for having to bring the motion to compel. (ECF No. 172.)

## II.   LEGAL STANDARD

The "scope of discovery" in civil litigation encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). If a party claims that the information requested in discovery is privileged, it is that party's burden to demonstrate the applicability of the privilege. *See e.g., Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 634 (D. Nev. 2013). One type of privilege that may support the withholding of information in discovery is the attorney-client privilege.

The attorney-client privilege protects confidential communications between a client and his or her attorney for the purpose of obtaining or dispensing legal advice. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). Courts recognize this privilege "in order to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126 (9th Cir. 2012) (internal quotations omitted). It is the burden of party asserting the privilege to establish

all the elements of the attorney-client privilege, including the privileged nature of each communication. *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002); *Branch v. Umphenour*, 936 F.3d 994, 1006 (9th Cir. 2019).

One way to establish the applicability of the privilege is to provide a proper privilege log. *See e.g., United States Inspection Servs. v. NL Engineered Solutions, LLC*, 268 F.R.D. 614, 625-626 (N.D. Cal. 2010). For a privilege log to be deemed adequate, it must give enough information for the court to determine whether a protection or privilege exists. *See e.g., Phillips*, 290 F.R.D. at 636-38. Fed. R. Civ. P. 26(b)(5)(A) provides the standards a party must satisfy when invoking a privilege against discovery production:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

These standards are more fully detailed in *Nevada Power Co. v. Monsanto Co.*, which states that a privilege log must provide for each document: "(1) its type (i.e. letter, memo, notes, etc.), (2) its author, (3) its intended recipients, (4) the names of any other individuals with access to the document, (5) the date of the document, (6) the nature of the claimed privilege (i.e. attorney-client, work-product, etc.), and (7) a brief summary of the subject matter of the document." 151 F.R.D. 118, 121 (D. Nev. 1993).

The Advisory Committee notes to Rule 26(b)(5) make clear that the withholding of otherwise discoverable materials on the basis that they are privileged or subject to the work-product doctrine, without notifying the other parties as provided in Rule 26(b)(5)(A) by describing the nature of the information so as to enable them to assess the claim, "*may* be viewed as a waiver of the privilege or protection." Fed. R. Civ. P. 26(b)(5), Advisory Committee's comment (emphasis added).

In the Ninth Circuit, in determining waiver has occurred, the Court must look at: (1) "the degree to which the objection or assertion of privileges enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is

privileged;" (2) "the timeliness of the objection and accompanying information about the withheld documents;" (3) "the magnitude of the document production;" and (4) "other particular circumstances of the litigation that make responding to discovery unusually easy … or unusually hard." *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). In evaluating these factors, the Court is directed to apply them "in the context of a holistic reasonableness analysis" and not in a "mechanistic determination of whether the information is provided in a particular format." *Id.*

### III.   DISCUSSION AND ANALYSIS

In this case, Plaintiffs have asserted that large swaths of documents are protected from disclosure to Defendants based on the application of the attorney-client privilege or work-product doctrines. Plaintiffs have each provided "privilege logs" to establish the privilege applies to these identified documents. However, the Court finds that Plaintiffs have thus far failed to meet their burden that the documents are covered by any privilege because the privilege logs provided are insufficient and do not enable Defendants or the Court to evaluate whether the documents are privileged or otherwise protected.

#### A.   Attorney-Client Privilege

Where the jurisdiction of a federal court is based in diversity, state law governs the availability of the attorney-client privilege. *KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 918 (9th Cir. 1987); Fed. R. Evid. 501. In ruling on Plaintiffs' partial motion for summary judgment and Defendants' motion to dismiss, the District Court determined that both California and Nevada law apply to certain claims involved in this case. (*See* ECF No. 120 at 7-8.) Because the parties did not address choice of law in their filings, and because Nevada and California law are materially the same regarding the substantive elements of attorney-client privilege, the Court, for purposes of this order, will lay out the standards as defined under Nevada law.

Nevada's attorney-client privilege permits a client to prevent disclosure of confidential communications between the client or client's representative and the lawyer

or lawyer's representative, or between the lawyer and the lawyer's representative, where such communications are "made for the purpose of facilitating the rendition of professional legal services ...." Nev. Rev. Stat. § 49.095. A "representative of a client" is "a person having authority to obtain professional legal services, or to act on advice rendered pursuant thereto, on behalf of the client." *Id.* § 49.075.

As discussed by the United States Supreme Court, "the privilege has the effect of withholding relevant information from the fact-finder," and so "applies only where necessary to achieve its purpose. Accordingly, it protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United* States, 425 U.S. 391, 403 (1976); *see also Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 698 (D. Nev. 1994). The Nevada Supreme Court has also held that the privilege impedes the search for truth, and thus should be construed narrowly. *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 625 (D. Nev. 2013) (citing *Whitehead v. Nev. Comm'n on Judicial Discipline*, 873 P.2d 946, 968 (Nev. 1994)). Additionally, Nevada has followed the United States Supreme Court in holding that "only communications and not facts are subject to the privilege." *Wardleigh v. Second Jud. Dist. Ct.*, 111 Nev. 345, 891 P.2d 1180, 1184 (1995); *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). The party asserting the privilege bears the burden of proving its validity. *Phillips*, 290 F.R.D. at 627; *see also Cal. State Auto. Ass'n Inter-Ins. Bureau v. District Court*, 788 P.2d 1367, 1368 (Nev. 1990). This burden is met by demonstrating that the document satisfies the essential elements of the attorney-client privilege. *See In re Grand Jury Investigation,* 974 F.2d 1068, 1070–71 (9th Cir. 1992).

**B.   Work-Product Doctrine**

The work-product doctrine is a "qualified immunity" governed by federal law, *Admiral Ins. Co. v. U.S. District Ct. for Dist. of Az.*, 881 F.2d 1486, 1494 (9th Cir. 1989), and is broader than the attorney-client privilege, *see United States v. Nobles*, 422 U.S. 225, 238 n.11 (1975). The doctrine shields from discovery "documents and tangible things prepared that are prepared in anticipation of litigation or for trial by or for another

party or its representative." Fed. R. Civ. P. 26(b)(3).

The "in anticipation of litigation" requirement includes both a temporal and a motivational component. *Equal Rights Ctr. v. Post Props., Inc.*, 247 F.R.D. 208, 210 (D.D.C. 2008). Thus, at the time the document was prepared, the party claiming the doctrine's protection must "have had a subjective belief that litigation was a real possibility, and that belief must have been objectively reasonable." *Id.* (internal quotation omitted). In addition, the party "must demonstrate that in light of the nature of the document and the factual situation of the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.* (internal quotation omitted). Documents generated in the ordinary course of business are generally not protected under the work-product doctrine, even if produced at a time when litigation was anticipated. *Griffith v. Davis*, 161 F.R.D. 687, 690 (C.D. Cal. 1995).

As with the attorney-client privilege, the party claiming the protection of the work-product doctrine bears the burden of demonstrating its applicability. *LightGuard Sys., Inc. v. Spot Devices, Inc.*, 281 F.R.D. 593, 598 (D. Nev. 2012). Even if applicable, however, the doctrine is not an absolute shield. *Abueg v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-cv-00635-GMN-GWF, 2014 WL 5503114, at *3 (D. Nev. Oct. 30, 2014) (citing *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)). Opinion work-product, an attorney's mental impressions, conclusions, opinions or legal theories, is only discoverable when counsel's mental impressions are at issue and there is a compelling need for disclosure. *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). Other work-product is discoverable only if the opposing party can demonstrate "substantial need" and that it is otherwise unable to obtain the substantial equivalent without "undue hardship." Fed. R. Civ. P. 26(b)(3).

**C.    Analysis**

Based upon the filings before the Court, and with the above case law in mind, the Court finds that Plaintiffs have failed to establish that any of the documents involving the former law partners listed on the privilege logs are subject to attorney-client privilege.

Stillman has presented no evidence that Tabb and Sheridan are his clients such that the attorney-client privilege would apply. And more importantly, as the Court noted in the June 28, 2021 CMC, Stillman *cannot* represent anyone in Nevada, because he is not licensed in Nevada. (ECF No. 151 at 11-12.) Even assuming an attorney-client relationship existed between Stillman, Tabb, and Sheridan, any privilege asserted as to those communications appear to have been waived by disclosure to Flynn and other third parties.

Next, Plaintiffs have not established that the documents listed on their respective privilege logs were sent to give or receive legal advice. Again, as noted by the Court at the June 28, 2021 CMC, it is insufficient to merely state "letter to Jay Cooper with attachments," however, this is exactly what Plaintiffs, particularly Flynn, have done in their privilege logs. These conclusory descriptions do not establish that these documents were intended to send or receive legal advice.

Finally, while Plaintiffs seem to believe that their "state of mind" is not at issue in this case, they are mistaken. The very nature of the allegations in the Complaint, including about the alleged breach of the fee agreements, put their state of mind at issue. Along the same lines, as to the applicability of the work-product doctrine, Plaintiffs have again not met their burden of showing the documents on their privilege logs are shielded. The descriptions of the documents do not show that they were prepared in anticipation of litigation. And because Plaintiffs' mental impressions have been placed at issue—by Plaintiffs themselves—their opinion work-product, is likely disclosable.

However, in lieu of determining that Plaintiffs have waived privilege or protection, the Court deems it prudent and a better utilization of both the parties' and the Court's time to order Plaintiffs to provide Defendants with a supplemental privilege log that properly comports with the requirements articulated above. The Court's determination is further supported by Plaintiffs' apparent concession that attorney-client privilege may not apply to many of the items listed on the privilege logs. (*See* ECF No. 177-1 at 2-6 (Stillman asserts in his declaration that he did not represent Sheridan and Tabb in this

litigation and only represented Sheridan and Tabb in connection with Defendants' subpoenas to them in April 2021).)

Accordingly, Defendants' motion to compel and motion for sanctions (ECF Nos. 169, 172), are **DENIED, with leave to refile**—only after Plaintiffs have supplied a supplemental privilege log, that comports with the requirements for privilege logs articulated above, as well as the applicable to attorney-client privilege and work-product privilege stated in this order. Plaintiffs shall provide their supplemental privilege log to Defendants within 30 days from the date of this order. If, after receiving the supplemental privilege logs, Defendants still believe documents listed on the supplemental privilege log should be disclosed, Defendants have leave to refile this motion to compel.

Thus far in this litigation, the Court has given Plaintiffs tremendous leeway in discovery matters. However, Plaintiffs are strongly cautioned that continued discovery issues and failures to follow the Court's orders may result in further sanctions under Rule 37, which may include, but are not limited to: (1) payment of reasonable expenses, including attorney's fees; (2) directing that designated facts be taken as established for purposes of the action, as the prevailing party claims; (3) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (4) striking pleadings in whole or in part; (5) staying further proceedings; (6) dismissing the action in whole or in part; (7) rendering a default judgment against the disobedient party; or (8) treating as contempt of court the failure to obey the order. *See* Fed. R. Civ. P. 37(b)(2)(C); 37(b)(2)(A)(i)-(vii).

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines they do not warrant discussion as they do not affect the outcome of the motions before the Court.

**IT IS THEREFORE ORDERED** that Defendants' motion to compel, (ECF No. 169), is **DENIED, with leave to refile**, as specified above.

- Plaintiffs shall submit their supplemental privilege log to Defendants within 30 days from entry of this order.

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions, (ECF No. 172), is **DENIED, with leave to refile**, as specified above.

**IT IS FURTHER ORDERED** that Defendants' motions to seal, (ECF Nos. 180, 183), are **GRANTED**.

**IT IS SO ORDERED.**

DATE: October 19, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**