UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL J. FLYNN, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br>MICHAEL LOVE, *et al.*,<br>　　　　　　　　Defendants. | Case No. 3:19-cv-00239-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

Plaintiffs Michael Flynn and Philip Stillman[1] bring this action against Defendants Michael and Jacquelyne Love, Meleco, Inc., and Trustee Michael Love of the Michael Love E. Family Trust pertaining to a settlement involving the copyrights of 35 songs and events surrounding these songs. (ECF No. 121.) Discovery between the parties has proven to be contentious, which has required United States Magistrate Judge Carla L. Baldwin to issue three orders (ECF Nos. 190, 191, 192). Relevant to those orders and before the Court are the following: Plaintiffs' three objections to these orders (ECF Nos. 195, 196, 197),[2] Plaintiffs' motion requesting oral argument (ECF No. 199), and Defendants' motion to strike Plaintiffs' response to their memorandum (ECF No. 212).

---

[1] Plaintiffs are attorneys licensed in Massachusetts. (ECF No. 121 at 2.) Plaintiffs are representing themselves *pro se* in this action.

[2] Defendants filed corresponding responses and make multiple requests that the Court sanction Plaintiffs for filing the three objections. (ECF Nos. 201 at 6, 202 at 10-11, 203 at 6-7.) The Court, having reviewed the record and at its discretion, does not find that sanctions are warranted. Defendants' requests are thus denied.

Following Defendants' responses, Plaintiffs filed corresponding surreplies without leave of court. (ECF Nos. 205, 207, 208.) Defendants have thus filed three motions to strike the surreplies. (ECF Nos. 209, 210, 211.) Because Plaintiffs' surreplies are in violation of the Local Rules, the Court grants Defendants' motions to strike. *See* LR 7-2(b). Plaintiffs are warned *again* that failure to observe procedural rules will result in

Because the Court has determined a hearing on the objections is unwarranted, Plaintiffs' motion requesting oral argument is denied. Additionally, Plaintiffs' response to Defendants' memorandum was untimely,[3] and the Court therefore grants Defendants' motion to strike that response. For the reasons further discussed below, the Court finds that Judge Baldwin did not clearly err and therefore Plaintiffs' objections are overruled.

## II. BACKGROUND

### A. First Order (ECF No. 192)

On August 11, 2020, Defendants served their first set of Request for Production of Documents ("RPD") on Plaintiffs. (ECF Nos. 170-31, 170-32.) The RPD sought, in relevant part, documents regarding meetings between former law partners (Plaintiffs, William Sheridan, and Michael Tabb) and Michael and Jacquelyne Love (the "Loves"). (*Id.*) These meetings were about fee agreements and communications that occurred between the former law partners regarding (1) this action, (2) Defendants from 2016 to present, and (3) the 35 songs at issue. (*Id.*)

Plaintiffs provided their responses to the RPD on March 29, 2021. (ECF Nos. 170-33, 170-34.) However, Plaintiffs objected to many of Defendants' requests, citing attorney-client privilege, work-product doctrine, and the common interest doctrine. (*Id.*)

On May 20, 2021, and June 28, 2021, Judge Baldwin held case management conferences. (ECF Nos. 137, 150.) She spoke to the parties about issues surrounding asserting attorney-client privilege and requirements of privilege logs. (ECF Nos. 137,

---

sanctions. (*See* ECF No. 237 at 8, n.4.) The Court reiterates that while *pro se* litigants are entitled to some latitude and leniency on procedural matters, *see Perrotte v. Johnson*, Case No. 1:15-cv-00026-LJO-SAB (PC), 2017 WL 35499, at *3 (E.D. Cal., Jan. 3, 2017) (collecting cases), the Court cannot ignore that Plaintiffs are both licensed attorneys who have elected to represent themselves.

[3]On November 2, 2021, Defendants filed a memorandum (ECF No. 198) in support of their request for attorneys' fees and cost in accordance with Judge Baldwin's order granting sanctions against Plaintiffs. Pursuant to that order (ECF No. 191), Plaintiffs had until November 16, 2021, to file a response but failed to do so until November 23, 2021. (*See* ECF No. 206.) As such, Plaintiffs' response is untimely, and the Court will grant Defendants' motion to strike (ECF No. 212) the response.

2

139, 150, 151.) At the latter hearing, Judge Baldwin ordered Plaintiffs to provide a privilege log no later than July 29, 2021. (ECF Nos. 150, 151.) Michael Flynn eventually provided an initial privilege log outlining 173 purported privilege communications, asserting attorney-client privilege over these communications. (*See* ECF No. 170-35.) Similarly, Philip Stillman also produced an initial privilege log, and later a modified log, that outlined 2,285 purportedly privileged communications, also asserting attorney-client privilege over the communications. (*See* ECF Nos. 170-38 – 17-41, 171.)

Defendants thereafter filed a motion to compel the production of documents that Plaintiffs claimed were protected. (ECF No. 169.) Additionally, Defendants also filed a motion for sanctions under Federal Rules of Civil Procedure 37. (ECF No. 172.) On October 19, 2021, Judge Baldwin denied Defendants' motion to compel and motion for sanctions with leave to refile only after Plaintiffs supplied a supplemental privilege that did not comport with the requirements for privilege logs and the applicable attorney-client and work-product privileges as stated in her order. (ECF No. 192 ("First Order").) Plaintiffs filed an objection. (ECF No. 195 ("First Objection").) Defendants responded and now seek sanctions against Plaintiffs for filing the First Objection. (ECF No. 201 at 6.) Defendants request sanctions be in the form of reimbursement for fees and costs incurred for having to respond to the First Objection.[4] (*Id.*)

**B.     Second Order (ECF No. 191)**

On February 10, 2020, Plaintiffs served their RPD on Defendants. (ECF No. 159-2 at 2-28.) The parties had agreed to a "rolling production," and on August 10, 2020, September 11, 2020, May 7, 2021, June 5, 2021, and July 14, 2021, Defendants provided five total responses to Plaintiffs' RPD. (ECF Nos. 159 at 2, 165 at 4-5.) As noted, Judge Baldwin held a case management conference on June 28, 2021. (ECF No. 150.) At that conference, Plaintiffs raised the issue regarding their inability to review Defendants' document production. (ECF No. 151.)

---

[4]For Defendants' request for sanctions, *see supra* at p.1, n.2.

After the conference, Plaintiffs filed a motion to compel Defendants to produce documents in "a reasonably usable form or forms" and to require Defendants to pay reasonable expenses. (ECF No. 161 at 2, 6.) Plaintiffs asserted that Defendants had inappropriately responded to their RPD with "a 'document dump' of 36,986 pages delivered in an electronic format that is not usable, reasonably or at all, by Plaintiffs, their experts and consultants in reviewing these documents in preparation for trial." (*Id.* at 2 (internal quotes in original).) Plaintiffs additionally asserted that "[h]aving to open thousands of pages one by one rather than in bulk is unduly burdensome and time-consuming." (*Id.* at 4.)

Defendants filed an opposition to the motion to compel and included a request and countermotion for sanctions against Plaintiffs. (ECF Nos. 165, 166.)[5] Defendants stated in their filings that they had produced all discovery "in an electronic format, easily accessible and capable of being viewed by a laymen [sic] or, if desired by using any number of standard discovery software or vendors readily available." (*Id.* at 12.) They additionally provided the Court with a video demonstrating how their responsive documents were provided to Plaintiffs. (ECF No. 167.) Moreover, Defendants requested reasonable fees and costs related to having to respond to Plaintiffs' motion to compel. (ECF Nos. 165 at 12.)

On the same day Judge Baldwin issued her First Order, she also ordered that Plaintiffs' motion to compel be denied and that Defendants' countermotion for sanctions be granted. (ECF No. 191 ("Second Order").) Additionally, Defendants were to file a memorandum establishing the amount in attorneys' fees and costs Defendants incurred 14 days from the Second Order being entered and Plaintiffs were to respond no later than 14 days—that being November 16, 2021—from the service of the memorandum. (*Id.*) Plaintiffs filed an objection. (ECF No. 196 ("Second Objection").) Defendants filed a response and sought sanctions against Plaintiffs for filing their Second Objection. (ECF

---

[5]The Court notes these two filings are identical but were docketed separately.

No. 202 at 10-11.) Defendants request further sanctions be granted in the form of reimbursement for fees and costs incurred for having to respond to the Second Objection.[6] (*Id.*)

Pursuant to the Second Order, Defendants timely filed a memorandum. (ECF No. 198.) Plaintiffs on the other hand did not timely file their response and eventually did so on November 23, 2021. (*See* ECF No. 206.) Because of the untimeliness of Plaintiffs' response, Defendants filed a motion to strike the response for failing to comply with the Second Order.[7] (ECF No. 212.)

### C.    Third Order (ECF No. 190)

As stated above, *see supra* at p.2, Defendants served their first set of RPD on Plaintiffs on August 11, 2020. (ECF Nos. 170-31, 170-32.) The RPD included certain documents regarding the 1990s case involving the Beach Boys singer Brian Wilson, *see Love v. Irving Music, Inc.*, Case No. 2:19-cv-04594 (C.D. Cal., filed July 31, 1992) ("Wilson Case"). (*Id.*) Specifically, Defendants requested documents pertaining to the purported expert valuation of the Wilson Case, evidence quantifying the work performed by Plaintiffs in the Wilson Case for the *quantum meruit* claim analysis, and payments from Michael Love to Plaintiffs in relation to the Wilson Case. (*Id.*) According to Defendants, Plaintiffs produced a minimal number of documents, and none were responsive to Defendants' RPD. (ECF Nos. 157 at 2, 5; 157-7.)

At the June 28, 2021 hearing, Judge Baldwin ordered Flynn to file a motion for protective order by July 12, 2021. (ECF Nos. 150, 151.) Plaintiffs subsequently filed a motion for protective order. (ECF No. 154.) In their motion, Plaintiffs asserted that they had met their discovery obligations as they had made 30 boxes containing documents available in a storage shed for Defendants to review. (*See* ECF Nos. 154-1 at 4, 139 at 28.) Plaintiffs thus sought to limit their responses to Defendants' RDP to approximately these 30 boxes and stated that any requirement to copy, BATES stamp, and deliver

---

[6] For Defendants' request for sanctions, *see supra* at p.1, n.2.

[7] For Defendants' motion to strike the response, *see supra* at p.2, n.3.

5

1  copies of the large number of Wilson Case documents would be oppressive, expensive,
2  and place an undue burden on Plaintiffs. (*Id.*)

3  On November 19, 2021, Judge Baldwin issued an order denying Plaintiffs' motion
4  for protective order. (ECF No. 190 ("Third Order").) As such, Plaintiffs were ordered to
5  search their files to identify and provide documents responsive to Defendants' RDP no
6  later than 30 days from the entry of the Third Order. (*Id.*) Plaintiffs filed an objection to
7  the Third Order. (ECF No. 197 ("Third Objection").) Defendants filed a response and
8  request the Court sanction Plaintiffs for filing the Third Objection. (ECF No. 203 at 6-7.)
9  Defendants request sanctions in the form of reimbursement for costs and fees
10 associated with having to file a response to the Third Objection.[8] (*Id.*)

11 **III.  LEGAL STANDARD**

12 In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate's
13 factual determinations are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); *see*
14 *also* Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is
15 evidence to support it, the reviewing body on the entire evidence is left with the definite
16 and firm conviction that a mistake has been committed." *United States v. Ressam*, 593
17 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order
18 issued under § 636(b)(1)(A) is not subject to de novo review, and the reviewing court
19 "may not simply substitute its judgment for that of the deciding court." *Grimes v. City &*
20 *Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

21 **IV.  DISCUSSION**

22 Because Plaintiffs have filed three objections to Judge Baldwin's pretrial orders,
23 the Court will address the relevant arguments in each of Plaintiffs' three objections in
24 turn below.

25 ///
26 ///

---

[8]For Defendants' request for sanctions, *see supra* at p.1, n.2.

### A.     First Objection[9] (ECF No. 195)

Plaintiffs argue that Judge Baldwin's First Order is contrary to law because of the legal standard it applies and its' "failure to consider elements of the applicable standard." (ECF No. 195 at 4.) Specifically, Plaintiffs argue privilege communications are protected from disclosure by the attorney-client privilege, work-product privilege, and the common interest doctrine. (*Id.* at 11-18.) Plaintiffs also argue the allegations in the operative complaint do not place privileged communication at issue. (*Id.* at 18-19.) Defendants counter that the correct standard regarding the requirements in a privilege log was applied and that Plaintiffs' First Objection is improper. (ECF No. 201 at 5-6.) The Court agrees with Defendants.

A review of Plaintiffs' privilege logs (ECF Nos. 170-35, 170-39 - 170-41) and the record in this action reveals that Plaintiffs have failed to meet their burden of showing the documents Defendants requested were covered by any privilege. The privilege logs provided are insufficient in that they do not enable the Court or Defendants to evaluate whether the documents are indeed privileged or otherwise protected. As Judge Baldwin astutely noted (ECF No. 192 at 9), Stillman is not a licensed attorney in Nevada and thus cannot represent Michael Tabb and William Sheridan. (*See* ECF No. 151 at 11-12 (discussing that Plaintiffs are not licensed to practice in Nevada).) Stillman additionally did not present evidence that Tabb and Sheridan were clients, nor did Stillman establish the claimed-privileged documents were sent to give or receive legal advice. As such, Plaintiffs did not meet their burden. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992). Because the attorney-client privilege does not apply, this Court need not address the common interest doctrine. *See United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012) (quotes and citation omitted) ("The Ninth Circuit has long

---

[9]The Court notes that Plaintiffs state that Judge Baldwin's First Order provides "little guidance" on what is to be added to their supplemental privilege logs. (ECF No. 195 at 3.) The Court disagrees and directs Plaintiffs to the legal standard Judge Baldwin provided in the First Order to determine whether a privilege log is deemed adequate. (*See* ECF No. 192 at 4-6.)

1  recognized that the [common interest doctrine] is an extension of the attorney-client
2  privilege.")

3  Moreover, the work-product doctrine does not shield Plaintiffs from producing the
4  requested documents because the descriptions in the privilege logs do not allow this
5  Court to conclude that these documents were prepared in anticipation of litigation. (*See*
6  ECF Nos. 170-35, 170-39 - 170-41.) *See* Fed. R. Civ. P. 26(b)(5)(A); *Nev. Power. Co. v.
7  Monsanto Co.*, 151 F.R.D. 118, 121 (D. Nev. 1993). Additionally, as Judge Baldwin
8  correctly noted and despite Plaintiff's contention, the nature of Plaintiffs' allegations in
9  this action indeed put their state of mind at issue. (*See* ECF No. 121.) Because
10 Plaintiffs' mental impressions are in play, their opinion work-product are thus likely
11 disclosable. *See Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th
12 Cir. 1992). Plaintiffs therefore have not met their burden of demonstrating the work-
13 product doctrine shields them from producing documents requested. *See LightGuard
14 Sys., Inc. v. Spot Devices, Inc.*, 281 F.R.D. 593, 598 (D. Nev. 2012). Accordingly, and
15 for the reasons stated herein, this Court finds that Judge Baldwin's First Order is not
16 clearly erroneous. Plaintiffs' First Objection is therefore overruled.

17 **B.    Second Objection[10] (ECF No. 196)**

18 Plaintiffs argue that Judge Baldwin's Second Order is contrary to law and cites
19 Federal Rule of Civil Procedure 35(b)(E)(ii) and an accompanying Advisory Note. (ECF
20 No. 196 at 4-5.) More specifically, Plaintiffs argue that Defendants may not convert
21 documents being produced into a different form that consequently makes it difficult for
22 Plaintiffs to "use the information efficiently in litigation." (*Id.*) Plaintiffs further argue they
23 have no obligation to figure out how to access the documents or purchase a specialized
24 litigation software. (*Id.*) As such, Judge Baldwin's finding that Plaintiffs' prior motion to
25 compel is "frivolous" is equally contrary to law. (*Id.* at 5-6.) Defendants counter that Rule

---

[10]As noted above, Defendants' response includes a request for sanctions. *See supra* at p.1, n.2. The request was also separately docketed as a motion for sanctions. (ECF No. 204.) The Court has determined that sanctions are unwarranted and will deny Defendants' motion.

1  34(b)(E)(iii) provides that they do not need to produce the same electronically stored
2  information in more than one form. (ECF No. 202 at 5.) Defendants further counter that
3  they provided files to Plaintiffs in accordance with industry standards, they have no
4  obligation to print the documents and ship them to Plaintiffs, and any technical issue
5  Plaintiffs' vendor has in accessing the documents were created by Plaintiffs. The Court
6  agrees with Defendants.

7  Federal Rules of Civil Procedure 34(b)(2)(E)(ii) provides that, "If a request does
8  not specify a form for producing electronically stored information, a party must produce
9  it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or
10 forms[.]" Immediately after, Rule 34(b)(2)(E)(iii) states that, "A party need not produce
11 the same electronically stored information in more than one form." Moreover, Advisory
12 Committee Notes to the 2006 Amendment advises in relevant part the following:

> . . . The rule does not require a party to produce electronically stored information in the form [in] which it is ordinarily maintained, as long as it is produced in a reasonably usable form. But the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. . . .

18 Fed. R. Civ. P. 34, Adv. Comm. Note to 2006 Amend.

19 As Judge Baldwin observed in her Second Order, the dispute regarding Plaintiffs'
20 prior motion to compel is essentially over the form in which Defendants provided
21 responses to Plaintiffs' RFP. (ECF No. 191 at 4.) After a review of the record and
22 Defendants' manual filing (ECF No. 167), this Court agrees with Judge Baldwin that
23 "Defendants' production is routine, easy to access, and complies fully with their
24 discovery obligations" under Rule 34(b)(2)(E)(ii). (ECF 191 at 4-5.) Despite Plaintiffs'
25 contention, Defendants did not convert the electronic information into a form more
26 difficult or burdensome. Rather, the information was provided in image, text, and other
27 formats that allow the documents to be searchable and converted easily into PDF
28 ///

9

format. (*See* ECF No. 165-1 at 3.) Accordingly, and under Rule 34(b)(2)(E)(iii), Defendant need not produce the electronic information in another form.

Additionally, this Court notes that Judge Baldwin's Second Order raises concerns that Plaintiffs' motion to compel "appears to be a pattern of wasteful litigation tactics." (ECF No. 191 at 5.) Instead of heeding her concerns, Plaintiffs filed their Second Objection and merely assert the same arguments put forward in their prior motion to compel. (*Compare* ECF Nos. 161, and 196.) The Second Objection, taken together with the other two objections discussed in this order, continues to affirm Judge Baldwin's concerns. While this Court declines to sanction Plaintiffs for filing their Second Objection *see supra* at p. 8, n.10, the Court agrees with Judge Baldwin that Plaintiffs' motion to compel was frivolous in that it sought to require Defendants to re-produce discovery documents in print form, when in fact, Defendants already provided those documents in electronically accessible formats in accordance with industry standards. (ECF No. 191 at 5-6.) The Court therefore finds that Judge Baldwin did not clearly err in granting Defendants' motion for sanctions and denying Plaintiffs' motion to compel in her Second Order. Accordingly, and for the reasons discussed in this section, this Court overrules Plaintiff's Second Objection.

### C.     Third Objection (ECF No. 197)

Plaintiffs appear to argue that Judge Baldwin's Third Order is contrary to law because it contradicts Federal Rules of Civil Procedure 34(b)(2)(B) and places an undue burden on Plaintiffs.[11] (ECF No. 197 at 2-3.) Defendants counter that Judge Baldwin did not commit clear error, and that Plaintiffs have failed to meet their burden

---

[11]The Court notes that Plaintiffs "emphasize" that Flynn provided 50 boxes that contained documents related to the Wilson Case to the Loves sometime in 2003. (ECF No. 197 at 4-5.) To the extent that Plaintiffs emphasize this to argue that they need not produce the requested documents, Plaintiffs do not cite to any legal authority and the Court is not persuaded. Moreover, the Court raises concern that Plaintiffs are implying that because 50 boxes containing documents were delivered to the Loves in 2003—*nearly two decades before this action began*—Plaintiffs should be granted a protective order allowing them to refrain from producing the requested documents.

establishing that they will be prejudiced or harmed absent a protective order. (ECF No. 203 at 4-6.) The Court agrees with Defendants.

Plaintiffs' reliance on Rule 34(b)(2)(B) is misplaced. Rule 34(b)(2)(B) provides in relevant part, "For each item or category, the response must either state that inspection and related activities will be permitted *as requested* or state with specificity the grounds for objecting to the request, including the reason." (emphasis added.) In the Third Objection, Plaintiffs detrimentally state that, "Pursuant to Rule 34(b)(2)(B), Plaintiffs have *elected* to permit inspection and related activities of the [Wilson Case] Documents, as the Rule specifically provides." (ECF No. 197 at 3 (internal quotes omitted, emphasis added).) A review of the case record produces nothing to evidence that Defendants ever requested the ability to inspect the 30 boxes of documents. Rather, Plaintiffs "elected" to offer this on their own. As Judge Baldwin admonished Plaintiffs at the May 20, 2021 case management conference, "It is not just enough to say I have all these documents, come copy them. You still have to respond appropriately." (ECF No. 139 at 33-35.) Additionally, well-settled authority has made clear that "[i]t isn't sufficient to point to a file of boxes and say, 'The answer is out there'." *Ultratech, Inc. v. Tamarack Sci. Co.*, 2005 WL 40074 at *4 (N.D. Cal. 2005) (internal quotes in original). As such, Plaintiffs' argument goes against the spirit of Rule 35 and established case law.

Plaintiffs—as the party seeking the issuance of a protective order—bears the burden of persuading the Court that absent a protective order, "annoyance, embarrassment, oppression, or undue burden or expense" will result. Fed. R. Civ. P. 26(c)(1); *see U.S. EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006). Plaintiffs did not meet this burden as they conclusively state in the Third Objection that any requirement to copy, BATES stamp, or deliver copies of documents related to the Wilson Case will be oppressive, expensive, and place an undue burden on Plaintiffs. (ECF No. 197 at 3.) While Plaintiffs direct the Court to an attached declaration provided by Flynn (ECF No. 197-1), the Court is not persuaded—and is admittedly perplexed—
///

because the declaration mainly references Flynn's use and familiarity with computers.[12] However, Plaintiffs sought a protective order in relation to 30 boxes containing *paper documents* and not electronic files maintained or stored on computers in relation to the Wilson Case. Accordingly, Plaintiffs have not satisfied their burden that absent a protective order, Plaintiffs would be prejudiced or harmed. *See Caesars Entm't, Inc.*, 237 F.R.D. at 432.

For the reasons stated in this section, the Court finds that Judge Baldwin did not clearly err when she denied Plaintiffs' motion for protective order. Plaintiffs' Third Objection is therefore overruled.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of objections and motions before the Court.

It is therefore ordered that Plaintiffs' objections (ECF Nos. 195, 196, 197) are overruled.

It is further ordered that Plaintiffs' motion requesting oral argument (ECF No. 199) is denied.

It is further ordered that Defendants' motion for sanctions (ECF No. 204) is denied.

It is further ordered that Defendants' requests for sanctions (ECF Nos. 201 at 6, 202 at 10-11, 203 at 6-7) are denied.

---

[12] Plaintiffs direct the Court to paragraphs 3, 5, 7-10 in the Flynn declaration. (ECF No. 197 at 3.) Those paragraph appear to state the following: (1) Flynn does not recall using a computer to do any legal work; (2) He does not recall the number of computers he has had and does not have documents on his current computer relating to this case; (3) Several of Flynn's computers are unavailable; (4) Paper files related to the Wilson Case are in boxes in a storage shed;(5) Flynn does not have staff to do the work; (6) Flynn does not know what computer files are stills saved on his computer due to the CIA "screwing up" his files in an unrelated case. (ECF No. 197-1 at 2-5.)

It is further ordered that Defendants' motions to strike (ECF Nos. 209, 210, 211, 212) are granted.

The Clerk of Court is directed to strike Plaintiffs' surreplies (ECF Nos. 205, 207, 208) and Plaintiffs' response (ECF No. 206) to Defendants' memorandum. Plaintiffs are again warned that further failure to comply with procedural rules and filing frivolous motions will result in additional sanctions.

DATED THIS 6th Day of July 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE