**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| MICHAEL J. FLYNN, *et al.*, | Case No. 3:19-CV-00239-MMD-CLB |
| Plaintiffs, | **ORDER GRANTING MOTIONS TO COMPEL AND FOR SANCTIONS, DENYING MOTION FOR CONTEMPT** |
| v. | |
| MICHAEL E. LOVE, *et al.*, | |
| Defendants. | [ECF Nos. 276, 278, 296, 297, 298] |

Before the Court is Defendants Michael E. Love, Jacquelyne Love, and Meleco, Inc.'s, (collectively referred to as "Defendants") renewed motion to compel and motion for sanctions against Plaintiff Philip Stillman. (ECF Nos. 276, 277, 278).[1] Stillman opposed the motions, (ECF No. 291), and Defendants replied, (ECF No. 299). Also pending before the Court is Defendants' renewed motion to compel, motion for sanctions, and motion for contempt against Plaintiff Michael Flynn. (ECF Nos. 296, 297, 298.)[2] Flynn opposed the motions, (ECF Nos. 300, 301, 302)[3], and Defendants replied, (ECF No. 304). For the reasons discussed below, the Court grants Defendants' motions to compel and for sanctions, (ECF Nos. 276, 278, 296, 297), and denies Defendants' motion for contempt, (ECF No. 298).

**I.    BACKGROUND**

The basis for the present motions is Plaintiffs Philip Stillman and Michael Flynn's (collectively referred to as "Plaintiffs") repeated refusal to comply with discovery

---

[1]    While docketed separately, ECF Nos. 276 and 278 are identical documents. ECF No. 277 is a manually filed exhibit regarding the motions.

[2]    While docketed separately, ECF Nos. 296, 297, and 298 are identical documents.

[3]    ECF No. 300 is Flynn's opposition to the motion to compel and for sanctions. ECF No. 302 consists of exhibits filed in support of the opposition to the motion to compel and for sanctions. ECF No. 301 is a separate opposition to the motion for contempt.

requests, as well as orders of the Court. Specifically at issue here are Plaintiffs' continued objections to many of Defendants' discovery requests on the grounds of attorney-client privilege, work-product doctrine, and common interest exception.

Because discovery in this case has proven contentious, the Court has held several case management conferences ("CMC" or "CMCs") to assist the parties through the discovery process. (*See* ECF Nos. 72, 98, 107, 118, 137, 150.) At the CMCs held on May 20, 2021 and June 28, 2021, this Court spoke, at length, with the parties about issues surrounding assertions of attorney-client privilege and the requirements of privilege logs. (*See* ECF Nos. 137, 139, 150, 151.) Specifically, at the June 28, 2021 CMC, the Court discussed sufficiency of privilege logs, stating:

> Privilege logs require, as the rule states, enough information to allow the other party to assess whether or not the action or … the document that you're claiming is privileged is, in fact, privileged. So, going back to Exhibit B that was attached to the defendants' Case Management Report, which was Mr. Flynn's initial privilege log, there are a few things here that I think it's important to point out. For example, in the second entry, it's a document control number 3-65. The only description provided to that states, "Letter to Jay Cooper with attachments". That is not a sufficient description to allow the opposing party to tell whether or not it would fall within the description - - or the idea of privilege. So, when you're doing your privilege logs, you will need to provide enough information without disclosing privileged information, what is the basis of the privilege.

(ECF No. 151 at 17-18.)

Additionally, the Court stated the following in relation to assertions of attorney-client privilege:

> Mr. Stillman and Mr. Flynn, I understand that you're both lawyers and you can represent yourselves pro se, but you can't represent each other. You are not licensed to do that in the State of Nevada, number one. But, secondly, when you represent yourselves pro se, you can't represent other parties, regardless of whether you're a lawyer or not. And there seems to be some blurring of the lines as to who is doing what for whom. So, let me be clear on this. Mr. Flynn, you have to do these things on your behalf. So, Mr. Stillman can't respond to discovery requests on your behalf. He is not your counsel, so they have to come from you. Okay? And the same applies to Mr. Stillman. Secondly, to the extent that there's going to be litigation in this court relative to other people that you may or may not represent, you can't represent them because you're not licensed here.

2

(*Id.* at 11-12.) The Court ordered Plaintiffs to provide a privilege log by no later than July 29, 2021. (ECF Nos. 150, 151.)

On June 10, 2021, Flynn produced a privilege log to Defendants outlining 173 purportedly privileged communications from April 10, 2017 through March 7, 2018. (*See* ECF No. 170-35.) Flynn asserted attorney-client privilege over the communications. (*Id.*) On July 30, 2021, Stillman produced an initial privilege log and on August 18, 2021, he produced a modified log to Defendants, which contained 2,285 purportedly privileged communications from March 25, 2017 through May 25, 2021. (*See* ECF Nos. 170-38, 170-39, 170-40, 170-41, 171.) Stillman also asserted attorney-client privilege over the communications. (*Id.*)

On August 27, 2021, Defendants filed a motion to compel and motion for sanctions. (ECF Nos. 169, 170, 171, 172, 173.) The motion argued that Plaintiffs should be required to produce documents claimed to be protected by the Attorney-Client Privilege, the Common Interest Exception, and the Work-Product Doctrine. On October 19, 2021, the Court denied, with leave to refile, the motion to compel, finding that Plaintiffs had failed to meet their burden to establish that the documents were covered by any privilege, as the privilege logs were insufficient. (ECF No. 192.) Specifically, Plaintiffs failed to establish the attorney-client privilege or work-product doctrine applied to any of the documents identified on Plaintiffs' respective privilege logs. (*Id.* at 8-9.) This Court found that Stillman "cannot represent anyone in Nevada, because he is not licensed in Nevada," that Stillman presented no evidence that Tabb and Sheridan were his clients, that any privilege asserted was waived by disclosure to Flynn and third parties, that Plaintiffs have not established that the documents listed on their respective logs were sent to give or receive legal advice, that the documents were not prepared in anticipation of litigation, and that Plaintiffs put their state of mind at issue. (*Id.*) Based on this, the Court ordered Plaintiffs to provide supplemental privilege logs to Defendants.

Following the Court's order to provide supplemental privilege logs, Plaintiffs objected to the District Court, arguing that the order was contrary to law. (ECF No. 195.)

1    On July 6, 2022, the District Court issued an order overruling the objection, finding the

2    order was not contrary to law. (ECF No. 246.) In response to the orders regarding the

3    privilege logs, Stillman provided Defendants with a supplemental privilege log on

4    September 3, 2022. (ECF No. 276-4.) Stillman's revised privilege log continues to assert

5    objections based on attorney-client privilege, work-product doctrine, and the common

6    interest exception. Flynn did not provide a supplemental log, but instead stated he would

7    "join in [Stillman's] privilege log" (*See* ECF No. 296-3 at 2)—despite this Court directing

8    Flynn that he must file discovery responses on his own behalf. (*See* ECF No. 151 at 11-

9    12.)

10      Defendants have now filed renewed motions to compel and for sanctions against

11    Stillman and Flynn based on continued deficiencies with Stillman's supplemental

12    privilege log and Flynn's refusal to comply with his discovery obligations. (ECF Nos. 276,

13    278, 296, 297.)

14    **II.**      **LEGAL STANDARD**

15      "Discovery is supposed to proceed with minimal involvement of the Court." *V5*

16    *Tech. v. Switch, Ltd.*, 334 F.R.D. 297, 301 (D. Nev. 2019) (quoting *F.D.I.C. v. Butcher*,

17    116 F.R.D. 196, 203 (E.D. Tenn. 1986)). "Counsel should strive to be cooperative,

18    practical, and sensible, and should seek judicial intervention only in extraordinary

19    situations that implicate truly significant interests." *Id.* (internal quotations omitted).

20    "[B]road discretion is vested in the trial Court to permit or deny discovery." *Hallett*, 296

21    F.3d at 751. The "scope of discovery" encompasses "any nonprivileged matter that is

22    relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed.

23    R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that

24    bears on, or that reasonably could lead to other matter that could bear on" any party's

25    claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation

26    omitted).

27      When a party fails to provide discovery and the parties' attempts to resolve the

28    dispute without Court intervention are unsuccessful, the opposing party may seek an

1 order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an

2 order to compel discovery bears the initial burden of informing the Court: (1) which

3 discovery requests are the subject of the motion to compel; (2) which of the responses

4 are disputed; (3) why the believes the response is deficient; (4) why defendants'

5 objections are not justified; and (5) why the information he seeks through discovery is

6 relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-

7 P, 2019 WL 4274010, at *1–2 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No.

8 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must

9 inform the court which discovery requests are the subject of his motion to compel, and,

10 for each disputed response, inform the court why the information sought is relevant and

11 why defendant's objections are not justified.").

12       Thereafter, the party seeking to avoid discovery bears the burden of showing why

13 that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429

14 (9th Cir. 1975). The party resisting discovery must specifically detail the reasons why

15 each request is irrelevant or otherwise objectionable, and may not rely on boilerplate,

16 generalized, conclusory, or speculative arguments. *See, e.g., F.T.C. v. AMG Servs., Inc.*,

17 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by

18 "specific examples and articulated reasoning." *U.S. E.E.O.C.*, 237 F.R.D. at 432.

19 **III.    DEFENDANTS' MOTIONS TO COMPEL**

20       As discussed above, Defendants have filed renewed motions to compel against

21 Stillman and Flynn based on continued deficiencies with Stillman's supplemental

22 privilege log and Flynn's refusal to comply with his discovery obligations. (ECF Nos. 276,

23 278, 296, 297.) Defendants ask the Court to overrule Plaintiffs' objections based on the

24 grounds of attorney-client privilege, the work-product doctrine, and the common interest

25 doctrine, and order Plaintiffs to produce all documents and communications set forth in

26 the original and revised privilege logs. (ECF Nos. 276, 296.)

27       The Court's prior order regarding privilege logs explicitly found that Plaintiffs had

28 failed to meet their burden that the documents were covered by any privilege because

the privilege logs provided were insufficient and did not enable Defendants or the Court to evaluate whether the documents were privileged or otherwise protected. (ECF No. 192 at 6.) At that time, in lieu of determining that Plaintiffs had waived privilege or protection, the Court deemed it a better utilization of both the parties' and the Court's time to order Plaintiffs to provide Defendants with a supplemental privilege log that properly comported with the requirements as outlined by the Court. (*Id.* at 8-10.) On September 3, 2022, Stillman provided Defendants with a supplemental privilege log. (ECF No. 276-4.) Flynn did not provide a supplemental log, but instead stated he would "join in [Stillman's] privilege log" (*See* ECF No. 296-3 at 2).

The Court has reviewed the revised privilege log, (ECF No. 276-4), and finds the revised privilege log continues to improperly assert objections based on attorney-client privilege, work-product doctrine, and the common interest exception—despite this Court and the District Court finding that those privileges and protections likely do not apply based on the information provided. (*See* ECF Nos. 192, 246.) The revised log also contains discrepancies from the original privilege log, in that it contains different summarizes of the same emails and omits several emails. (*Compare* ECF No. 276-4, *with* ECF No. 276-3.) The revised log again fails to establish that communications are protected by attorney-client privilege, work-product doctrine, or common interest exception.

It is Plaintiffs' burden to show that the information being withheld is privileged. *Millennium Holding Grp., Inc. v. Sutura, Inc.*, No. 2:05-CV-00356-JCM-LRL, 2007 WL 121567, at *2 (D. Nev. Jan. 11, 2007). A failure to comply with privilege log requirements will result in a finding that discovery opponents have failed to meet their burden of establishing the applicability of the privilege. *Id.* Based on review of the revised privilege log, the Court finds Plaintiffs have *again* not met their burden of establishing the applicability of any privilege or protections. Accordingly, the Court overrules Stillman's objections on the grounds of attorney-client privilege, work-product doctrine, and the common interest exception. Therefore, Defendants' motions to compel, (ECF Nos. 276,

296), are granted. Stillman and Flynn shall produce all documents and communications set forth in their original and revised logs within 30 days from the entry of this order.

## IV.     DEFENDANTS' MOTIONS FOR SANCTIONS

Defendants also move for sanctions under Rule 37(a)(5)(A). If the motion to compel is granted, the Court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

The Court has broad discretion regarding the type and degree of discovery sanctions it may impose pursuant to Rule 37. *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585 (9th Cir. 1983). Rule 37 allows for the authorization of any remedy the Court determines is "just." *See id.* at 591; *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706-08 (1982); Fed. R. Civ. P. 37(b)(2)(A). Because the Court is granting the motions to compel, the Court will also grant the motions for sanctions, as none of the exceptions under Fed. R. Civ. P. 37(a)(5)(A) applies—Defendants' filed their motions after attempting to obtain discovery without court action, Plaintiffs' objections were not substantially justified, and no circumstances exists such that an award would be unjust.

Accordingly, Defendants' motions for sanctions, (ECF Nos. 278, 297), are granted. The Court awards Defendants their reasonable attorneys' fees and costs as sanctions for the cost associated with filing their motions to compel. (ECF Nos. 276, 296). Counsel for Defendants will, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the

customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation, and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and provide a statement that the fees and costs charged are reasonable. Plaintiffs will have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded. Counsel for Defendants will have 7 days from service of the responsive memorandum in which to file a reply.

## V.    DEFENDANTS' MOTION FOR CONTEMPT

Finally, Defendants move for an order finding Flynn in contempt of the Court's orders requiring him to produce a supplemental privilege log, ECF Nos. 192 and 245. The Court declines to find Flynn in contempt at this time as the Court finds that the imposition of sanctions in the form of attorneys' fees is sufficient to address Flynn's failure to comply with the Court's orders. As such, the motion, (ECF No. 298), is denied.

However, the Court has given both Flynn and Stillman extensive leeway in this case and has repeatedly cautioned them that their failure to comply with their discovery obligations and the Court's orders would have consequences. Therefore, for the last time, the Court cautions Flynn and Stillman that any further failure to follow the Court's orders will result in far more serious sanctions being imposed than the imposition of attorneys' fees, up to and including a recommendation that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(v).

## VI.   CONCLUSION

Consistent with the above, **IT IS THEREFORE ORDERED** that Defendants' motions to compel, (ECF Nos. 276, 296), are **GRANTED**.

- Plaintiffs shall turn over all requested discovery to Defendants within **30 days** from the entry of this order.

8

**IT IS FURTHER ORDERED** that Defendants' motions for sanctions, (ECF Nos. 278, 297), are **GRANTED**.

- Counsel for Defendants will, no later than **14 days** from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation, and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and provide a statement that the fees and costs charged are reasonable.

- Plaintiffs will have **14 days** from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded.

- Counsel for Defendants will have **7 days** from service of the responsive memorandum in which to file a reply.

**IT IS FURTHER ORDERED** that Defendants' motion for contempt, (ECF No. 298), is **DENIED**.

**IT IS SO ORDERED.**

DATE: _February 1, 2023_____.

_____
**UNITED STATES MAGISTRATE JUDGE**