UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL J. FLYNN, *et al.*,<br><br>       Plaintiffs,<br>v.<br><br>MICHAEL E. LOVE, *et al.*,<br><br>       Defendants. | Case No. 3:19-CV-00239-MMD-CLB<br><br>**ORDER GRANTING MOTIONS TO COMPEL AND FOR SANCTIONS, DENYING MOTION FOR CONTEMPT**<br><br>[ECF Nos. 308, 309, 310] |

Before the Court is Defendants Michael E. Love, Jacqueline Love, and Meleco, Inc.'s, (collectively referred to as "Defendants") motion to compel, motion for sanctions, and motion for contempt against Plaintiff Michael Flynn ("Flynn"). (ECF Nos. 308, 309, 310).[1] Plaintiff Michael Stillman ("Stillman") and Flynn (collectively referred to as "Plaintiffs") opposed the motions, (ECF No. 312), and Defendants replied, (ECF No. 321). For the reasons discussed below, the Court grants Defendants' motions to compel and for sanctions, (ECF Nos. 308, 309), and denies Defendants' motion for contempt, (ECF No. 310).

I.     **BACKGROUND**

The basis for the present motions is Plaintiff Flynn's repeated refusal to comply with discovery requests, as well as orders of the Court. Specifically at issue here are several requests for product of documents ("RPDs") included in Defendants first set of RPDs to Flynn. (ECF No. 308.)

On August 11, 2020, Defendants served their first set of discovery requests on Plaintiffs. (*See* ECF No. 157-2.) The RPDs included limited requests regarding the *Love v. Wilson Love v. Irving Music, Brian Wilson et al.*, No. 2:92-cv-04594 (C.D. Cal., filed July 31, 1992) litigation, including documents regarding the purported expert valuation in

---

[1]     While docketed separately, ECF Nos. 308, 309, 310 are identical documents.

*Love v. Wilson*, evidence quantifying the work performed by Plaintiffs in connection with the *Love v. Wilson* litigation for the *quantum meruit* analysis, and documents regarding payments from Mr. Love to Plaintiffs for their legal services rendered on the *Love v. Wilson* litigation. (*Id.* at Nos. 85-90, 98-101.) Additionally, the RFPs request, among other things, Flynn's communications about this action (ECF No. 308-5 (RFP Nos. 1-3, 14, 19-20, 34, 38, 42, 68, 75)), Flynn's communications with or about Primary Wave and Black Rock (RFP Nos. 18-29), and Flynn's communications with Mr. Love (RFP Nos. 151-159, 161-183).

Because discovery in this case has proven contentious, the Court has held several case management conferences ("CMC" or "CMCs") to assist the parties through the discovery process. (*See* ECF Nos. 72, 98, 107, 118, 137, 150.) On May 20, 2021, this Court held a CMC in which these specific issues were discussed. (ECF No. 137.) At the CMC, Flynn represented to the Court that he offered during meet and confers and in emails to defense counsel that they could "come and copy" every document in Flynn's possession related to the case. (ECF No. 139 at 27.) During the hearing, the Court specifically advised Plaintiffs:

> When you get a request for production of documents, you have an obligation to go and look for documents that are responsive to the request for production of documents…. I'm going to tell you right now, again, you all need to go back and review what you have, and respond appropriately. This is not okay. And, quite frankly, it is not the responsibility of the defense counsel to go and simply copy swaths of documents. It's your responsibility to respond specifically to requests for production of documents requests, or requests for interrogatories, or requests for admissions. Remember, you filed this lawsuit. They didn't. And they requested specific documents in response to specific questions, and you have an obligation to respond appropriately…. It is not just enough to say I have all these documents, come copy them. You still have to respond appropriately…. [U]nder Rule 26, you can make discovery available and comply, but you still have to be responsive to the request. You can't just doc dump and say that's it. That's not how it works.

(ECF No. 139 at 33-35.) At the June 28, 2021 CMC, the Court again discussed Flynn's offer regarding disclosure by inspection and instructed Flynn to file a motion for protective order by July 12, 2021. (ECF Nos. 150, 151.)

On July 9, 2021, Plaintiffs filed a motion for protective order, after completion of a meet and confer with counsel for Defendants. (ECF Nos. 154, 155.) In the motion, Plaintiffs asserted that their discovery obligations should be deemed "complied with" because they claim they have made thirty banker boxes full of documents available for Defendants' review in a storage shed in an unspecified location. (*See* ECF Nos. 154-1 at 4, 139 at 28.) Thus, Plaintiffs moved for a protective order pursuant to Fed. R. Civ. P. 26(b)(2) and 26(c)(1)(B), limiting Plaintiffs' response to Defendants' request for production of documents for approximately 30 banker boxes of documents created in connection with the *Love v. Wilson* litigation. (ECF No. 154 at 2.) Additionally, Plaintiffs request the Court order that Plaintiffs are in full compliance with Fed. R. Civ. P. 34(b)(2)(B), by their offer to Defendants that inspection and related activities of the *Love v. Wilson* documents will be permitted as requested. (*Id.*) Plaintiffs assert that any requirement to copy, BATES stamp, and deliver copies of the mass of *Love v. Wilson* documents will be oppressive and place undue burden and expense on Plaintiffs. (*Id.*)

Based upon the record before the Court at that time, there appeared to be no organization of the *Love v. Wilson* documents sufficient to indicate how those documents were maintained in the ordinary course of business. Thus, the Court denied Plaintiffs' motion for protective order, (ECF No. 154), and ordered Plaintiffs to search their files to identify and provide those documents responsive to Defendants' document requests within 30 days from the date of the order—including specifically organizing the documents, with some sort of labeling system, and identifying which documents are responsive to the specific RPDs served by Defendants. (ECF No. 190.)

Following the Court's order to produce the documents responsive to the RPDs, Plaintiffs objected to the District Court, arguing that the order was contrary to law and placed an undue burden on Plaintiffs. (ECF No. 197.) On July 6, 2022, the District Court issued an order overruling the objection and finding the order was not contrary to law. (ECF No. 246.) Defendants have now filed motions to compel and for sanctions against Flynn based on his continued refusal to produce documents responsive to the RPDs.

## II. LEGAL STANDARD

"Discovery is supposed to proceed with minimal involvement of the Court." *V5 Tech. v. Switch, Ltd.*, 334 F.R.D. 297, 301 (D. Nev. 2019) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). "Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention only in extraordinary situations that implicate truly significant interests." *Id.* (internal quotations omitted). "[B]road discretion is vested in the trial Court to permit or deny discovery." *Hallett*, 296 F.3d at 751. The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1–2 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429

(9th Cir. 1975). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See, e.g., F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C.*, 237 F.R.D. at 432.

### A.     Requests for Production of Documents

Pursuant to Federal Rule of Civil Procedure 34, "[a] party may serve on any other party a request within the scope of Rule 26(b)" for production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production], . . . accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." *Womack v. Gibbons*, No. 1:19-cv-00615-AWI-SAB-PC, 2021 WL 1734809, at *2 (E.D. Cal. May 3, 2021) (citing *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

In a motion to compel a request for production, the moving party is required to make a "specific showing that the burdens of production would be minimal and that the requested documents would lead to relevant evidence." *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). The responding party is called "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents "within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). With respect to documents already made available for inspection, Rule 26 states "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . .(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(C)(2).

### III.    DEFENDANTS' MOTIONS TO COMPEL

As discussed above, Defendants have filed a motion to compel against Flynn based on Flynn's failure to produce all non-privileged documents and communications responsive to Defendants' RPDs. Defendants assert that while Flynn has produced

some documents responsive to their RPDs, he has not specifically organized and produced all documents responsive to the RPDs. Additionally, Defendants assert that documents produced by the Trust, on Flynn's behalf, were not specifically organized, and instead various documents were grouped together and produced as a single PDF with as many as 2,625 pages—totaling more than 55,000 pages of documents produced. Finally, Defendants assert that the indexes provided by the Trust, on Flynn's behalf, did not identify which document responded to which RPDs. (ECF No. 308.) Defendants therefore request that, pursuant to the Court's prior order, (ECF No. 190), the Court again compel Flynn to produce all non-privileged documents and communications responsive to the RPDs and that the Court order Flynn to organize and unitize the documents in his production with some sort of labeling system, and identify which documents respond to the specific RPDs—including, specifically all responsive ESI including, but not limited to, text messages and emails. (ECF No. 308.)

In opposition, Plaintiff Stillman, apparently on behalf of Plaintiff Flynn,[2] states that Flynn has produced every document in his possession or under his control requested by the RPDs and the production organized by the Trust was categorized by subjects responsive to one or more of the overlapping RPDs. (ECF No. 312.) The opposition further states that the motion should be denied because Defendants failed to meet and confer with Plaintiff Stillman to resolve their objections prior to filing their motion to compel. (*Id.*)

Before the Court can address the merits of the motion to compel, it must first address the statement that Defendants were required to meet and confer with Stillman regarding Flynn's RPDs. This is patently false. Defendants have no obligation to discuss Flynn's discovery issues with Stillman. Both Plaintiffs are proceeding *pro se* in this

---

[2]   It is apparent Stillman has been preparing documents on behalf of Flynn in this case based not only on docket entries, but also the signatures on these filings.

action.³ As this Court has repeatedly told Plaintiffs—<u>*pro se* plaintiffs may only represent themselves</u>; they are prohibited from pursuing claims on behalf of others in a representative capacity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit *pro se* plaintiffs from representing others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing [*pro se*] has no authority to represent anyone other than himself"). Further, a *pro se* litigant does not have a right to "hybrid representation" that is, to both proceed *pro se* and to have counsel. *Tyler v. Borg*, 29 F.3d 634 (9th Cir. 1994); citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Adams v. Carroll*, 875 F.2d 1441, 1445 (9th Cir. 1989); *United States v. DeGeorge*, 178 Fed.Appx. 764 (9th Cir. 2006).

When Stillman prepares filings on behalf of Flynn, as he has often done during this litigation—this is essentially "ghost-writing." "Ghost-writing" occurs when an attorney drafts pleadings or court filings on behalf of a *pro se* litigant who, in turn, signs them *pro se*. It is an inappropriate practice. *See e.g., Smallwood v. NCsoft Corp.*, 730 F.Supp.2d 1213, 1222 (D. Hawaii 2010) citing *Ricotta v. State*, 4 F.Supp.2d 961, 986 (S.D. Cal. 1998) (citations omitted); *see also Walker v. Pacific Maritime Assoc.*, 2008 WL 1734757 (N.D. Cal.) (finding that ghost-writing is an inappropriate practice and attorneys who engage in the practice are subject to sanction under Fed. R. Civ. P. 11).

"Ghost-writing" is inappropriate for several reasons. First, because the standard practice of federal courts is to interpret *pro se* filings liberally, allowing "ghost-writing" would disadvantage the opposing party. *Ricotta*, 4 F.Supp.2d at 986. Second, "ghost-writing" is a deliberate evasion of responsibilities imposed by Rule 11, which requires attorneys to personally represent that there are grounds to support assertions made in each filing. *Id.* Third, "ghost-writing" implicates the Rules of Professional Responsibility. *Id.* For example, pursuant to the Nevada Rules of Professional Conduct ("NRPC"), "[i]t is

---

³ Although Stillman and Flynn are both attorneys, neither is licensed to practice law in the State of Nevada and they have not been admitted to practice *pro hac vice* in this case.

professional misconduct for a lawyer to: (c) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." NRPC 8.4. An attorney participating in "ghost-writing" is engaged in conduct involving misrepresentation to the Court because another individual is signing pleadings that the attorney drafted. Moreover, "having a litigant appear to be *pro se* when in truth an attorney is authoring pleadings ... is far below the level of candor which must be met by members of the bar." *Ricotta*, F.Supp.2d at 986 (citation omitted).

Plaintiffs are cautioned for a <u>final time</u> that they should not file documents in this case on behalf of one another. Any such future filings will result in documents being <u>summarily stricken</u>.

Finally, to the extent Flynn believes the motion to compel should be denied based on a supposedly failure to meet and confer in general, this is also false. The Court explicitly dispensed of the parties meet and confer requirements on July 6, 2021. (ECF No. 150 at 2.) Further, even if this had not been the case, the Court already ordered Flynn to produce the requested documents, so there would be no requirement to meet and confer <u>again</u> on the same discovery issue.

Moving to the merits of the motion—after reviewing the papers before the Court, it is clear Flynn has still not complied with this Court's October 19, 2021 Order, which explicitly directed him to provide documents responsive to the RPDs and specifically organize the documents with some sort of labeling system and identify which documents are responsive to the specific RPDs served by Defendants. (ECF No. 190.)

As the Court previously stated, Flynn is not at liberty under federal discovery rules to dump massive amounts of documents, which apparently have no logical order to them, on their adversaries and demand that they try to find what they are looking for. While several thousand documents have been produced to Defendants, based on Defendants' representations, they have been provided in a "do it yourself" document dump fashion, which flies in the face of both the spirit of Rule 34, and established case law. *See Kozlowski v. Sears Roebuck and Company*, 73 F.R.D. 73, 76 (D. Mass. 1976)

("[t]he defendant has in essence told the plaintiff that, if he wishes, he may hunt through all its documents and find the information for himself. 'This amounts to nothing more than a gigantic 'do it yourself kit.'"). The Court has instructed Flynn that this is not sufficient, and he must provide documents in a fashion that specifically identifies which documents are responsive to the specific RPDs.

Accordingly, Defendants' motion to compel, (ECF No. 308), is granted. Flynn is ordered to search his files to identify and provide those documents responsive to Defendants' document requests within **30 days** from the date of this order—<u>including specifically organizing the documents, with some sort of labeling system, and identifying which documents are responsive to the specific RPDs served by Defendants</u>.

## IV. DEFENDANTS' MOTIONS FOR SANCTIONS

Defendants also move for sanctions under Rule 37(a)(5)(A). If the motion to compel is granted, the Court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

The Court has broad discretion regarding the type and degree of discovery sanctions it may impose pursuant to Rule 37. *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585 (9th Cir. 1983). Rule 37 allows for the authorization of any remedy the Court determines is "just." *See id.* at 591; *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706-08 (1982); Fed. R. Civ. P. 37(b)(2)(A). Because the Court is granting the motion to compel, the Court will also grant the motion for sanctions, as none of the exceptions under Fed. R. Civ. P. 37(a)(5)(A) applies—Defendants' filed their motions after attempting to obtain discovery without court action, Plaintiffs' objections were not substantially justified, and no circumstances exists such that an award would be unjust.

Accordingly, Defendants' motion for sanctions, (ECF No. 309), is granted. The Court awards Defendants their reasonable attorneys' fees and costs as sanctions for the cost associated with filing the motion to compel (ECF No. 308). Counsel for Defendants will, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation, and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and provide a statement that the fees and costs charged are reasonable. Flynn will have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded. Counsel for Defendants will have 7 days from service of the responsive memorandum in which to file a reply.

## V.  DEFENDANTS' MOTION FOR CONTEMPT

Finally, Defendants move for an order finding Flynn in contempt of the Court's orders requiring him to produce RPDs, ECF No. 190. The Court declines to find Flynn in contempt at this time and as such the motion, (ECF No. 310), is denied. However, the Court cautions Flynn and Stillman that any continued discovery issues or failures to follow the Court's orders will result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(v).

## VI.  CONCLUSION

Consistent with the above, **IT IS THEREFORE ORDERED** that Defendants' motion to compel, (ECF No. 308), is **GRANTED**.

- Flynn shall turn over all requested discovery to Defendants within **30 days** from the entry of this order.

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions, (ECF No. 309), is **GRANTED**.

- Counsel for Defendants will, no later than **14 days** from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation, and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and provide a statement that the fees and costs charged are reasonable.

- Flynn will have **14 days** from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded.

- Counsel for Defendants will have **7 days** from service of the responsive memorandum in which to file a reply.

**IT IS FURTHER ORDERED** that Defendants' motion for contempt, (ECF No. 310), is **DENIED**.

**IT IS SO ORDERED.**

DATE: March 16, 2023

_____
**UNITED STATES MAGISTRATE JUDGE**