UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL J. FLYNN, *et al.*,<br><br>  Plaintiffs,<br>v.<br><br>MICHAEL E. LOVE, *et al.*,<br><br>  Defendants. | Case No. 3:19-CV-00239-MMD-CLB<br><br>**ORDER GRANTING MOTIONS TO STAY MAGISTRATE JUDGE ORDER**<br><br>[ECF Nos. 318, 323] |

Before the Court are two motions related to the Court's February 1, 2023 Order with respect to Defendants Michael E. Love, Jacquelyne Love, and Meleco, Inc.'s (collectively referred to as "Defendants") renewed motion to compel and for sanctions, (ECF No. 311):

(1) Intervenor Plaintiff Rebecca Flynn-Williams's ("Intervenor") motion to stay the order granting motions to compel and for sanctions pending the Court's ruling on objections to ECF No. 311, (ECF No. 318)[1];

(2) Plaintiffs Michael J. Flynn and Philip Stillman's (collectively referred to as "Plaintiffs") motion to stay the order granting the motions to compel and for sanctions pending the Court's ruling on objections to ECF No. 311, (ECF No. 323)[2].

Both Intervenor and Plaintiffs request that the Court stay its February 1, 2023 Order, (ECF No. 311), granting Defendants' motions to compel and for sanctions. In the order, the Court overruled Plaintiffs' objections based on the grounds of attorney-client privilege, the work-product doctrine, and the common interest doctrine, and ordered Plaintiffs to produce all documents and communications set forth in the original and

---

[1]  Defendants responded, (ECF No. 328), and no reply was filed.

[2]  Defendants responded, (ECF No. 328), and Plaintiffs replied. (ECF No. 329).

revised privilege logs. (*Id.*) The Court also granted a request for attorneys' fees and costs as sanctions for the cost associated with filing the motions to compel. (*Id.*) The Court has thoroughly reviewed the filings related to Intervenor and Plaintiffs' motions to stay, and finds that the Court's February 1, 2023 Order related to Defendants' motion to compel should be stayed in its entirety pending the district court's decision on the objections.

Although the Court strongly disagrees with the arguments made the Intervenor and Plaintiffs and the contentions that the order is clearly erroneous or contrary to law, the Court understands that reasonable minds can disagree, and the order could be overturned. If that occurs, requiring disclosure of any documents prior to the district court's opportunity to review the objection may render the arguments moot and could cause potential harm to Plaintiffs and the Intervenor if the district court sustains the objection. It does not appear that Defendants would suffer any significant prejudice or harm by a short stay of the Court's February 1, 2023 Order pending the district court's ruling on the objection.

For these reasons, the motions to stay, (ECF Nos. 318, 323) are **GRANTED** and the Court stays its February 1, 2023 Order related to Defendants' motion to compel in its entirety, pending resolution of the objections by the district court.

**IT IS SO ORDERED.**

DATE: March 16, 2023

_____
UNITED STATES MAGISTRATE JUDGE