1

2

3                              UNITED STATES DISTRICT COURT

4                                    DISTRICT OF NEVADA

5                                          * * *

6   MICHAEL J. FLYNN, *et al.*,                     Case No. 3:19-cv-00239-MMD-CLB

7                              Plaintiffs,           ORDER

8         v.

9   MICHAEL LOVE, *et al.*,

10                             Defendants.

11  **I.      SUMMARY**

12        Plaintiffs Michael Flynn and Philip Stillman[1] bring this action against Defendants

13  Michael and Jacquelyne Love, Meleco, Inc., and Trustee Michael Love of the Michael

14  Love Family Trust pertaining to a settlement involving the copyrights of 35 songs and

15  events surrounding these songs. (ECF No. 121.) Discovery between the parties has

16  been contentious, and this is the second time the Court is addressing objections

17  involving discovery issues previously decided by United States Magistrate Judge Carla

18  L. Baldwin (ECF Nos. 190, 191, 192, 246, 311). Before the Court are two objections[2]—

19  one by Plaintiffs (ECF No. 316) and the other by Intervenor Plaintiff Successor Trustee

20  Rebecca Flynn-Williams of the Laima Flynn Trust ("Trust") (ECF No. 313)—to Judge

21  Baldwin's order granting Defendants' motions to compel and for sanctions (ECF No.

22

23

24        [1]Plaintiffs are attorneys licensed in Massachusetts. (ECF No. 121 at 2.) Plaintiffs
     are representing themselves *pro se* in this action.

25

26        [2]The Court denies Plaintiff Flynn's request to join "the objections of Attorney
     Stillman [and] the Laima Flynn Trust" (ECF No. 315 at 1). Joinder is inappropriate here
27   because Flynn both raises new arguments and repeats arguments made in Plaintiffs'
     objection, which Flynn has also signed. (ECF No. 316 at 25.) Denying Flynn's request
     may help clarify the murky relationship between the *pro se* plaintiffs and is in line with
28   prior admonishments that "*pro se* plaintiffs may only represent themselves." (ECF No.
     331 at 6-8.)

311 ("Order")). Defendants responded to both objections. (ECF Nos. 325, 326.[3]) For the reasons discussed below, the Court finds that Judge Baldwin did not clearly err and therefore overrules both objections.

## II.    BACKGROUND[4]

On February 1, 2023, Judge Baldwin issued the Order granting Defendants' motions to compel (ECF Nos. 276, 296 (renewed)) and motions for sanctions (ECF Nos. 278, 297 (renewed)), after again finding that Plaintiffs failed to establish that "any privilege or protections" apply to protect the nearly 2,300 communications indexed in their revised privilege log.[5] (ECF No. 311 at 5-6.) Consequently, Plaintiffs were ordered to "produce all documents and communications set forth in their original and revised logs" no later than 30 days from the entry of the Order, and Defendants were awarded reasonably attorneys' fees and costs incurred in filing their renewed motions. (*Id.* at 7-8.) Plaintiffs—together in one filing—timely objected to the Order (ECF No. 316). The Trust, which "has not been part of these discovery disputes," also objected to the Order, contending in part that it needed "clarity to avoid further disputes." (ECF No. 313 at 10.)

## III.    LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred

---

[3]ECF No. 325 (response to Plaintiff Flynn's joinder) and ECF No. 326 (response to both objections) appear identical. For purposes of this order, the Court will only cite to ECF No. 325 when referencing Defendants' arguments.

[4]The Court incorporates by reference the additional background facts discussed in the Order. (ECF No. 311 at 1-4.)

[5]Only Stillman provided a supplemental (revised) privileged log. (ECF No. 276-4.) Flynn did not provide a revised privilege log; instead, he stated that Stillman "is effectively acting as [Flynn's] counsel," and that he would "join in [Stillman's] privilege log," despite the Court's order directing Flynn to file discovery responses on his own behalf as a *pro se* litigant. (ECF Nos. 296-3 at 2, 151 at 12.)

to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *See U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). A magistrate judge's pretrial order issued under § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

IV.   **DISCUSSION**

   A.   **The Trust's Standing to Challenge the Order as Intervenor Plaintiff**

        To start, the Court agrees with Defendants that the Trust—an intervenor plaintiff who conceded it "has not been part of these discovery disputes" between Plaintiffs and Defendants—lacks standing to challenge the Order. (ECF No. 313 at 10.) *See also Diamantis v. Milton Bradley Co.*, 772 F.2d 3, 4 (1st Cir. 1985) (recognizing the "well settled" principle "under the standing doctrine that a party ordinarily may not assert the legal rights of others") (citing *Barrows v. Jackson*, 346 U.S. 249, 255 (1953)). While it understandably wants to expedite the litigation, the Trust "has not shown that [its] own rights are threatened" by Plaintiffs' compliance with the Order. *Id.*

        Even if the Trust had standing, Defendants correctly argue that the Trust's request that the Court "address all of the components of the work product doctrine" and "clarify the applicability of the common interest privilege" amount to an improper advisory opinion. (ECF Nos. 313 at 10, 325 at 9.) Because there is no pending discovery dispute between the Trust and Defendants, addressing whether the work product doctrine and attorney-client privilege apply to the Trust's communications with Plaintiffs would result in "an opinion advising what the law would be upon a hypothetical

1   state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239 (1937); *see also In re*
2   *MacNeil*, 907 F.2d 903, 904 (9th Cir. 1990). Moreover, both the Trust and Defendants
3   attest to already having met and conferred about potential deficiencies in the Trust's
4   privilege logs. (ECF Nos. 313 at 3, 325 at 9.) If a similar discovery dispute emerges
5   between these parties, the Court can later determine whether the Trust's
6   communications are privileged or protected work product after full briefing.[6]

7          For these reasons, the Court overrules the Trust's objection.

8          **B. Attorney-Client Privilege**

9          Next, the Court finds Judge Baldwin did not clearly err in finding that "Plaintiffs
10  have again not met their burden of establishing the applicability of any privilege or
11  protections." (ECF No. 311 at 6.) As Judge Baldwin did, the Court has reviewed the
12  revised privilege log and in fact agrees with Judge Baldwin that Plaintiffs have again
13  failed to establish that the attorney-client privilege applies. *See In re Grand Jury*
14  *Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992) ("The party asserting the attorney-
15  client privilege has the burden of proving that the privilege applies to a given set of
16  documents or communications."); *Millennium Holding Grp., Inc. v. Sutura, Inc.*, Case
17  No. 2:05-cv-00356-JCM-LRL, 2007 WL 121567, at *2 (D. Nev. Jan. 11, 2007) ("A failure
18  to comply with privilege log requirements will result in a finding that discovery opponents
19  have failed to meet their burden of establishing the applicability of the privilege.")
20  (citation omitted). In addition to discrepancies, significant portions of the indexed emails
21  in the privilege log lack crucial information that enables the Court to decide whether
22  attorney-client privilege applies.[7] (*See generally* ECF Nos. 276-4, 276-5, 276-6, 276-7,

23

24  _____
    [6]The Court directs the Trust to its previous orders outlining the legal standards to
25  determine the applicability of the attorney-client privilege and work product doctrine as
    well as privilege log requirements. (ECF Nos. 192 at 4-8, 246 at 7-8 & n.9.) Judge
26  Baldwin has also repeatedly addressed these issues with the parties, as she noted in
    the Order. (ECF No. 311 at 2-3.)

27         [7]Plaintiffs' argument that Judge Baldwin clearly erred because she "failed to
    acknowledge that even one email was privileged" loses the forest for the trees. (ECF
28  No. 316 at 15-16.) Even if the revised privilege log sufficiently described at least one
    communication for privilege purposes, that does not account for the approximately

1    276-8, 276-9, 311 at 5-6.) Thus, Judge Baldwin did not clearly err in finding that

2    Plaintiffs have not met their burden to show that the materials withheld are privileged.

3    **C. Work Product Doctrine**

4    As this Court has previously concluded (*see* ECF Nos. 192, 246), the work

5    product doctrine does not shield Plaintiffs from producing the requested documents

6    because descriptions in the revised privilege log still do not enable the Court to

7    conclude that these documents were prepared in anticipation of litigation. (*See* ECF No.

8    276-4.) *See also* Fed. R. Civ. P. 26(b)(5)(A); *Hickman v. Taylor*, 329 U.S. 495, 511

9    (1947); *Nev. Power. Co. v. Monsanto Co.*, 151 F.R.D. 118, 121 (D. Nev. 1993).

10   Bolstering this conclusion is Plaintiff Flynn's decision to not provide the Court his own

11   revised privilege log; instead, he stated he would "join in [Stillman's] privilege log,"

12   despite the Court's order directing Flynn to file discovery responses on his own behalf.

13   (ECF Nos. 296-3 at 2, 151 at 12.)

14   Additionally, as Judge Baldwin noted and despite Plaintiffs' contention, the nature

15   of Plaintiffs' allegations in the operative complaint put their state of mind at issue. (*See*

16   ECF No. 121.) Because Plaintiffs' mental impressions are in play, their opinion work

17   product—for which Plaintiffs have demonstrated a compelling need—is thus likely

18   disclosable. *See Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th

19   Cir. 1992).

20   Accordingly, Judge Baldwin did not clearly err in finding that Plaintiffs have not

21   met their burden of demonstrating that the work product doctrine shields them from

22   producing the requested documents and communications. *See LightGuard Sys., Inc. v.*

23   *Spot Devices, Inc.*, 281 F.R.D. 593, 598 (D. Nev. 2012); *Cung Le v. Zuffa, LLC*, 321

24   F.R.D. 636, 640 (D. Nev. 2017).

25   ///

26

27   2,300 remaining emails. Plaintiffs should not burden the Court with the onerous task of

28   deciphering vague descriptions and, in turn, speculating as to whether each email may
     or may not be privileged or protected as work product.

1

**D.  Judge Baldwin's Ruling on Defendants' Motions for Sanctions**

2          Lastly, the Court finds that Judge Baldwin did not clearly err in granting

3   Defendants' motions for sanctions. Plaintiffs argue that the Order is contrary to law

4   because "there is no showing by Defendants that they even made a nominal effort to

5   [meet and] confer" before seeking judicial intervention. (ECF No. 316 at 23-24.) The

6   Court disagrees and notes that Plaintiffs raise this argument out of context. Defendants

7   indeed attempted to obtain discovery without court intervention. And as Defendants

8   show, Judge Baldwin eventually "dispense[d] with" the parties' meet-and-confer

9   requirements because the meet-and-confers up to that point were "not productive" and

10  had "increas[ed] the amount of litigation and the amount of the costs to the parties."

11  (ECF No. 151 at 49-50.) Moreover, both the facts and the law disprove Plaintiffs'

12  assertion that they were "substantially justified" in withholding the requested documents,

13  repeatedly failing to meet their evidentiary burdens, and unnecessarily drawing out this

14  litigation. *See Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005).

15  Because (1) the Court has broad discretion regarding the type and degree of discovery

16  sanctions it deems "just," (2) the circumstances do not show that Judge Baldwin's

17  award of reasonable attorneys' fees and costs would be unjust, and (3) none of the

18  exceptions under Rule 37(a)(5)(A) applies here, Judge Baldwin did not clearly err when

19  she granted Defendants' motions for sanctions. *See* Fed. R. Civ. P. 37(a)(5)(A); *Wyle v.*

20  *R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 591 (9th Cir. 1983); *Ins. Corp. of Ir., Ltd. v.*

21  *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707-08 (1982).

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**V.      CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of issues before the Court.

It is therefore ordered that Plaintiffs' objection (ECF No. 316) is overruled.

It is further ordered that Intervenor Plaintiff Successor Trustee Rebecca Flynn-Williams's objection (ECF No. 313) is overruled.

It is further ordered that Plaintiff Michael Flynn's request to join both objections (ECF No. 315) is denied.

DATED THIS 30th Day of March 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE