UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL J. FLYNN, *et al.*,<br><br>                          Plaintiffs,<br><br>v.<br><br>MICHAEL E. LOVE, *et al.*,<br><br>                          Defendants. | Case No. 3:19-CV-00239-MMD-CLB<br><br>**ORDER AWARDING ATTORNEY'S FEES AND COSTS PURSUANT TO COURT'S ORDER GRANTING SANCTIONS AGAINST PLAINTIFFS (ECF No. 311)**<br><br>[ECF No. 314] |

On February 1, 2023, this Court considered Defendants Michael E. Love, Jacquelyne Love, and Meleco, Inc.'s (collectively referred as to "Defendants") motions to compel and for sanctions against Plaintiffs Michael J. Flynn and Phillip Stillman (collectively referred to as "Plaintiffs"). (ECF No. 311.) The Court ultimately granted the motions, awarded Defendants their reasonable attorney's fees and costs as sanctions for the cost associated with bringing the motions to compel (ECF Nos. 276, 278, 296, 297), and directed Defendants' counsel to submit a memorandum of attorneys' fees and costs. (ECF No. 311.)

Defendants' counsel timely filed their memorandum in support of Defendants' request for attorney's fees and costs. (ECF No. 314.) Plaintiffs filed a response, (ECF No. 327), and Defendants replied, (ECF No. 330). Plaintiffs also filed objections to the Court's order granting the motions to compel and for sanctions, which the District Court overruled. (ECF No. 335.) The Court now considers Defendants' memorandum of attorney's fees and costs. (ECF No. 314.) Defendants seek $69,255.50 in fees and $314.00 in costs in connection with their motions to compel. Defendants also seek $9,327.50 in fees for preparing the memorandum itself.

**I.      DISCUSSION**

Defendants are the prevailing party as the Court granted their motions to compel against each Plaintiff, and the Court determined that sanctions were warranted against

Plaintiffs for their failure to comply with discovery orders. The Court concluded that an award of attorney's fees and costs was proper under the circumstances, and it must now calculate a reasonable fee award.

The lodestar method is the customary method that the Court uses when determining attorneys' fees. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.; see also McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The requesting party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The Court should exclude from the lodestar calculation hours that were not "reasonably expended," including hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). If the Court determines some requested fees should be excluded as unreasonable, the Court may exclude bill entries pursuant to an hour-by-hour analysis. *Gonzalez*, 729 F.3d at 1203.

The lodestar amount is a presumptively reasonable fee. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). Although presumptively reasonable, the Court may adjust the lodestar amount based on the *Kerr* factors to account for factors that have not been subsumed in the lodestar calculation. *Id.* The *Kerr* factors include: (1) the time and labor required, (2) the novelty and the difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and, (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 525 F.2d 67, 70 (9th Cir. 1975). "The number of

hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

Furthermore, Local Rule 54-14(b) requires a party seeking attorneys' fees to include (1) a reasonable itemization and description of the work performed and (2) an itemization of all costs sought to be charged as part of the fee award.

### A. Reasonable Hourly Rate

"The 'prevailing market rates in the relevant legal community' set the reasonable hourly rate for purposes of computing the lodestar amount." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). "Within this geographic community, the district court should 'take into consideration the experience, skill, and reputation of the attorney or paralegal.'" *Id.* (internal quotation marks omitted). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (internal quotation marks omitted).

It is customary for attorneys to bill an hourly rate for legal services provided, and local counsel, Mr. Ferrario attests that his hourly rate is $725, and that attorney Mr. Hicks's hourly rate is $425. *Pro hac* counsel, out of Los Angeles, Mr. Chieffo attests that his hourly rate is $1,270, attorney Ms. Simon's hourly rate is $865, and attorney Ms. Sandu's hourly rate is $665. Mr. Chieffo further attests that paralegal Ms. Drapeau's hourly rate is $515, paralegal Mr. Hulet's hourly rate is $390, and paralegal Ms. Mackey's hourly rate is $350.

The Court, through its own familiarity with the rates in the unofficial northern division of the District of Nevada, finds the requested hourly rates to be high. *See Ingram v. Oroudijan*, 647 F.3d 925, 928 (9th Cir. 2011). In 2011 and 2015, rates of $400 and $450 for lawyers with thirty-plus years of experience were approved in cases in the unofficial northern division of the District of Nevada. *See Doud v. Yellow Cab*, 3:13-cv-00664-WGC; *Van Asdale v. Int'l Game Tech.*, Case No. 3:04-cv-00703-RAM. In the *Doud* case, the Court approved a rate of $350 for an attorney with 20-plus years' experience.

In 2018, the following rates were approved within this district: an hourly rate of $450 per hour for a lawyer with over 30-years of experience; a rate of $375 for an attorney with 19 years of experience; and a rate of $275 for an attorney with 9 years of experience. L*everty & Assoc. v. Exley*, No. 3:17-cv-00175-MMD-WGC, 2018 WL 6728415 (D. Nev. Nov. 5, 2018), report and recommendation adopted in 2019 WL 913096 (D. Nev. Feb. 22, 2019).

Subsequently, the hourly rate of $500 has been approved for attorneys with between 18-30 years of experience. *Newmark Group, Inc. v. Avison Young*, No. 2:15-cv-00531-RFB-EJY, 2022 WL 990640 (D. Nev. Apr. 1, 2022); *Leftenant v. Blackmon*, No. 2:18-cv-01948-EJY, 2022 WL 605344 (D. Nev. Feb. 28, 2022). Rates of $450-$500 per hour have been recently approved for attorneys with 13-21 years of experience. *Newmark Group, Inc. v. Avison Young*, No. 2:15-cv-00531-RFB-EJY, 2022 WL 990640 (D. Nev. Apr. 1, 2022); *Buck v. Lakeview Mediation Solutions*, No. 2:20-cv-00189-GMN-BNW, 2021 WL 5176472, at *6 (D. Nev. Oct. 19, 2021); *McGuire v. Allegro Acceptance Corp.*, No. 2:18-cv-01635-MMD-VCF, 2020 WL 3432533, at *4 (D. Nev. June 22, 2020). The hourly rate of $125 for a paralegal has been approved. *See U.S. Bank, N.A. v. Recovery Services Northwest, Inc.*, 2:13-cv-01254, 2017 WL 901721 at *1 (D. Nev. March 7, 2017) (granting fees at $125 per hour for a paralegal); *Dentino v. Moiharwin Diversified Corp.*, No. 2:16-cv-904, 2017 WL 187146 at *2-3 (D. Nev. Jan. 17, 2017) (granting fees at $350 per hour for a partner, $225 for an associate, and $125 for a paralegal). Additionally, the Court previously awarded attorney's fees in this case and found the following to be reasonable hourly rates for work performed in July 2021: Mr. Ferrario: $550/hour, Mr. Hicks: $300/hour, Mr. Chieffo: $650/hour, Ms. Simon: $300/hour, and Ms. Drapeau: $125/hour. (ECF No. 257 at 5.)

Accordingly, based on the awards previously allowed within this district, in this case, and the Court's familiarity with prevailing rates in this community, the Court finds the following to be reasonable hourly rates:

///

| Name | Hourly Rate | Experience as of 2023 |
|---|---|---|
| Mark Ferrario, Esq. | $550 | 42 years |
| Jason Hicks, Esq. | $300 | 10 years |
| Vincent Chieffo, Esq. | $650 | 52 years |
| Julianna Simon, Esq. | $300 | 8 years |
| Gagan Sandhu, Esq. | $250 | 4 years |
| Caren Drapeau (paralegal) | $125 | 36+ years |
| Marian Mackey (paralegal) | $125 | 15+ years |
| Steve Hulet (paralegal) | $125 | 20+ years |

### B.  Hours Reasonably Expended

The Court next considers the hours expended on the tasks outlined in Mr. Chieffo's declaration. The party seeking an award of fees must submit evidence supporting the hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* The Court should exclude from the initial fee calculation hours that are not reasonably expended. *Id.* at 433-34. The Court may exclude hours that are not reasonable due to overstaffing, duplication of effort, excessiveness, and otherwise unnecessary to the issue. *Id*. at 434. In other words, the Court has discretion to "trim fat" from, or otherwise reduce, the number of hours claimed to have been spent on the case. *Edwards v. Nat'l Business Factors, Inc.*, 897 F.Supp 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

Mr. Chieffo provides the dates that the attorneys and paralegals provided legal services in connection with the two motions to compel and two motions for sanctions, a summary of work performed for each entry, and the time spent on each task. (ECF No. 314-2 at 3-6.) Defendants report spending 75.1 hours in relation to preparing the two motions to compel (against both Stillman and Flynn), and the related motions for

sanctions and assert they are entitled to $69,255.50. (ECF No. 314 at 2.)[1]

Based on the Court's experience, the Court finds 75.1 hours spent on bringing the two motions to compel and two motions for sanctions to be reasonable in amount. Thus, based on this Court's determination of reasonable hourly rates and hours reasonably expended, the following fee computation applies:

| Name | Allowable Hours | Rate | Amount |
|---|---|---|---|
| Mark Ferrario, Esq. | 1.2 | $550 | $660.00 |
| Jason Hicks, Esq. | 5.8 | $300 | $1,740.00 |
| Vincent Chieffo, Esq. | 15.1 | $650 | $9,815.00 |
| Julianna Simon, Esq. | 35.3 | $300 | $10,590.00 |
| Gagan Sandhu, Esq. | 6.5 | $250 | $1,625.00 |
| Caren Drapeau (paralegal) | 5.8 | $125 | $725.00 |
| Marian Mackey (paralegal) | 1.0 | $125 | $125.00 |
| Steve Hulet (paralegal) | 4.4 | $125 | $550.00 |
| **TOTAL:** | 75.1 | | $25,830.00 |

C.   *Kerr*/LR 54-14 Factors

Having considered the hourly rate and the legal services itemized in Mr. Chieffo's declaration, the Court must decide whether to increase or reduce the lodestar amount based upon the *Kerr* factors not already included in the initial lodestar calculation. *Fischer*, 214 F.3d 1115, 1119. The *Kerr* factors are also incorporated into Local Rule 54-14. The Court has considered all of the relevant factors and finds that no other *Kerr* factors warrant enhancement or reduction of the fees. Therefore, based on the discussion above, Defendants are entitled to recover $25,830.00 in attorney's fees.

---

[1] Defendants also assert they are entitled to $9,327.50 in fees for preparing the instant memorandum. However, the Court limited the sanctions award for the fees and cost associated with bringing their motions to compel, not for preparing the memorandum itself. Additionally, Defendants do not provide a declaration detailing the hours spent. Thus, this request is denied, as it is outside the scope of the Court's intended sanction. Further, the Court previously declined to award fees for preparing the attorney's fees memorandum. (ECF No. 257.) Thus, Defendants should refrain from this type of request in the future.

### D. Costs

Finally, as to costs, Defendants request $314.00 in costs associated with messenger/courier services and legal research fees. (ECF No. 314 at 9; ECF No. 314-2 at 8.) Defendants have not provided any documentation to show the expense incurred was reasonable and necessary. Accordingly, the Court in its wide discretion, declines to award costs in this instance. *See, e.g., Cadle Co. v. Woods & Erickson, LP*, 345 P.3d 1049, 1054 (Nev. 2015) (the determination of costs to be awarded is entrusted to the wide discretion of the trial court).

## II. CONCLUSION

**IT IS ORDERED** that Defendants are awarded the sum of $25,830.00 in attorney's fees payable to Defendants' counsel within **60 days** of the date of this order.

**IT IS SO ORDERED.**

DATED: April 5, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**