**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| MICHAEL J. FLYNN, *et al.*, | Case No. 3:19-CV-00239-MMD-CLB |
| Plaintiffs, | **ORDER AWARDING ATTORNEY'S FEES AND COSTS PURSUANT TO COURT'S ORDER GRANTING SANCTIONS AGAINST PLAINTIFFS (ECF No. 331)** |
| v. | |
| MICHAEL E. LOVE, *et al.*, | |
| Defendants. | [ECF No. 334] |

On March 16, 2023, this Court considered Defendants Michael E. Love, Jacquelyne Love, and Meleco, Inc.'s (collectively referred as to "Defendants") motions to compel and for sanctions against Plaintiffs Michael J. Flynn ("Flynn"). (ECF No. 331.) The Court ultimately granted the motions, awarded Defendants their reasonable attorney's fees and costs as sanctions for the cost associated with bringing the motion to compel (ECF Nos. 308, 309), and directed Defendants' counsel to submit a memorandum of attorneys' fees and costs. (ECF No. 331.)

Defendants' counsel timely filed their memorandum in support of Defendants' request for attorney's fees and costs. (ECF No. 334.) Despite being given two separate opportunities to respond, Flynn's objections were stricken as improperly filed, (*See* ECF Nos. 342, 343, 344, 346). The Court now considers Defendants' memorandum of attorney's fees and costs. (ECF No. 334.) Defendants seek $32,573.43 in fees in connection with the motion to compel. Defendants also seek $5,866.00 in fees for preparing the memorandum itself.

I. **DISCUSSION**

Defendants are the prevailing party as the Court granted their motion to compel against Flynn, and the Court determined that sanctions were warranted against Flynn for his failure to comply with discovery orders and obligations. The Court concluded that an award of attorney's fees and costs was proper under the circumstances, and it must now

1   calculate a reasonable fee award.

2   The lodestar method is the customary method that the Court uses when

3   determining attorneys' fees. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.

4   1996). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party

5   reasonably expended on the litigation by a reasonable hourly rate." *Id.; see also McGrath*

6   *v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The requesting party "has the

7   burden of submitting billing records to establish that the number of hours it has requested

8   are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The

9   Court should exclude from the lodestar calculation hours that were not "reasonably

10  expended," including hours that are "excessive, redundant, or otherwise unnecessary."

11  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Ballen v. City of Redmond*, 466

12  F.3d 736, 746 (9th Cir. 2006). If the Court determines some requested fees should be

13  excluded as unreasonable, the Court may exclude bill entries pursuant to an hour-by-

14  hour analysis. *Gonzalez*, 729 F.3d at 1203.

15  The lodestar amount is a presumptively reasonable fee. *Camacho v. Bridgeport*

16  *Financial, Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). Although presumptively reasonable,

17  the Court may adjust the lodestar amount based on the *Kerr* factors to account for factors

18  that have not been subsumed in the lodestar calculation. *Id.* The *Kerr* factors include: (1)

19  the time and labor required, (2) the novelty and the difficulty of the questions involved, (3)

20  the skill required to perform the legal service properly, (4) the preclusion of other

21  employment by the attorney due to the acceptance of the case, (5) the customary fee, (6)

22  whether the fee is fixed or contingent, (7) time limitations imposed by the client or

23  circumstances, (8) the amount involved and the results obtained, (9) the experience,

24  reputation, and ability of the attorney, (10) the "undesirability" of the case, (11) the nature

25  and length of the professional relationship with the client, and, (12) awards in similar

26  cases. *Kerr v. Screen Extras Guild, Inc.*, 525 F.2d 67, 70 (9th Cir. 1975). "The number of

27  hours to be compensated is calculated by considering whether, in light of the

28  circumstances, the time could reasonably have been billed to a private client." *Moreno v.*

2

1    *City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

2         Furthermore, Local Rule 54-14(b) requires a party seeking attorneys' fees to

3    include (1) a reasonable itemization and description of the work performed and (2) an

4    itemization of all costs sought to be charged as part of the fee award.

5         **A.    Reasonable Hourly Rate**

6         "The 'prevailing market rates in the relevant legal community' set

7    the reasonable hourly rate for purposes of computing the lodestar amount." *Gonzalez v.*

8    *City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). "Within this geographic

9    community, the district court should 'take into consideration the experience, skill, and

10   reputation of the attorney or paralegal.'" *Id.* (internal quotation marks omitted). "Generally,

11   when determining a reasonable hourly rate, the relevant community is the forum in which

12   the district court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir.

13   2010) (internal quotation marks omitted).

14        It is customary for attorneys to bill an hourly rate for legal services provided, and

15   local counsel, Mr. Ferrario attests that his hourly rate is $725, and that attorney Mr. Hicks's

16   hourly rate is $425. *Pro hac* counsel, out of Los Angeles, Mr. Chieffo attests that his hourly

17   rate is $1,270, attorney Ms. Simon's hourly rate is $865, and attorney Ms. Sandu's hourly

18   rate is $665. Mr. Chieffo further attests that paralegal Ms. Drapeau's hourly rate is $515,

19   paralegal Mr. Hulet's hourly rate is $390, and paralegal Ms. Mackey's hourly rate is $350.

20        The Court, through its own familiarity with the rates in the unofficial northern

21   division of the District of Nevada, finds the requested hourly rates to be high. *See Ingram*

22   *v. Oroudijan*, 647 F.3d 925, 928 (9th Cir. 2011). In 2011 and 2015, rates of $400 and

23   $450 for lawyers with thirty-plus years of experience were approved in cases in the

24   unofficial northern division of the District of Nevada. *See Doud v. Yellow Cab*, 3:13-cv-

25   00664-WGC; *Van Asdale v. Int'l Game Tech.*, Case No. 3:04-cv-00703-RAM. In the *Doud*

26   case, the Court approved a rate of $350 for an attorney with 20-plus years' experience.

27        In 2018, the following rates were approved within this district: an hourly rate of

28   $450 per hour for a lawyer with over 30-years of experience; a rate of $375 for an attorney

with 19 years of experience; and a rate of $275 for an attorney with 9 years of experience. L*everty & Assoc. v. Exley*, No. 3:17-cv-00175-MMD-WGC, 2018 WL 6728415 (D. Nev. Nov. 5, 2018), report and recommendation adopted in 2019 WL 913096 (D. Nev. Feb. 22, 2019).

Subsequently, the hourly rate of $500 has been approved for attorneys with between 18-30 years of experience. *Newmark Group, Inc. v. Avison Young*, No. 2:15-cv-00531-RFB-EJY, 2022 WL 990640 (D. Nev. Apr. 1, 2022); *Leftenant v. Blackmon*, No. 2:18-cv-01948-EJY, 2022 WL 605344 (D. Nev. Feb. 28, 2022). Rates of $450-$500 per hour have been recently approved for attorneys with 13-21 years of experience. *Newmark Group, Inc. v. Avison Young*, No. 2:15-cv-00531-RFB-EJY, 2022 WL 990640 (D. Nev. Apr. 1, 2022); *Buck v. Lakeview Mediation Solutions*, No. 2:20-cv-00189-GMN-BNW, 2021 WL 5176472, at *6 (D. Nev. Oct. 19, 2021); *McGuire v. Allegro Acceptance Corp.*, No. 2:18-cv-01635-MMD-VCF, 2020 WL 3432533, at *4 (D. Nev. June 22, 2020). The hourly rate of $125 for a paralegal has been approved. *See U.S. Bank, N.A. v. Recovery Services Northwest, Inc.*, 2:13-cv-01254, 2017 WL 901721 at *1 (D. Nev. March 7, 2017) (granting fees at $125 per hour for a paralegal); *Dentino v. Moiharwin Diversified Corp.*, No. 2:16-cv-904, 2017 WL 187146 at *2-3 (D. Nev. Jan. 17, 2017) (granting fees at $350 per hour for a partner, $225 for an associate, and $125 for a paralegal). Additionally, the Court previously awarded attorney's fees on two separate occasions in this case and found the following to be reasonable hourly rates: Mr. Hicks: $300/hour, Mr. Chieffo: $650/hour, Ms. Simon: $300/hour, and Ms. Drapeau: $125/hour. (ECF No. 257 at 5; ECF No. 337 at 5.)

Accordingly, based on the awards previously allowed within this district, in this case, and the Court's familiarity with prevailing rates in this community, the Court finds the following to be reasonable hourly rates:

| Name | Hourly Rate | Experience as of 2023 |
|---|---|---|
| Jason Hicks, Esq. | $300 | 10 years |
| Vincent Chieffo, Esq. | $650 | 52 years |

| Julianna Simon, Esq. | $300 | 8 years |
|---|---|---|
| Caren Drapeau (paralegal) | $125 | 36+ years |
| Desiree Allen-Maye (paralegal) | $125 | 28+ years |
| Huong On-Robinson (litigation support) | $125 | 20 years |

### B.    Hours Reasonably Expended

The Court next considers the hours expended on the tasks outlined in Mr. Chieffo's declaration. The party seeking an award of fees must submit evidence supporting the hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* The Court should exclude from the initial fee calculation hours that are not reasonably expended. *Id.* at 433-34. The Court may exclude hours that are not reasonable due to overstaffing, duplication of effort, excessiveness, and otherwise unnecessary to the issue. *Id.* at 434. In other words, the Court has discretion to "trim fat" from, or otherwise reduce, the number of hours claimed to have been spent on the case. *Edwards v. Nat'l Business Factors, Inc.*, 897 F.Supp 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

Mr. Chieffo provides the dates that the attorneys and paralegals provided legal services in connection with the motion to compel and motion for sanctions, a summary of work performed for each entry, and the time spent on each task. (ECF No. 334-2 at 4-5.) Defendants report spending 41.5 hours in relation to preparing the motion to compel and the related motion for sanctions and assert they are entitled to $32.573.43. (ECF No. 334 at 2.)[1]

---

[1]    Defendants also assert they are entitled to $5,866.00 in fees for preparing the instant memorandum. However, the Court limited the sanctions award for the fees and cost associated with bringing their motions to compel, not for preparing the memorandum itself. Additionally, Defendants do not provide a declaration detailing the hours spent. Thus, this request is denied, as it is outside the scope of the Court's intended sanction. Further, the Court previously declined to award fees for preparing the attorney's fees memorandum. (ECF Nos. 257, 337.) Thus, Defendants should refrain from this type of request in the future.

Based on the Court's experience, the Court finds 41.5 hours spent on bringing the two motions to compel and two motions for sanctions to be reasonable in amount. Thus, based on this Court's determination of reasonable hourly rates and hours reasonably expended, the following fee computation applies:

| Name | Allowable Hours | Rate | Amount |
|------|-----------------|------|--------|
| Jason Hicks, Esq. | 1.5 | $300 | $450.00 |
| Vincent Chieffo, Esq. | 5.8 | $650 | $3,770.00 |
| Julianna Simon, Esq. | 21.6 | $300 | $6,480.00 |
| Caren Drapeau (paralegal) | 3.2 | $125 | $400.00 |
| Desiree Allen-Maye (paralegal) | 8.9 | $125 | $1,112.50 |
| Huong On-Robinson (litigation support) | 0.5 | $125 | $62.50 |
| **TOTAL:** | 41.5 | | $12,275.00 |

### C.   *Kerr*/LR 54-14 Factors

Having considered the hourly rate and the legal services itemized in Mr. Chieffo's declaration, the Court must decide whether to increase or reduce the lodestar amount based upon the *Kerr* factors not already included in the initial lodestar calculation. *Fischer*, 214 F.3d 1115, 1119. The *Kerr* factors are also incorporated into Local Rule 54-14. The Court has considered all of the relevant factors and finds that no other *Kerr* factors warrant enhancement or reduction of the fees. Therefore, based on the discussion above, Defendants are entitled to recover $12,275.00 in attorney's fees.

## II.   CONCLUSION

**IT IS ORDERED** that Defendants are awarded the sum of $12,275.00 in attorney's fees payable to Defendants' counsel within **60 days** of the date of this order.

**IT IS SO ORDERED.**

**DATED**: April 25, 2023         .

**UNITED STATES MAGISTRATE JUDGE**