UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL J. FLYNN, *et al.*, | Case No. 3:19-cv-00239-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| MICHAEL E. LOVE, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiffs and attorneys Michael J. Flynn and Philip Stillman[1] ("Plaintiffs") bring this breach of contract action against their former clients—Defendants Michael E. Love (both individually and as trustee of the Michael Love Family Trust ("Love")), his wife Jacquelyne Love, and Meleco, Inc. ("Defendants")—after Love allegedly stopped paying Plaintiffs their attorney's fees in 2017. Numerous discovery disputes and consequent delays—often the result of Plaintiffs' misconduct—have drawn out this litigation for over four years. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 348), recommending that the Court grant in part Defendants' motion for evidentiary sanctions against Plaintiffs and Intervenor Rebecca Flynn-Williams, as successor trustee of the Laima Flynn Trust ("Trust") (ECF No. 287 ("Motion").) Plaintiff had until May 9, 2023, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R in full and will grant in part Defendants' Motion.

Because there is no objection, the Court need not conduct *de novo* review; it is satisfied Judge Baldwin did not clearly err. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985);

---

[1] Plaintiffs are both attorneys licensed in Massachusetts. (ECF No. 121 at 2.) Plaintiffs are representing themselves. The Court notes that Plaintiffs Sheridan and Tabb's claims against Defendants were previously dismissed without prejudice. (ECF No. 22.)

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003); Fed. R. Civ. P. 72, Advisory Committee Notes (1983).

Here, in light of Plaintiffs' "sloppy record keeping" and "gross mismanagement" of three contracts underlying all of Plaintiffs' claims, among other factors, Judge Baldwin found that Defendants established that Plaintiffs had despoiled evidence, and that sanctions are thus warranted. (ECF No. 348 at 8-13.) *See also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (recognizing "two sources of authority under which a district court can sanction a party who has despoiled evidence": (1) sanctions under Federal Rule of Civil Procedure 37 for a party's failure to obey a court's discovery order and (2) the "inherent power of federal courts to levy sanctions in response to abusive litigation practices"); *U.S. v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (defining spoliation as requiring "some notice that the documents were potentially relevant to the litigation before they were destroyed") (quotations and citation omitted); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 888 F. Supp. 2d 976, 989-90 (N.D. Cal. 2012) (recognizing a widely adopted three-part test to determine whether spoliation sanctions are warranted).

As an appropriate sanction, Judge Baldwin recommends "the least harsh adverse jury instruction"—as opposed to dismissal of claims or exclusion of evidence, as Defendants request—because "Plaintiffs do not appear to have *intentionally* destroyed the documents." (*Id.* at 13 (emphasis in original).) *See also Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) ("[A] trial court also has the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior.") (citing *Akiona v. United States*, 938 F.2d 158, 160-61 (9th Cir. 1991)). Moreover, awarding an adverse inference sanction sufficiently helps to "deter future spoliation," "place the risk of an erroneous judgment on Plaintiffs," and "restore Defendants to the same position they would have been in, absent the wrongful loss of evidence." (*Id.*)

///

///

The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 348) is accepted and adopted in full.

It is further ordered that Defendants' motion for evidentiary sanctions (ECF No. 287) is granted in part. The Court will give an adverse inference jury instruction at trial.

DATED THIS 18th Day of May 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE